| | | |
|---|---|---|
| **BIANCA CLAYBORNE,** | ) | |
| **individually and as parent and next** | ) | |
| **Friend of minors J.C., D.W., L.W.,** | ) | |
| **A.C., and P.C.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:24-cv-00012** |
| | ) | **Jury Demanded** |
| **RUBEN BASALDUA, in his individual** | ) | |
| **capacity, DONNIE CLARK, in his** | ) | |
| **individual capacity, DOUGLAS FOSTER,** | ) | |
| **in his individual capacity, JAMES** | ) | |
| **THOMPSON, in his individual capacity,** | ) | |
| **KATLYN PELHAM, in her individual** | ) | |
| **capacity, MONTANA MEDINA, in her** | ) | |
| **individual capacity, ERICA** | ) | |
| **WRIGHT-GILLIAM, in her individual** | ) | |
| **capacity, COFFEE COUNTY,** | ) | |
| **TENNESSEE, a political subdivision** | ) | |
| **acting by and through the Coffee County** | ) | |
| **Sheriff's Department, OFFICER** | ) | |
| **CRABTREE F/N/U, in his individual** | ) | |
| **capacity, and COFFEE COUNTY** | ) | |
| **SHERIFF'S DEPARTMENT JOHN** | ) | |
| **DOES 1-10, in their respective individual** | ) | |
| **capacities,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## ANSWER TO COMPLAINT BY DEEFENDANTS RUBEN BASALDUA, DONNIE CLARK, DOUGLAS FOSTER, AND JAMES THOMPSON

Defendants Ruben Basaldua, Donnie Clark, Douglas Foster, and James Thompson, hereinafter the "THP Defendants", Answer the Complaint as follows:

### <u>INTRODUCTION</u>

1.     Admitted upon information and belief that Bianca Clayborne is a Georgia resident.  The THP Defendants are without knowledge or information sufficient to either admit or deny the remainder of the allegations in this paragraph.

2.     Admitted that the vehicle that Plaintiffs were traveling in was pulled over and that Bianca Clayborne was cited for simple possession of a small amount of marijuana.  The remainder of the allegations in this paragraph are denied.

3.     The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

4.     The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

5.     Denied as to the THP Defendants.

6.     Denied that any actions of the THP Defendants violated Plaintiffs' rights or are the legal cause of any harm to the Plaintiffs.

## PARTIES

7.     Admitted upon information and belief.

8.     Admitted upon information and belief.

9.     The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

10.    The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

11.    Admitted.

12.    Admitted.

13.    Admitted.

14.    Admitted.

15.    Admitted.

16.    The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

17.    The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

18.    The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

19.    Admitted.

20.    Admitted.

21.    The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

22.    The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

## JURISDICTION AND VENUE

23.    Denied that any actions of the THP Defendants violated Plaintiffs' rights or are the legal cause of any harm to the Plaintiffs.  Admitted that this Court has jurisdiction.

24.    Admitted.

## FACTS

25.    The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

26.    The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

27.     The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

28.     Admitted that Plaintiffs travelled through Tennessee on February 17, 2023.

29.     The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

30.     The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

31.     Admitted.

32.     Admitted.

33.     The THP Defendants are without knowledge or information sufficient to either admit or deny that Williams was getting off the interstate at Exit 114; the remainder of the allegations contained in this paragraph are admitted.

34.     Admitted that it was a cold morning.  The THP Defendants are without knowledge or information sufficient to either admit or deny the exact temperature or wind conditions.

35.     The THP Defendants are without knowledge or information sufficient to either admit or deny that the family waited calmly; the remainder of the allegations contained in this paragraph are admitted.

36.     Denied.

37.     Admitted.

38.     Denied.

39.     Admitted that the THP Defendants searched the vehicle and its contents and asked Clayborne and Williams questions; the remainder of the allegations contained in this paragraph are denied.

40.     Admitted.

41.     Denied that the stop was prolonged and denied that the children were shuffled back and forth between the car and the gas station. The THP Defendants are without knowledge or information sufficient to either admit or deny the remainder of the allegations contained in this paragraph.

