IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| BIANCA CLAYBORNE, individually and as next friend of J.C., D.W., L.W., A.C., and P.C., ) ) ) Plaintiff, ) ) v. ) ) RUBEN BASALDUA *et al.*, ) ) Defendants. ) | Case No. 4:24-cv-00012<br><br>**District Judge Corker**<br>**Magistrate Judge Lee** |

### DCS DEFENDANTS' MOTION TO STAY DISCOVERY ON THE CLAIMS ASSERTED AGAINST THEM

Katlyn Taylor (née Pelham), Montana Medina, and Erica Wright-Gilliam (collectively, "DCS Defendants") filed a motion to dismiss on May 20, 2024. (D.E. 33 & 34.) The motion is now fully briefed. (*See* D.E. 40 & 41.) Because the DCS Defendants have asserted qualified immunity from all claims alleged against them, (D.E. 33, at 1; D.E. 34, at 6–20), they respectfully ask this Court to stay discovery on those claims pending the Court's ruling on their motion to dismiss. Counsel for the DCS Defendants certifies that he and Plaintiffs' counsel have conferred in a good-faith attempt to resolve this discovery issue, but no agreement has been reached, necessitating the filing of this motion. *See* Fed. R. Civ. P. 26(c)(1).

### ARGUMENT

Qualified immunity shields government officials not merely from liability, but from suit altogether—including the burdens of discovery. *Myers v. City of Centerville, Ohio*, 41 F.4th 746, 758 (6th Cir. 2022); *Crawford v. Tilley*, 15 F.4th 752, 760 (6th Cir. 2021); *Klein v. Long*, 275 F.3d 544, 550 (6th Cir. 2001). The purpose of the defense "is not only protection from civil damages but protection from the rigors of litigation itself, including the potential disruptiveness of

1

discovery," which can be "particularly disruptive of effective government." *Summers v. Leis*, 368 F.3d 881, 886 (6th Cir. 2004) (collecting numerous Supreme Court cases). The Supreme Court "repeatedly ha[s] stressed the importance of resolving [qualified] immunity questions at the earliest possible stage in litigation," *Hunter v. Bryant*, 502 U.S. 224, 227 (1991), as doing so "is necessary to vindicate [the immunity's] protection against litigation itself," *Kerchen v. Univ. of Mich.*, 100 F.4th 751, 761 (6th Cir. 2024).

The upshot is that qualified-immunity issues should be decided "before burdening potentially immune defendants with discovery." *Toms v. Taft*, 338 F.3d 519, 523 (6th Cir. 2003); *see also In re Flint Water Cases*, 960 F.3d 820, 826 (6th Cir. 2020) (citing *Kennedy v. City of Cleveland*, 797 F.2d 297, 299 (6th Cir. 1986)) ("If the defendant files a motion to dismiss based on qualified immunity, the court must 'stay discovery until that issue is decided.'"); *Criss v. City of Kent*, 867 F.2d 259, 261 (6th Cir. 1988) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)) ("The Supreme Court has clearly stated that discovery in litigation against government officials should be halted until the threshold question of immunity is resolved."). This makes sense, as "[o]ne of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012).

To proceed otherwise and allow discovery while the qualified-immunity issue is pending would be to defeat the immunity's purpose. *See Everson v. Leis*, 556 F.3d 484, 492 (6th Cir. 2009) (proceeding this way would undermine the "goal" and "driving force" of "avoiding unwarranted discovery and other litigation costs"); *Summers*, 368 F.3d at 885–86 (district court's decision that a ruling on "qualified immunity was premature and should await the close of discovery" meant that defendant would "be forced to go through a large part of the litigation process that the qualified immunity doctrine seeks to avoid"). Or, stated differently, "unlock[ing] discovery without

2

answering" the qualified-immunity question first amounts to an "effective[] deni[al]" of the immunity "and is thus immediately appealable." *Myers*, 41 F.4th at 756.

