**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| **BIANCA CLAYBORNE, individually and as** | ) | **Case No. 4:24-cv-00012** |
| **next friend of J.C., D.W., L.W., A.C., and P.C.,** | ) | |
| | ) | **District Judge Corker** |
| **Plaintiff,** | ) | **Magistrate Judge Lee** |
| | ) | |
| **v.** | ) | **Jury Demanded** |
| | ) | |
| **RUBEN BASALDUA** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

---

### ANSWER OF THE DCS DEFENDANTS

---

Defendants Katlyn Taylor (née Pelham), Montana Medina, and Erica Wright-Gilliam (collectively, "DCS Defendants") state the following for their Answer to Plaintiffs' Complaint:

1.     Admitted upon information and belief that Bianca Clayborne is the mother of five children who were between the ages of 4 months and seven years old on February 17, 2023. Admitted that Plaintiffs were in Coffee County, Tennessee, on February 17, 2023. The DCS Defendants are without sufficient knowledge to admit or deny the remaining allegations in paragraph 1.

2.     Admitted upon information and belief that Plaintiffs were pulled over by law enforcement while travelling through Coffee County, Tennessee, on February 17, 2023. Admitted that it was a cold day. Admitted upon information and belief that Clayborne was cited for simple possession of marijuana. Admitted that DCS workers were at the jail when Tennessee Highway Patrol Troopers, Clayborne, and her children arrived. The DCS Defendants are without sufficient knowledge to admit or deny the remaining allegations in paragraph 2.

1

3.      Admitted that DCS workers spoke to Clayborne, that DCS Defendant Katlyn Taylor asked Clayborne to take a urine drug screen, that a Sheriff's Department officer placed a spike strip behind Clayborne's vehicle, and that the Coffee County Juvenile Court entered an ex parte protective custody order placing the children in state custody. The remainder of paragraph 3 is denied.

4.      The claims to which the allegations in paragraph 4 relate (Counts VI and VIII) have been dismissed as to the DCS Defendants, (*see* D.E. 48, at 5–9), and thus no response is required. To the extent a response is required, the DCS Defendants deny that they "literally ripped the children from Clayborne's arms," deny that they had any involvement in the children's foster-care placements or the length of the children's stay in foster care, and deny that they in any way violated Plaintiffs' rights.

5.      Denied as to the DCS Defendants.

6.      Denied that any actions of the DCS Defendants violated any of Plaintiffs' rights or are the legal cause of any harm to Plaintiffs.

7.      The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 7.

8.      Admitted upon information and belief.

9.      Admitted upon information and belief.

10.     Admitted upon information and belief.

11.     Admitted that Defendant Ruben Basaldua is being sued in his individual capacity. The DCS Defendants are without sufficient knowledge to admit or deny the remaining allegations in paragraph 11.

12. Admitted that Defendant Donnie Clark is being sued in his individual capacity. The DCS Defendants are without sufficient knowledge to admit or deny the remaining allegations in paragraph 12.

13. Admitted that Defendant Douglas Foster is being sued in his individual capacity. The DCS Defendants are without sufficient knowledge to admit or deny the remaining allegations in paragraph 13.

14. Admitted that Defendant James Thompson is being sued in his individual capacity. The DCS Defendants are without sufficient knowledge to admit or deny the remaining allegations in paragraph 14.

15. Paragraph 15 contains no allegations and thus does not warrant a response.

16. Admitted that Defendant Katlyn Taylor (née Pelham) was a DCS Case Manager at the times relevant to the Complaint and that she is being sued in her individual capacity. The remainder of paragraph 16 is denied.

17. Admitted.

18. Admitted that Defendant Erica Wright-Gilliam is a DCS employee and that she is being sued in her individual capacity. The remainder of paragraph 18 is denied.

19. Paragraph 19 contains no allegations and thus does not warrant a response.

20. Admitted.

21. Admitted that Defendant Crabtree is being sued in his individual capacity. Admitted upon information and belief that Defendant Crabtree is an officer of the Coffee County Sheriff's Office.

22. Admitted that John Does 1–10 are being sued in their individual capacities. The DCS Defendants are without sufficient knowledge to admit or deny the remaining allegations in paragraph 22.

23.     Admitted that jurisdiction is proper in this Court.  Denied that Plaintiffs are entitled to any relief under any legal theory.

24.     Admitted that venue is proper in this Court.  Denied that Plaintiffs are entitled to any relief under any legal theory.

