UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

BIANCA CLAYBORNE, individually and )
as parent and next friend of minors J.C., )
D.W., L.W., A.C., and P.C., )
)
Plaintiffs, )
)
v. ) No. 4:24-cv-12-DCLC-SKL
)
RUBEN BASALDUA, *et al.*, )
)
Defendants. )

**MEMORANDUM AND ORDER**

Before the Court is a motion to quash/for a protective order postponing the deposition of non-party Dale Lynn, which is currently noticed for January 15, 2025 [Doc. 64 (motion); Doc. 61 (brief in support)]. Plaintiff Bianca Clayborne filed a response in opposition [Doc. 65], and Lynn filed a reply [Doc. 66]. This matter is now ripe.

**I.      BACKGROUND**

The background of this case is set forth in the Court's July 25, 2024, order addressing certain defendants' motion to dismiss [Doc. 48] and will not be repeated except to the extent necessary to explain the Court's ruling on the pending motion to quash. In short, the case concerns a stop of Plaintiff's van by a Tennessee Highway Patrol ("THP") trooper in February 2023 in Bradley County, Tennessee. Plaintiff's five children were in the van, as was her boyfriend. The trooper searched the van and discovered a small amount of marijuana. Plaintiff was issued a citation and her boyfriend was arrested. While they were all at the Coffee County jail, the Tennessee Department of Children's Services ("DCS") obtained an *ex parte* order for the removal

of Plaintiff's children from her custody. Plaintiff regained custody of her children approximately two months later.

Plaintiff filed suit under 42 U.S.C. § 1983 against several THP troopers, DCS employees, and Coffee County Sheriff's Department Officers. She also sued Coffee County. The deponent at issue in the instant motion, Dale Lynn, is a DCS Team Leader who was involved with the investigation concerning Plaintiff. He has not yet been named as a defendant, but he was listed in other DCS defendants' initial disclosures [*see* Doc. 65-2 at Page ID # 493]. Subsequent discovery revealed Lynn communicated with other defendants about the subject incident, and it appears undisputed that he possesses knowledge relevant to this case.

The named DCS defendants are represented by two attorneys with the Tennessee Attorney General's Office ("AG's Office"). Initially, those same attorneys were expected to represent Lynn during his deposition, and they communicated with Plaintiff's counsel regarding scheduling the deposition. The parties agreed Lynn would appear for the deposition without the need for a subpoena, and by mid-November 2024, the deposition was scheduled for January 15, 2025.

Around mid-December 2024, an unspecified "representation issue" arose among the DCS defendants [Doc. 65 at Page ID # 482].[1] On December 30, Plaintiff was informed a different attorney at the AG's Office would be representing Lynn (who was not yet a named defendant) for purposes of his deposition, and that the January 15 deposition would not go forward because she (the new attorney) needed additional time to prepare and had other matters already scheduled. Around the same time, Plaintiff indicated she would be amending her complaint to add Lynn as a

---

[1] Subsequent to the filing of the instant motion to quash, the attorneys from the AG's Office have moved to withdraw from representation of the currently named DCS defendants [Doc. 67; Doc. 68; Doc. 69]. These motions will be addressed in due course. Lynn's attorney has not filed a motion to withdraw from representing Lynn.

defendant [*see* Doc. 61-2]. The deadline for amending pleadings is January 29, 2025. As such, Lynn's counsel proposed that his deposition go forward on March 6 or 7, 2025 [Doc. 59; Doc. 66-1 at Page ID # 503]. She cited "his availability, our availability, and Plaintiffs' recent confirmation that you intend to add him as a party," as well as the need to review the forthcoming amended complaint, the claims against Lynn, and the discovery exchanged between the parties to date [Doc. 66-1 at Page ID # 503]. Plaintiff did not agree to postpone the deposition to March, although she expressed willingness for the deposition to be taken in early February. Lynn then filed the instant motion.

II.   **STANDARDS**

Federal Rule of Civil Procedure 45 governs the use of subpoenas for third-party depositions. Specifically, Rule 45(d)(3)(A) provides that a court must quash or modify a subpoena that (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter if no exception or waiver applies; or (iv) subjects a person to undue burden.

"The scope of discovery under a subpoena is the same as the scope of discovery under Rule 26." *Pictsweet Co. v. R.D. Offutt Co.*, No. 3:18-cv-0722, 2020 WL 12968432, at *2 (M.D. Tenn. Apr. 23, 2020) (citing Fed. R. Civ. P. 45, Advisory Committee Notes (1970)). The scope of discovery under Rule 26(b) is quite broad, and allows discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b). Factors to consider include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Under Rule 26(c), on a showing of good cause, the Court may issue orders "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by "forbidding the discovery or disclosure." Fed. R. Civ. P. 26(c). Lynn bears the burden of establishing good cause. *Reynolds v. Knox Cnty.*, No. 3:17-CV-79-HSM-DCP, 2018 WL 5023323, at *2 (E.D. Tenn. Oct. 16, 2018) (citing *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001)). To show "good cause" justifying a protective order under Rule 26, a movant "must articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on mere conclusory statements." *Thomas v. Briggs*, No. 15-10210, 2016 WL 5405349, at *3 (E.D. Mich. Sept. 28, 2016) (quotation marks omitted) (quoting *Nix*, 11 F. App'x at 500). The party seeking to quash a subpoena similarly bears the burden of demonstrating an undue burden. *See Mooneyham v. Parker*, No. 3:21-CV-270-CEA-JEM, 2024 WL 101858, at *2 (E.D. Tenn. Jan. 9, 2024).

The Court exercises "considerable discretion in deciding disputed discovery issues." *Nozinich v. Johnson & Johnson, Inc.*, No. 09-02105-dkv, 2011 WL 13124086, at *2 (W.D. Tenn. Apr. 4, 2011) (citation omitted).

