UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

BIANCA CLAYBORNE, individually and )
as parent and next friend of minors J.C., )
D.W., L.W., A.C., and P.C., )
 )
    Plaintiffs, )
 )
v. ) No. 4:24-cv-12-DCLC-MJD
 )
RUBEN BASALDUA, *et al.*, )
 )
    Defendants. )

# **MEMORANDUM AND ORDER**

Before the Court are two motions to withdraw filed by counsel of record for Defendant Montana Medina [Doc. 68] and Defendant Erica Wright-Gilliam [Doc. 69] ("Defendants"). At the time the motions were filed, Defendants were represented by two attorneys with the State of Tennessee Office of the Attorney General ("AG's Office"). No responses were filed to the motions to withdraw, and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1.

The Court conducted a telephonic hearing on the motions on January 29, 2025. Just prior to the hearing, new counsel entered a Special Limited Notice of Appearance on behalf of Defendant Medina [Doc. 80]. Defendant Wright-Gilliam participated in the hearing on her own behalf. During the hearing, the AG's Office attorneys indicated, consistent with their motions, that a concurrent conflict of interest had arisen in their representation of Defendants which required them and the AG's Office to withdraw under Tennessee Rules of Professional Conduct 1.7(a) and 1.16(a). No party objected to the AG's Office attorneys' representations regarding the concurrent conflict of interest or to the attorneys' withdrawal from this case. Defendant Medina's new counsel

indicated she expects to finalize representation arrangements in the coming days, and Defendant Wright-Gilliam indicated she has identified an attorney willing to represent her going forward.

The Court finds that Defendants' attorneys have complied with all requirements of Eastern District of Tennessee Local Rule 83.4(g) for withdrawal and that the motions to withdraw are proper under the circumstances. Accordingly, for good cause shown and without objection, the motions [Doc. 68; Doc. 69] are **GRANTED**. Attorneys Crews, Adams, and the AG's Office shall be permitted to withdraw as counsel of record for Defendants. It is **FURTHER ORDERED** that on or before **MARCH 3, 2025,** Defendant Medina and Defendant Gilliam-Wright shall each either: (1) have substitute counsel file a full appearance on their behalf; or (2) confirm they are proceeding without an attorney (*i.e.*, proceeding pro se), and if they are proceeding pro se, also confirm they have reviewed the requirements of Eastern District of Tennessee Local Rule 83.13.[1] Defendants are **FOREWARNED** that any failure to fully and timely comply with this Order may result in sanctions, up to and including entry of default judgment against them.

In the meantime, the Court expects counsel for all parties to work cooperatively and in good faith regarding any currently scheduled depositions, outstanding discovery requests, or other scheduling matters; keeping in mind that on the one hand, new counsel may have prior conflicts and may need a reasonable amount of time to get up to speed in this case, but on the other hand, this case has been pending for nearly a year already.

The Clerk is **DIRECTED** to terminate attorneys Crews, Adams, and the AG's Office as counsel of record for Defendant Medina and Defendant Wright-Gilliam, and to mail a copy of this

---

[1] The Court's Local Rules may be accessed at:
https://www.tned.uscourts.gov/sites/tned/files/localrules.pdf.

Order to Defendants at the mailing addresses set forth in the motions [*see* Doc. 68 at Page ID # 513; Doc. 69 at Page ID # 516].

SO ORDERED.

ENTER:

_____
MIKE DUMITRU
UNITED STATES MAGISTRATE JUDGE