42.     The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

43.     Denied.

44.     Denied.

45.     Admitted.

46.     Denied.

47.     Denied.

48.     Denied that the Troopers did not explain the arrests to Williams and Clayborne; the remainder of the allegations contained in this paragraph are admitted.

49.     Admitted.

50.     Admitted.

51.     Admitted.

52.     Admitted.

53.     Admitted that Defendant Clark told Clayborne, "it's already past that." The remaining allegations contained in this paragraph, including the interpretation of Defendant Clark's comment, are denied.

54.     Admitted.

55.     Admitted that Clayborne continued to beg and plead with Trooper Clark; the remainder of the allegations contained in this paragraph are denied.

56.     Admitted.

57.     The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

58.     Admitted that one of the children got into the passenger seat, wrapped his arms around Clayborne's neck and said "Can my mom not be arrest[ed], can my dad come, please, I want my…, can you get me my dad". The THP Defendants are without knowledge or information sufficient to either admit or deny which child made the statement.

59.     Admitted.

60.     Admitted that one of the children asked for his daddy and asked if his dad could come. The THP Defendants are without knowledge or information sufficient to either admit or deny which child made the statement.

61.     Admitted.

62.     Admitted that one of the children said, "I don't want to go," and asked, "how are we going to eat?" The remainder of the allegations contained in this paragraph are denied.

63.     Admitted that Trooper Thompson assisted Foster and Clark with the detention of Clayborne. The remainder of the allegations contained in this paragraph are denied.

64.     Admitted.

65.     Admitted.

66.     Admitted that Defendant Basaldua told Williams that both he and Clayborne were going to jail.

67.     Admitted.

68. Admitted.

69. Denied as stated. Admitted that Williams asked if they needed to get his mother or Clayborne's mother to come and get the kids.

70. Denied as stated. Admitted that Defendant Basaldua told Williams to "hang tight and we'll see," and Basaldua did not let Williams make a call.

71. The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

72. Denied as stated. Admitted that Williams asked if they could get a sergeant or supervisor out there and the THP Defendants did not request for a supervisor to come.

73. Admitted.

74. Denied that the Troopers removed the children from the car; the remainder of the allegations contained in this paragraph are admitted.

75. Admitted.

76. Denied that the search of the car was an "additional search." The remainder of the allegations contained in this paragraph are admitted.

77. Admitted.

78. Admitted that after Trooper Basaldua issued Clayborne the citation, she and her children were free to leave.

79. Denied.

80. Denied.

81. Denied as stated. Admitted that Defendant Foster told Defendant Clark that their policy says that whenever you have criminal charges on the parents like that and there are kids in the car or involved, you have to contact DCS.

82. Admitted that Clayborne and her children were free to leave after she received her citation. Denied that the Troopers kept her in custody.

83. Denied that the Troopers continued to detain Clayborne and her children after Clayborne received her citation.

84. Admitted.

85. Denied that Defendant Basaldua told Williams that he could "get the kids in DCS." Admitted that Defendant Basaldua told Williams to be quiet and that he needed to be quiet.

86. Denied.

87. Denied that the Troopers loaded the children and their car seats into the car; the remainder of the allegations contained in this paragraph are admitted.

88. Admitted that Trooper Clark told Clayborne to follow him to the jail so she would know where Williams was. The remainder of the allegations contained in this paragraph are denied.

89. Admitted that there were four patrol vehicles present at the gas station along with four troopers. The remainder of the allegations contained in this paragraph are denied. Specifically denied that the vehicles were parked in any manner that would prevent Clayborne from leaving.

90. Admitted that one vehicle kept its blue lights activated throughout the encounter.

91. Admitted.

92. Denied.

93. Admitted.

94. Admitted that Trooper Clark told Clayborne that she could park in the parking spot next to him. The remainder of the allegations contained in this paragraph are denied.

95. Admitted that Clayborne parked next to Trooper Clark; the remainder of the allegations contained in this paragraph are denied.