Because the DCS Defendants have moved to dismiss all claims against them on the basis of qualified immunity, (D.E. 33, at 1; D.E. 34, at 6–20), they are entitled to a stay of discovery related to their alleged involvement in the events leading to those claims. The Sixth Circuit's decision in *In re Flint Water Cases*, 960 F.3d 820 (6th Cir. 2020), is instructive on the proper scope of the stay. There, the district court issued a stay "with respect to discovery on claims for which [the defendant officials] continue[d] to litigate the issue of immunity" and subjected the officials to discovery only to the extent that they were "non-party fact witnesses regarding wholly separate claims against other defendants." *Id.* at 824. The Sixth Circuit approved the balance struck by the district court because it "granted the state defendants effective immunity pending the final resolution of their motions to dismiss based on qualified immunity." *Id.* at 826. The district court had "fully take[n] into account the need for a pause in discovery regarding the claim on which [the officials had] assert[ed] qualified immunity," and "ordering [the officials] to comply with discovery requests as non-party fact witnesses to events regarding wholly separate claims against different defendants d[id] not, in the abstract, interfere with their immunity." *Id.* at 830.

Here, then, the Court should stay discovery with respect to the claims from which the DCS Defendants have asserted qualified immunity. And the stay should apply to such discovery regardless of the source from which it is sought, and regardless of whether it might also be relevant to the claims against the other Defendants. To do otherwise—i.e., limiting the stay to discovery that is sought from the DCS Defendants themselves and that is relevant exclusively to the claims against the DCS Defendants—would permit an end-run around the DCS Defendants' right to avoid discovery while the qualified-immunity issue is pending. Permitting *any* discovery related to the claims from which the DCS Defendants have asserted qualified immunity would require "[the

3

DCS Defendants] and their counsel to participate in the [discovery] process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position," and thus "they would not be free from the burdens of discovery." *Ashcroft v. Iqbal*, 556 U.S. 662, 685–86 (2009); *see also, e.g.*, *Tolan v. Cotton*, No. CV H-09-1324, 2010 WL 11468800, at *1–2 (S.D. Tex. Mar. 25, 2010) (quashing third-party subpoenas, finding that "the disputed discovery is burdensome to defendants asserting qualified immunity because the discovery *is of information about those defendants*, and this burden of litigation is of the sort to which the Supreme Court refers" (emphasis added)).

## CONCLUSION

For the reasons stated, the DCS Defendants ask this Court to stay discovery on the claims asserted against them pending the Court's ruling on their motion to dismiss.

Respectfully submitted,

JONATHAN SKRMETTI
Tennessee Attorney General and Reporter

/s/ *Jordan K. Crews*
JORDAN K. CREWS, BPR #34541
Senior Assistant Attorney General
KATHERINE P. ADAMS, BPR #39501
Assistant Attorney General
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202
(615) 532-7913; (615) 532-7259
jordan.crews@ag.tn.gov
katherine.adams@ag.tn.gov
*Attorneys for Katlyn Taylor, Montana Medina, and Erica Wright-Gilliam*

# CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been forwarded via the District Court's electronic filing system, to:

Tricia Herzfeld
Anthony A. Orlandi
Herzfeld, Suetholz, Gastel, Leniski & Wall, PLLC
223 Rosa L. Parks Avenue, Suite 300
Nashville, TN 37203
tricia@hsglawgroup.com
tony@hsglawgroup.com

Abby R. Rubenfeld
Rubenfeld Law Office, PC
202 South Eleventh Street
Nashville, TN 37206
arubenfeld@rubenfeldlaw.com

Meghan Murphy
Senior Assistant Attorney General
Peako Jenkins
Assistant Attorney General
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202
meghan.murphy@ag.tn.gov
peako.jenkins@ag.tn.gov

Jeffrey R. Thompson
Gina Sarli Vogel
Lewis Thomason, P.C.
900 South Gay Street, Suite 300
P.O. Box 2425
Knoxville, TN 37901
jrthompson@lewisthomason.com
gvogel@lewisthomason.com

on this the 21st day of June 2024.

/s/ *Jordan K. Crews*
JORDAN K. CREWS
Senior Assistant Attorney General