25.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 25.

26.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 26.

27.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 27.

28.     Admitted that Plaintiffs were in Tennessee on February 17, 2023.  The DCS Defendants are without sufficient knowledge to admit or deny the remaining allegations in paragraph 28.

29.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 29.

30.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 30.

31.     Admitted upon information and belief that Plaintiffs were driving through Coffee County, Tennessee, on February 17, 2023.  The DCS Defendants are without sufficient knowledge to admit or deny the remaining allegations in paragraph 31.

32.     Admitted upon information and belief that Plaintiffs were pulled over by law enforcement while driving through Coffee County, Tennessee, on February 17, 2023.  The DCS Defendants are without sufficient knowledge to admit or deny the remaining allegations in paragraph 32.

33.     Admitted upon information and belief that Plaintiffs were pulled over by law enforcement while driving through Coffee County, Tennessee, on February 17, 2023.  The DCS Defendants are without sufficient knowledge to admit or deny the remaining allegations in paragraph 33.

34.     Admitted that it was cold in Coffee County, Tennessee, on February 17, 2023.  The DCS Defendants are without sufficient knowledge to admit or deny the remaining allegations in paragraph 34.

35.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 35.

36.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 36.

37.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 37.

38.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 38.

39.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 39.

40.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 40.

41.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 41.

42.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 42.

43.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 43.

44.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 44.

45.     Admitted upon information and belief that marijuana was discovered in Plaintiffs' vehicle.  The DCS Defendants are without sufficient knowledge to admit or deny the precise amount of marijuana found in the vehicle.

46.     The allegation in paragraph 46 is a legal conclusion that requires no response.  To the extent a response is required, the DCS Defendants are without sufficient knowledge to admit or deny the allegation.

47.     The allegation in paragraph 47 is a legal conclusion that requires no response.  To the extent a response is required, the DCS Defendants are without sufficient knowledge to admit or deny the allegation.

48.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 48.

49.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 49.

50.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 50.

51.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 51.

52.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 52.

53.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 53.

54.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 54.

55.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 55.

56.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 56.

57.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 57.

58.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 58.

59.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 59.

60.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 60.

61.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 61.

62.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 62.

63.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 63.

64.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 64.

65.     Admitted.

66.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 66.

67.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 67.

68.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 68.

69.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 69.

70.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 70.

71.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 71.

72.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 72.

73.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 73.

74.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 74.

75.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 75.

76.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 76.

77.     Admitted upon information and belief that Clayborne was issued a citation, rather than arrested for, simple possession of marijuana. The DCS Defendants are without sufficient knowledge to admit or deny the remaining allegations in paragraph 77.

78.     The allegation in paragraph 78 is a legal conclusion that requires no response. To the extent a response is required, the DCS Defendants are without sufficient knowledge to admit or deny the allegation.

79.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 79.

80.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 80.

81.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 81.

82.     The allegation in paragraph 82 is a legal conclusion that requires no response. To the extent a response is required, the DCS Defendants are without sufficient knowledge to admit or deny the allegation.

83.     The allegation in paragraph 83 is a legal conclusion that requires no response. To the extent a response is required, the DCS Defendants are without sufficient knowledge to admit or deny the allegation.

84.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 84.

85.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 85.

86.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 86.

87.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 87.

88.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 88.

89.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 89.

90.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 90.

91.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 91.

92.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 92.

93.     Admitted that the Troopers, Clayborne, and her children arrived at the jail on February 17, 2023.  The DCS Defendants are without sufficient knowledge to admit or deny the exact time of their arrival.

94.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 94.

95.     Admitted that Clayborne parked the vehicle.  The DCS Defendants are without sufficient knowledge to admit or deny the remaining allegations in paragraph 95.

96.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 96.

97.     Admitted that Clayborne parked the vehicle and left it running.  The DCS Defendants are without sufficient knowledge to admit or deny the remaining allegations in paragraph 97.

98.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 98.

99.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 99.

100.    The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 100.

101.    Denied that Medina was present for this conversation.  The remainder of paragraph 101 is admitted.

102.    Denied that Medina was present for this conversation.  The remainder of paragraph 102 is admitted.

103.    Denied that Medina was present for this conversation.  The remainder of paragraph 103 is admitted.

104.    Admitted that Trooper Clark told Taylor and another DCS employee that Clayborne was going to be cited for simple possession of marijuana and let go so that she and the children were not separated, that it seemed like Clayborne was a good mother, that there were no problems with neglect, and that he thought it would be best for everyone involved for Clayborne to stay with the children and not be booked in.  The remainder of paragraph 104 is denied.