### III. ANALYSIS

The parties do not dispute *whether* Lynn should be deposed, only *when*. Plaintiff contends Lynn should be held to the January 15 date agreed to by Lynn's former attorneys, despite the fact that his new attorney is not available, the amended complaint (in which Plaintiff does not dispute Lynn will likely be named as a party defendant) has not yet been filed, and Lynn has not otherwise been informed of the nature of Plaintiff's claims against him. For his part, Lynn contends the deposition should be postponed, but he provides scant detail regarding his December change-in-counsel or whether any other attorneys at the AG's Office could potentially represent him during

4

a January deposition. Lynn also does not adequately explain his apparent lack of availability before March 6. In his reply, he argues: "Plaintiffs' suggestion that Mr. Lynn 'is not available for any date in February' is simply not supported by the email chain between counsel." [Doc. 66 at Page ID # 497]. This argument is somewhat surprising. The referenced email chain reflects Lynn's new counsel proposed a number of dates in February, including February 3 and 5, subject to Lynn's availability. When Plaintiff requested February 3 or 5, Lynn's counsel responded that Lynn "has several work conflicts in February and has provided March 6 and 7 as possible deposition dates." [Doc. 66-1 at Page ID # 505]. Since that time, as far as the Court can tell, Lynn has not proposed any alternative dates in February. Then, in his brief filed in support of the instant motion, Lynn specifically asks the Court to "enter a Protective Order, delaying Mr. Lynn's deposition from January 15, 2025, to a time after March 1, 2025" [Doc. 61 at Page ID # 465].

Nevertheless, the Court finds Lynn has shown sufficient good cause for the Court to issue a protective order postponing or excusing Lynn from appearing at the January 15 noticed deposition. For one, his new counsel has indicated she is not available. Moreover, the parties appear to agree that Lynn's status as a non-party will change by January 29 at the latest. Requiring Lynn to sit for a non-party deposition now runs counter to the mandate that the Court and the parties construe, administer, and employ the Federal Rules of Civil Procedure in a way that secures the "just, speedy, and inexpensive determination" of this proceeding and this case. Fed. R. Civ. P. 1. As Lynn points out, discovery in this case does not close until May 15, and Plaintiff has not identified any particular reason Lynn's deposition must take place in January.

The cases cited by Plaintiff do not change this analysis. For example, in *Martin v. Naval Criminal Investigative Service*, No. 10CV1879 WQH, 2013 WL 2896879 (S.D. Cal. June 11, 2013), the district court judge determined the magistrate judge erred by relying on immunity

considerations to delay the subject depositions until after the deadline for amending pleadings. *See id.* at *11 ("However, the Court finds no legal basis to support the Magistrate Judge's conclusion that Pandis and Schmitt, if deposed before the deadline to amend pleadings, 'will suffer irreparable harm in losing their right to not be subject to discovery until qualified immunity is resolved.' Pandis and Schmitt cannot assert qualified immunity at this stage of the proceedings because they have not been named as defendants."). In this case, the delay is based at least in part on considerations of efficiency, availability of counsel and the parties, the Court's discretion to manage discovery, and the fact that Plaintiff has essentially acknowledged she intends to name Lynn as a defendant within a matter of weeks.

*In re Flint Water Cases*, No. 4:16-cv-10444-JEL-MKM, 2019 WL 8060597 (E.D. Mich. May 20, 2019), appears to support Plaintiff's argument that Lynn may be required to participate in discovery despite any claims of immunity he might assert in the future, but the issue in *Flint* was whether discovery should be *stayed* pending resolution of the already-named government defendants' assertions of immunity, including through appeals. Here, Lynn is not seeking a stay of discovery, just a delay of his deposition. Indeed, the record appears to reflect that Lynn's personal cell phone records have already been subpoenaed, and the parties have reached agreement on the proper timespan and scope of the records to be produced [*see* Doc. 61 at Page ID # 464; Doc. 66-1 at Page ID # 505-06]. The Court declines to address in detail the remaining cases Plaintiff cites. It suffices to note all are distinguishable and not persuasive.

In the exercise of its considerable discretion and in light of Lynn's statements and argument relating to February availability, addressed above, the Court declines to order the deposition be delayed "to a time after March 1, 2025," as Lynn requests [Doc. 61 at Page ID # 465]. Instead, the Court will require counsel for Lynn (whether the AG's Office or other, retained counsel) to make

6

Case 4:24-cv-00012-DCLC-MJD   Document 71   Filed 01/13/25   Page 6 of 7   PageID #: 526

him available for a deposition **on or before March 7, 2025**. Absent extraordinary circumstances supported by proof, the Court will not consider any requests for an extension of this deadline, unless they are made by joint motion with a proposed agreed order attached.

IV.   **CONCLUSION**

Accordingly, for the reasons set forth above, Lynn's motion to quash and for a protective order [Doc. 64] is **GRANTED IN PART AND DENIED IN PART**. The Clerk is directed to **TERMINATE** Doc. 60. The parties are **ORDERED** to meet and confer by phone, videoconference, or in person, for the purpose of scheduling Lynn's deposition, within **FIVE DAYS** of entry of this Order. The parties **SHALL** make good faith efforts to reach agreement regarding the date and time of the deposition, and the deposition **SHALL** take place on or before March 7, 2025, unless the parties agree otherwise. During the meet and confer regarding Lynn's deposition, the parties **SHALL** also address any discovery which Lynn has not already been provided and determine a schedule and process for doing so which reasonably takes into account the agreed-upon deposition date.

SO ORDERED.

ENTER:

_____
MIKE DUMITRU
UNITED STATES MAGISTRATE JUDGE