96. Denied as stated. Admitted that Trooper Clark told Clayborne that he wanted to get a couple of pictures of her car and told her to just leave it running.

97. Admitted.

98. Denied that Clayborne was in custody. Admitted that Clayborne asked Trooper Clark if she was going to jail. The THP Defendants are without knowledge or information sufficient to either admit or deny the remaining allegations contained in this paragraph.

99. Admitted.

100. Denied.

101. Admitted that Trooper Clark spoke with two individuals with DCS. The THP Defendants are without knowledge or information sufficient to either admit or deny that these individuals were Defendants Pelham and Medina.

102. Admitted that Trooper Clark told the two individuals from DCS that there had been an "adjustment to our plan." Defendants are without knowledge or information sufficient to either admit or deny that these individuals were Defendants Pelham and Medina.

103. Admitted that Trooper Clark told the two individuals from DCS that they were "going to write her a misdemeanor citation for the possession of marijuana." Defendants are without knowledge or information sufficient to either admit or deny that these individuals were Defendants Pelham and Medina.

104. Denied as stated. Admitted that Trooper Clark told two individuals from DCS that they were giving Clayborne a misdemeanor citation for marijuana and going to let her go so that they didn't have to separate her and the kids, that she seemed like a good mother, that there were no problems with neglect, and that it would be best for everyone involved for Clayborn to stay with the kids and not be booked in. Defendants are without knowledge or information sufficient to either admit or deny that these individuals were Defendants Pelham and Medina.

105. Admitted that Defendant Clark told the two individuals from DCS that "the kids are fine, as far as being cared for."

106. Denied.

107. Admitted.

108. Admitted that the Troopers then left. The remainder of the allegations contained in this paragraph are denied.

109. Admitted that as the THP Defendants left, individuals from DCS approached Clayborne's vehicle. The THP Defendants are without knowledge or information sufficient to either admit or deny the remaining allegations contained in this paragraph.

110. The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

111. The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

112. The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

113.    The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

114.    The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

115.    The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

116.    The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

117.    The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

118.    The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

119.    The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

120.    The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

121.    The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

122.    The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

123.    Admitted that Clayborne was given a citation in lieu of arrest, told she was not under arrest, and told by the THP Defendants that they did not want her to be separated from her children.  The remainder of the allegations contained in this paragraph are denied.

124. The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

125. The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

126. The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

127. The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

128. The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

129. The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

130. The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

131. The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

132. The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

133. The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

134. The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

135. The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

136. The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

137. The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

138. The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

139. The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

140. The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

141. The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

142. The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

143. The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

144. The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

145. The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

146.    The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

147.    The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

148.    The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

149.    The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

150.    The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

151.    The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

152.    The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

153.    The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

154.    The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

155.    The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

156.    The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

157. The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

158. The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

159. The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

160. The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

161. The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

162. The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

163. The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

164. The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

165. The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

166. The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

167. The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

168. Admitted.

169. The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

170. The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

171. The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

172. The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

173. The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

174. The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

175. The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

176. The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

177. The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

178. The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

179. The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

180.    The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

181.    The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

182.    The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

183.    The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

184.    The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

185.    The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

186.    The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

187.    The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

188.    The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

189.    The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

190.    The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

191. The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

192. The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

193. The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

194. The THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

## CLAIMS FOR RELIEF

### COUNT I
### Violation of the Fourth Amendment
### *By All Plaintiffs Against the THP Trooper Defendants*

195. The THP Defendants incorporate their preceding responses as if fully set forth herein.

196. This paragraph contains legal conclusions that cannot be admitted or denied. To the extent that a response is required by the THP Defendants, the allegations contained in this paragraph are denied.

197. This paragraph contains legal conclusions that cannot be admitted or denied. To the extent that a response is required by the THP Defendants, the allegations contained in this paragraph are denied.

198. This paragraph contains legal conclusions that cannot be admitted or denied. To the extent that a response is required by the THP Defendants, the allegations contained in this paragraph are denied.