105.    Admitted that Trooper Clark told Taylor and another DCS employee that "the kids are fine, as far as being cared for."  The remainder of paragraph 105 is denied.

106.    Admitted that DCS wished to speak to Clayborne and see the children.  The remainder of paragraph 106 is denied.

107.    Admitted.

108.    Admitted that the Troopers left the parking lot.  The DCS Defendants are without sufficient knowledge to admit or deny the remaining allegations in paragraph 108.

109.     Admitted that Taylor approached Clayborne's vehicle, asked Clayborne for permission to enter the vehicle, entered the vehicle upon receiving Clayborne's permission, and asked Clayborne questions about the referral DCS had received regarding the family.  The remainder of paragraph 109 is denied.

110.     Admitted that Taylor asked Clayborne to take a urine drug screen in the women's restroom in the jail.  The remainder of paragraph 110 is denied.

111.     Admitted.

112.     Denied.

113.     Admitted that Clayborne was in the front seat of the vehicle, that Taylor also was in the vehicle, and that Clayborne pulled down her pants and underwear and appeared to attempt to provide a urine sample.  The remainder of paragraph 113 is denied.

114.     Admitted that the children were moving around.  Denied that the children appeared distressed.  The DCS Defendants are without sufficient knowledge to admit or deny that the children were actually distressed.

115.     Admitted that Clayborne did not provide a urine sample.  The remainder of paragraph 115 is denied.

116.     Denied.

117.     Denied.  Specifically, it is denied that the DCS Defendants detained or seized Clayborne or violated her federal or state rights in any way.

118.     Denied.  Specifically, it is denied that the DCS Defendants demanded Clayborne to take a urine drug screen or violated her federal or state rights in any way.

119.     Admitted that DCS workers continued to speak with Clayborne.  The remainder of paragraph 119 is denied.

120.     Admitted.

121. The DCS Defendants are without sufficient knowledge to admit or deny that Clayborne asked why having relatives in Tennessee would matter. The remainder of paragraph 121 is denied.

122. The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 122.

123. Admitted upon information and belief that Clayborne was given a citation and was not arrested. The DCS Defendants are without sufficient knowledge to admit or deny the remaining allegations in paragraph 123.

124. The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 124.

125. The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 125.

126. Admitted only to the extent that when Taylor informed Clayborne that the children were being removed, it appeared that Clayborne became upset. The remainder of paragraph 126 is denied.

127. Admitted.

128. Admitted that Clayborne locked the doors to her vehicle and remained in the parking lot. The DCS Defendants are without sufficient knowledge to admit or deny the remaining allegations in paragraph 128.

129. Admitted that DCS workers asked the Sheriff's Department for assistance. The remainder of paragraph 129 is denied.

130. Admitted that a Sheriff's Department officer placed a spike strip behind Clayborne's vehicle while the children were in the vehicle. The DCS Defendants are without

sufficient knowledge to admit or deny that Officer Crabtree placed the spike strip behind the vehicle. The DCS Defendants deny that spike strips were placed around the vehicle.

131. Admitted that there were officers in the area. Denied that the officers "surrounded" Clayborne's vehicle.

132. Denied that Williams "was ready to be bonded out." The DCS Defendants are without sufficient knowledge to admit or deny the remaining allegations in paragraph 132.

133. Admitted.

134. Admitted that Clayborne got the children out of the vehicle, entered the jail, and eventually paid Williams' bond. The DCS Defendants are without sufficient knowledge to admit or deny that Clayborne was holding her infant child. Denied that Clayborne had to "guide [the children] over the spike strips."

135. Admitted that Sheriff's Department officers gave Clayborne instructions. Denied that DCS gave Clayborne instructions. The DCS Defendants are without sufficient knowledge to admit or deny the remaining allegations in paragraph 135.

136. Denied.

137. The claims to which the allegations in paragraph 137 relate (Counts VI and VIII) have been dismissed as to the DCS Defendants, (*see* D.E. 48, at 5–9), and thus no response is required.

138. The claims to which the allegations in paragraph 138 relate (Counts VI and VIII) have been dismissed as to the DCS Defendants, (*see* D.E. 48, at 5–9), and thus no response is required.