199. Admitted that once Clayborne received her citation, she and her children were free to leave.

200. Denied.

201. Denied.

202. Admitted that two vehicles had their blue lights activated during the traffic stop. The remainder of the allegations contained in this paragraph are denied. Specifically denied that the vehicles were parked in any manner that would prevent Clayborne from leaving and that they told her she "had to" come with them to the jail.

203. Denied.

204. Denied. Specifically denied that there was any show of force or a caravan escorting Clayborne to the jail.

205. Denied.

206. Denied. Specifically denied that there was any seizure.

207. Denied that the THP Defendants held Clayborne and her children after she received her citation.

208. Denied.

209. Denied.

210. Denied.

## COUNT II
## False Arrest/False Imprisonment
### By All Plaintiffs Against the THP Trooper Defendants

211. The THP Defendants incorporate their preceding responses as if fully set forth herein.

212. This paragraph contains legal conclusions that cannot be admitted or denied. To the extent that a response is required by the THP Defendants, the allegations contained in this paragraph are denied.

213. Denied.

214. Admitted that once Clayborne received her citation, she and her children were free to leave.

215. Denied.

216. Denied.

217. Admitted that two vehicles had their blue lights activated during the traffic stop. The remainder of the allegations contained in this paragraph are denied. Specifically denied that the vehicles were parked in any manner that would prevent Clayborne from leaving.

218. Denied.

219. Denied. Specifically denied that there was any show of force or a caravan escorting Clayborne to the jail.

220. Denied.

221. Denied. Specifically denied that there was a seizure.

222. Denied that the THP Defendants held Clayborne and her children after she received her citation.

223. Denied.

224. Denied.

225. Denied.

**COUNT III**
**<u>Violation of the Fourth Amendment</u>**
*By All Plaintiffs Against the DCS Defendants, Officer Crabtree, and John Doe Coffee County Deputies*

226.-247. These paragraphs contain no allegations against the THP Defendants to which a response is required. To the extent a response is required from these Defendants, it is admitted that Clayborne was cited for simple possession of a small amount of marijuana

on February 17, 2023, and was not charged with any other crime. It is further admitted

that once Clayborne received her citation, she and her children were free to leave. The

THP Defendants are without knowledge or information sufficient to either admit or

deny the remaining allegations contained in these paragraphs.

## COUNT IV
### False Arrest/False Imprisonment
***By All Plaintiffs Against the DCS Defendants, Officer Crabtree, and John Doe Coffee
County Deputies***

248.-270. These paragraphs contain no allegations against the THP Defendants to which a

response is required. To the extent a response is required from these Defendants, it is

admitted that Clayborne was cited for simple possession of a small amount of marijuana

on and was not charged with any other crime. It is further admitted that once Clayborne

received her citation, she and her children were free to leave. The THP Defendants are

without knowledge or information sufficient to either admit or deny the remaining

allegations contained in these paragraphs.

## COUNT V
### Violation of the Fourth Amendment
***By Clayborne Against DCS Defendants Pelham, Medina, and Wright-Gilliam***

271.-280. These paragraphs contain no allegations against the THP Defendants to which a

response is required. To the extent a response is required from these Defendants, these

Defendants are without knowledge or information sufficient to either admit or deny the

allegations contained in these paragraphs.

## COUNT VI
### Substantive Due Process Under the Fourteenth Amendment
***By All Plaintiffs Against All Defendants***

281. The THP Defendants incorporate their preceding responses as if fully set forth herein.

282. This paragraph contains legal conclusions that cannot be admitted or denied. To the extent that a response is required by the THP Defendants, the allegations contained in this paragraph are denied.