139. The claims to which the allegations in paragraph 139 relate (Counts VI and VIII) have been dismissed as to the DCS Defendants, (*see* D.E. 48, at 5–9), and thus no response is required.

140.     The claims to which the allegations in paragraph 140 relate (Counts VI and VIII) have been dismissed as to the DCS Defendants, (*see* D.E. 48, at 5–9), and thus no response is required.

141.     The claims to which the allegations in paragraph 141 relate (Counts VI and VIII) have been dismissed as to the DCS Defendants, (*see* D.E. 48, at 5–9), and thus no response is required.

142.     The claims to which the allegations in paragraph 142 relate (Counts VI and VIII) have been dismissed as to the DCS Defendants, (*see* D.E. 48, at 5–9), and thus no response is required.

143.     The allegation in paragraph 143 that "DCS concealed the existence of the hearing from Clayborne" relates to claims (Counts VI and VIII) that have been dismissed as to the DCS Defendants, (*see* D.E. 48, at 5–9), and thus no response is required.  The remainder of paragraph 143 is denied.

144.     The claims to which the allegations in paragraph 144 relate (Counts VI and VIII) have been dismissed as to the DCS Defendants, (*see* D.E. 48, at 5–9), and thus no response is required.

145.     The claims to which the allegations in paragraph 145 relate (Counts VI and VIII) have been dismissed as to the DCS Defendants, (*see* D.E. 48, at 5–9), and thus no response is required.

146.     The claims to which the allegations in paragraph 146 relate (Counts VI and VIII) have been dismissed as to the DCS Defendants, (*see* D.E. 48, at 5–9), and thus no response is required.

147.     Admitted that the children were around Clayborne.  The DCS Defendants are without sufficient knowledge to admit or deny the remaining allegations in paragraph 147.

148.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 148.

149.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 149.

150.     Admitted to the extent that Clayborne said something to that effect.

151.     The claims to which the allegations in paragraph 151 relate (Counts VI and VIII) have been dismissed as to the DCS Defendants, (*see* D.E. 48, at 5–9), and thus no response is required.

152.     Admitted that upon entry of the ex parte protective custody order, officers approached Clayborne and the children to execute the order.  The remainder of paragraph 152 is denied.

153.     Denied that the officers physically restrained Clayborne during their execution of the ex parte protective custody order, at least while DCS workers were present.  The DCS Defendants are without sufficient knowledge to admit or deny any physical restraint of Clayborne outside the presence of DCS workers.

154.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 154.

155.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 155.

156.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 156.

157.     Denied.

158.    The claims to which the allegations in paragraph 158 relate (Counts VI and VIII) have been dismissed as to the DCS Defendants, (*see* D.E. 48, at 5–9), and thus no response is required.

159.    To the extent paragraph 159 alleges the children's ages on February 17, 2023, it is admitted upon information and belief.  To the extent paragraph 159 relates to the claims that have been dismissed as to the DCS Defendants (Counts VI and VIII), no response is required.  (*See* D.E. 48, at 5–9.)

160.    The DCS Defendants are without sufficient knowledge to admit or deny that one of the children "had been pleading with the Troopers at the gas station not to take his mommy and daddy away."  To the extent paragraph 160 alleges that Clayborne was breastfeeding the four-month-old child on February 17, 2023, it is admitted.  To the extent paragraph 160 relates to the claims that have been dismissed as to the DCS Defendants (Counts VI and VIII), no response is required.  (*See* D.E. 48, at 5–9.)

161.    The claims to which the allegations in paragraph 161 relate (Counts VI and VIII) have been dismissed as to the DCS Defendants, (*see* D.E. 48, at 5–9), and thus no response is required.

162.    The claims to which the allegations in paragraph 162 relate (Counts VI and VIII) have been dismissed as to the DCS Defendants, (*see* D.E. 48, at 5–9), and thus no response is required.

163.    The claims to which the allegations in paragraph 163 relate (Counts VI and VIII) have been dismissed as to the DCS Defendants, (*see* D.E. 48, at 5–9), and thus no response is required.

164.     The claims to which the allegations in paragraph 164 relate (Counts VI and VIII) have been dismissed as to the DCS Defendants, (*see* D.E. 48, at 5–9), and thus no response is required.

165.     The claims to which the allegations in paragraph 165 relate (Counts VI and VIII) have been dismissed as to the DCS Defendants, (*see* D.E. 48, at 5–9), and thus no response is required.