283. Denied as to the THP Defendants.

284. Denied.

285. This paragraph contains no allegations against the THP Defendants to which a response is required. To the extent a response is required from these Defendants, the THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

286. This paragraph contains no allegations against the THP Defendants to which a response is required. To the extent a response is required from these Defendants, the THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

287. Denied as to the THP Defendants.

288. Denied as to the THP Defendants.

289. Denied as to the THP Defendants.

290. Denied as to the THP Defendants.

## COUNT VII
### Monell Claim Against Defendant Coffee County Under § 1983
*By All Plaintiffs Against Coffee County*

291.-302. These paragraphs contain no allegations against the THP Defendants to which a response is required. To the extent a response is required from these Defendants, the THP Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in these paragraphs.

## COUNT VIII
## Procedural Due Process Under the Fourteenth Amendment
### *By All Plaintiffs Against the DCS Defendants*

303.-323.  These paragraphs contain no allegations against the THP Defendants to which a

response is required.  To the extent a response is required from these Defendants, it is

denied that the Troopers in any way forced Clayborne to drive to the jail.  It is admitted

that Trooper Clark told two individuals from DCS that they were giving Clayborne a

misdemeanor citation for marijuana and going to let her go so they didn't have to

separate her and the kids, that she seemed like a good mother, that there were no

problems with neglect, and that it would be best for everyone involved for Clayborn to

stay with the kids and not be booked in.   The THP Defendants are without knowledge

or information sufficient to either admit or deny the remaining allegations contained in

these paragraphs.

## RELIEF REQUESTED

The THP Defendants deny that Plaintiffs are entitled to any of the relief listed in paragraphs

A-G.  Admitted that Plaintiffs demand a jury trial on all issues other than the issue of

attorney's fees and costs.

## AFFIRMATIVE DEFENSES

Wherefore, having fully answered the allegations of the Complaint, the THP Defendants

raise the following affirmative defenses:

1. No act or omission by any of THP Defendants Basaldua, Clark, Foster, and Thompson

   deprived Plaintiffs of their constitutional rights or amounted to false arrest/false

   imprisonment under Tennessee law; and

2. THP Defendants Basaldua, Clark, Foster, and Thompson are entitled to qualified

immunity.

**REQUEST FOR RELIEF**

1. This Court dismiss all claims against THP Defendants Basaldua, Clark, Foster, and

    Thompson.

2. This Court award the THP Defendants attorneys' fees and costs pursuant to 42 U.S.C.

    § 1988 and/or Tenn. Code Ann. § 29-20-113.

3. Pursuant to Fed. R. Civ. P. Rule 38, the THP Defendants demand a jury trial.


Respectfully submitted,


JONATHAN SKRMETTI
Attorney General and Reporter

s/ Meghan Murphy
MEGHAN MURPHY, BPR #34061
Senior Assistant Attorney General
PEAKO JENKINS, BPR #32190
Assistant Attorney General
P.O. Box 20207
Nashville, Tennessee 37202-0207
Office: 615-253-3890
Fax: 615-532-2541
meghan.murphy@ag.tn.gov
peako.jenkins@ag.tn.gov

## CERTIFICATE OF SERVICE

I certify a true and exact copy of the foregoing has been forwarded via the Court's electronic filing system on **March 28, 2024**, to the following:

TRICIA R. HERZFELD
ANTHONY A. ORLANDI
Herzfeld Suetholz Gastel Leniski and Wall, PLLC
223 Rosa L. Parks Avenue, Suite 300
Nashville, TN 37203
*Attorneys for Plaintiff*

ABBY R. RUBENFELD
Rubenfeld Law Office, PC
202 South Eleventh Street
Nashville, TN 37206
*Attorney for Plaintiff*

JEFFREY R. THOMPSON
GINA S. VOGEL
Lewis Thomason, P.C.
900 S. Gay Street, Suite 300
P.O. Box 2425
Knoxville, TN 37901-2425
*Attorneys for THP Defendants Coffee County,*
*Tennessee and Officer Crabtree*

JORDAN K. CREWS
KATHERINE ADAMS
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202-0207
*Attorneys for Defendants Katlyn Pelham,*
*Montana Medina, and Erica Wright-Gilliam*

s/ Meghan Murphy
MEGHAN MURPHY
Senior Assistant Attorney General