166.     The claims to which the allegations in paragraph 166 relate (Counts VI and VIII) have been dismissed as to the DCS Defendants, (*see* D.E. 48, at 5–9), and thus no response is required.

167.     The claims to which the allegations in paragraph 167 relate (Counts VI and VIII) have been dismissed as to the DCS Defendants, (*see* D.E. 48, at 5–9), and thus no response is required.

168.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 168.

169.     The claims to which the allegations in paragraph 169 relate (Counts VI and VIII) have been dismissed as to the DCS Defendants, (*see* D.E. 48, at 5–9), and thus no response is required.

170.     The claims to which the allegations in paragraph 170 relate (Counts VI and VIII) have been dismissed as to the DCS Defendants, (*see* D.E. 48, at 5–9), and thus no response is required.

171.     The claims to which the allegations in paragraph 171 relate (Counts VI and VIII) have been dismissed as to the DCS Defendants, (*see* D.E. 48, at 5–9), and thus no response is required.

172. The claims to which the allegations in paragraph 172 relate (Counts VI and VIII) have been dismissed as to the DCS Defendants, (*see* D.E. 48, at 5–9), and thus no response is required.

173. The claims to which the allegations in paragraph 173 relate (Counts VI and VIII) have been dismissed as to the DCS Defendants, (*see* D.E. 48, at 5–9), and thus no response is required.

174. The claims to which the allegations in paragraph 174 relate (Counts VI and VIII) have been dismissed as to the DCS Defendants, (*see* D.E. 48, at 5–9), and thus no response is required.

175. The claims to which the allegations in paragraph 175 relate (Counts VI and VIII) have been dismissed as to the DCS Defendants, (*see* D.E. 48, at 5–9), and thus no response is required.

176. The claims to which the allegations in paragraph 176 relate (Counts VI and VIII) have been dismissed as to the DCS Defendants, (*see* D.E. 48, at 5–9), and thus no response is required.

177. The claims to which the allegations in paragraph 177 relate (Counts VI and VIII) have been dismissed as to the DCS Defendants, (*see* D.E. 48, at 5–9), and thus no response is required.

178. The claims to which the allegations in paragraph 178 relate (Counts VI and VIII) have been dismissed as to the DCS Defendants, (*see* D.E. 48, at 5–9), and thus no response is required.

179. The claims to which the allegations in paragraph 179 relate (Counts VI and VIII) have been dismissed as to the DCS Defendants, (*see* D.E. 48, at 5–9), and thus no response is required.

180.    The claims to which the allegations in paragraph 180 relate (Counts VI and VIII) have been dismissed as to the DCS Defendants, (*see* D.E. 48, at 5–9), and thus no response is required.

181.    The claims to which the allegations in paragraph 181 relate (Counts VI and VIII) have been dismissed as to the DCS Defendants, (*see* D.E. 48, at 5–9), and thus no response is required.

182.    The claims to which the allegations in paragraph 182 relate (Counts VI and VIII) have been dismissed as to the DCS Defendants, (*see* D.E. 48, at 5–9), and thus no response is required.

183.    The claims to which the allegations in paragraph 183 relate (Counts VI and VIII) have been dismissed as to the DCS Defendants, (*see* D.E. 48, at 5–9), and thus no response is required.

184.    The claims to which the allegations in paragraph 184 relate (Counts VI and VIII) have been dismissed as to the DCS Defendants, (*see* D.E. 48, at 5–9), and thus no response is required.

185.    The claims to which the allegations in paragraph 185 relate (Counts VI and VIII) have been dismissed as to the DCS Defendants, (*see* D.E. 48, at 5–9), and thus no response is required.

186.    The claims to which the allegations in paragraph 186 relate (Counts VI and VIII) have been dismissed as to the DCS Defendants, (*see* D.E. 48, at 5–9), and thus no response is required.

187.    The claims to which the allegations in paragraph 187 relate (Counts VI and VIII) have been dismissed as to the DCS Defendants, (*see* D.E. 48, at 5–9), and thus no response is required.

188.     The claims to which the allegations in paragraph 188 relate (Counts VI and VIII) have been dismissed as to the DCS Defendants, (*see* D.E. 48, at 5–9), and thus no response is required.

189.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 189.

190.     The claims to which the allegations in paragraph 190 relate (Counts VI and VIII) have been dismissed as to the DCS Defendants, (*see* D.E. 48, at 5–9), and thus no response is required.

191.     To the extent paragraph 191 relates to D.W.'s alleged conditions on February 17, 2023, prior to the children's removal into state custody, the DCS Defendants are without sufficient knowledge to admit or deny paragraph 191.  To the extent paragraph 191 relates to the claims that have been dismissed as to the DCS Defendants (Counts VI and VIII), no response is required.  (*See* D.E. 48, at 5–9.)

192.     The DCS Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 192.

193.     To the extent paragraph 193 relates to the children's alleged sleeping problems on February 17, 2023, prior to the children's removal into state custody, the DCS Defendants are without sufficient knowledge to admit or deny paragraph 193.  To the extent paragraph 193 relates to the claims that have been dismissed as to the DCS Defendants (Counts VI and VIII), no response is required.  (*See* D.E. 48, at 5–9.)

194.     The claims to which the allegations in paragraph 194 relate (Counts VI and VIII) have been dismissed as to the DCS Defendants, (*see* D.E. 48, at 5–9), and thus no response is required.

195–210.     Count I is not alleged against the DCS Defendants, and thus no response is required.  To the extent, if any, that the allegations in paragraphs 195–210 attempt to establish any liability on the part of the DCS Defendants, they are denied.

211–225.     Count II is not alleged against the DCS Defendants, and thus no response is required.  To the extent, if any, that the allegations in paragraphs 211–225 attempt to establish any liability on the part of the DCS Defendants, they are denied.

226.     Paragraph 226 contains no allegations and thus does not warrant a response.

227.     Paragraph 227 is a legal conclusion that requires no response.  To the extent that paragraph 227 attempts to establish any liability on the part of the DCS Defendants, it is denied.

228.     Admitted upon information and belief that Clayborne was cited for simple possession of marijuana on February 17, 2023.  The DCS Defendants are without sufficient knowledge to admit or deny the precise amount of marijuana found in her possession.

229.     Admitted upon information and belief.

230.     The allegation in paragraph 230 is a legal conclusion that requires no response.  To the extent a response is required, the DCS Defendants are without sufficient knowledge to admit or deny the allegation.  And to the extent that paragraph 230 attempts to establish any liability on the part of the DCS Defendants, it is denied.

231.     The allegation in paragraph 231 is a legal conclusion that requires no response.  To the extent that the allegation in paragraph 231 attempts to establish any liability on the part of the DCS Defendants, it is denied.

232.     Denied.  Specifically, it is denied that the DCS Defendants detained or seized Clayborne or violated her federal or state rights in any way.

233.     Denied.

234.     Admitted that Taylor entered the vehicle upon receiving Clayborne's permission to do so and asked Clayborne questions about the referral DCS had received regarding the family. The remainder of paragraph 234 is denied.

235.     Denied.

236.     Denied that the DCS Defendants made any show of authority or otherwise seized Clayborne and/or the children.

237.     Denied.

238.     Denied.  Specifically, it is denied that the DCS Defendants detained, arrested, or otherwise seized Clayborne and/or the children or violated their federal or state rights in any way.

239.     Denied.  Specifically, it is denied that the DCS Defendants detained, arrested, or otherwise seized Clayborne and/or the children.

240.     Denied.

241.     Denied.

242.     Denied.

243.     Denied.

244.     Denied.

245.     Denied.

246.     Denied.

247.     Denied.

248.     Paragraph 248 contains no allegations and thus does not warrant a response.

249.     Paragraph 249 is a legal conclusion that requires no response.  To the extent that paragraph 249 attempts to establish any liability on the part of the DCS Defendants, it is denied.

250.     Denied.

251. The allegation in paragraph 251 is a legal conclusion that requires no response. To the extent a response is required, the DCS Defendants are without sufficient knowledge to admit or deny the allegation.

252. Admitted upon information and belief.

253. The allegation in paragraph 253 is a legal conclusion that requires no response. To the extent a response is required, the DCS Defendants are without sufficient knowledge to admit or deny the allegation. And to the extent that paragraph 253 attempts to establish any liability on the part of the DCS Defendants, it is denied.

254. The allegation in paragraph 254 is a legal conclusion that requires no response. To the extent that the allegation in paragraph 254 attempts to establish any liability on the part of the DCS Defendants, it is denied.

255. Denied. Specifically, it is denied that the DCS Defendants detained or seized Clayborne or violated her federal or state rights in any way.

256. Denied.

257. Admitted that Taylor entered the vehicle upon receiving Clayborne's permission to do so and asked Clayborne questions about the referral DCS had received regarding the family. The remainder of paragraph 257 is denied.

258. Denied.

259. Denied that the DCS Defendants made any show of authority or otherwise seized Clayborne and/or the children.

260. Denied.

261. Denied. Specifically, it is denied that the DCS Defendants detained, arrested, or otherwise seized Clayborne and/or the children or violated their federal or state rights in any way.

262.    Denied.  Specifically, it is denied that the DCS Defendants detained, arrested, or otherwise seized Clayborne and/or the children.

263.    Denied.

264.    Denied.

265.    Denied.

266.    Denied.

267.    Denied.

268.    Denied.

269.    Denied.

270.    Denied.

271.    Paragraph 271 contains no allegations and thus does not warrant a response.

272.    Paragraph 272 is a legal conclusion that requires no response.  To the extent that paragraph 272 attempts to establish any liability on the part of the DCS Defendants, it is denied.

273.    Denied.

274.    Denied that the DCS Defendants "demanded," "forced," or "required" Clayborne to provide a urine sample or to "remove her pants and underwear to attempt to provide the sample."

275.    Denied.

276.    Denied.

277.    Denied.

278.    Denied.

279.    Denied.

280.    Denied.

281–290.    Count VI, to which paragraphs 281–290 pertain, has been dismissed as to the DCS Defendants.  (*See* D.E. 48, at 5–7, 9.)  Thus, no response is required.

291–302.     Count VII is not alleged against the DCS Defendants, and thus no response is required. To the extent, if any, that the allegations in paragraphs 291–302 attempt to establish any liability on the part of the DCS Defendants, they are denied.

303–323.     Count VIII, to which paragraphs 303–323 pertain, has been dismissed. (*See* D.E. 48, at 7–9.) Thus, no response is required.

324.     The DCS Defendants deny any allegations in Plaintiffs' "Relief Requested" and deny that Plaintiffs are entitled to any relief under any theory whatsoever.

325.     The DCS Defendants deny any allegations not specifically admitted and demand strict proof thereof. The DCS Defendants reserve their right to amend their Answer should further evidence be discovered throughout this lawsuit.

Wherefore, having fully responded to the numbered paragraphs of the Complaint, the DCS Defendants assert the following affirmative defenses:

1.     The Complaint must be dismissed because it fails to state a claim upon which relief may be granted.

2.     The Complaint must be dismissed because the DCS Defendants are entitled to qualified immunity.

3.     The DCS Defendants hereby give notice of their intention to avail themselves of all the defenses, immunities, and limitations available to them by statute and/or common law and reserve the right to amend their Answer accordingly as further information becomes available.

Wherefore, having fully answered, the DCS Defendants pray that this Court dismiss the Complaint with prejudice, award the DCS Defendants their costs and attorneys' fees, and award all other relief to which the DCS Defendants may be entitled.

Respectfully submitted,

JONATHAN SKRMETTI
Tennessee Attorney General and Reporter

/s/ *Jordan K. Crews*
JORDAN K. CREWS, BPR #34541
Senior Assistant Attorney General
KATHERINE P. ADAMS, BPR #39501
Assistant Attorney General
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202
(615) 532-7913; (615) 532-7259
jordan.crews@ag.tn.gov
katherine.adams@ag.tn.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been forwarded via the

District Court's electronic filing system, to:

Tricia Herzfeld
Anthony A. Orlandi
Herzfeld, Suetholz, Gastel, Leniski & Wall, PLLC
223 Rosa L. Parks Avenue, Suite 300
Nashville, TN 37203
tricia@hsglawgroup.com
tony@hsglawgroup.com

Abby R. Rubenfeld
Rubenfeld Law Office, PC
202 South Eleventh Street
Nashville, TN 37206
arubenfeld@rubenfeldlaw.com

Meghan Murphy
Senior Assistant Attorney General
Peako Jenkins
Assistant Attorney General
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202
meghan.murphy@ag.tn.gov
peako.jenkins@ag.tn.gov

Jeffrey R. Thompson
Gina Sarli Vogel
Lewis Thomason, P.C.
900 South Gay Street, Suite 300
P.O. Box 2425
Knoxville, TN 37901
jrthompson@lewisthomason.com
gvogel@lewisthomason.com

on this the 8th day of August 2024.

/s/ *Jordan K. Crews*
_____
JORDAN K. CREWS
Senior Assistant Attorney General