# EXHIBIT 2

| From: | Vogel, Gina S. |
|---|---|
| To: | Tony Orlandi |
| Cc: | Tricia Herzfeld; Abby Rubenfeld; Meghan Murphy; Jordan K. Crews |
| Subject: | RE: Clayborne Matter: County Depositions |
| Date: | Wednesday, September 25, 2024 12:27:06 PM |
| Attachments: | image001.png |

**[EXTERNAL EMAIL]** Do not click links or attachments unless you recognize the sender and know the content is safe.

Tony,

Shockingly, I misspoke and need to correct myself   The County does issue cell phones to Sheriff's Department employees.  I am looking into whether I am able to obtain the records without the need for a subpoena and will keep you informed on that front.  To the best of my knowledge and information, no calls were made to Judge Perry after February 17, 2023 that had any relation to this case.  While I do not anticipate you will hear any testimony to the contrary, I of course would be amendable to expanding the record search past Watkins/Sherill for February 17, 2023 in the event that occurs.

I second Meghan's stated position earlier, and could hopefully also make myself available for Plaintiff's deposition in late October.  As far as the County officers go, I am unavailable the week of November 18th as I have several days of depos that week.  November 13-15 may be an option, but need to get with the officers to see how many of them would be available.

Gina

**Gina Vogel** Attorney at Law
**Lewis Thomason, P.C.**
900 S. Gay St., Suite 300 | P.O. Box 2425 | Knoxville, TN 37901
Tel: 865-541-5278 | Fax: 865-523-6529
Web Page | My Bio

---

**From:** Tony Orlandi <tony@hsglawgroup.com>
**Sent:** Monday, September 23, 2024 3:59 PM
**To:** Vogel, Gina S. <GVogel@Lewisthomason.com>
**Cc:** Tricia Herzfeld <tricia@hsglawgroup.com>; Abby Rubenfeld <arubenfeld@rubenfeldlaw.com>; Meghan Murphy <Meghan.Murphy@ag.tn.gov>; Jordan K. Crews <Jordan.Crews@ag.tn.gov>
**Subject:** RE: Clayborne Matter: County Depositions

Thanks Gina.

We can limit the subpoenas to Sherill and Watkins.  Presumptively, I think they should be for the time frame Feb. 17 through Feb. 23 as we are not sure if there were any communications with the Judge by them before Feb. 24.  That said, if the County can represent that there were no calls with the Judge/Judge's chambers after Feb. 17, we can limit the subpoena at this time to Feb. 17.  Please let us know, as we are ok limiting the request as you suggest if we have reasonable assurances.

In terms of setting depositions, taking these County depositions the week of November 11 or 18 is reasonable. Under Rule 26(d)(3), methods of discovery can be used in any sequence and "discovery by one party does not require any other party to delay its discovery." Moreover, the only formal

constraint in the Rules about setting depositions is to give "reasonable written notice to every other party" under Rule 30(b)(1). Of course, we always try to work with everyone on finding mutually agreeable dates and are simply seeking which dates work the weeks of November 11 and November 18. I would add that, per the rules, a party cannot withhold discovery because they want certain discovery of the other side first. *See Sexual Sin de Un Abdul Blue v. River Rouge*, 2017 WL 2438780, at *2 (E.D. Mich. June 6, 2017) ("The Federal Rules of Civil Procedure do not permit one party to make unilateral decisions regarding on the timing and sequence of depositions during the discovery phase of civil litigation. . . '[U]nder the Federal Rules there is no rule of discovery priority.'"); *Assessment Techs. Inst. LLC v. Parkes*, 2020 WL 4731961, at *2 (D. Kan. Aug. 14, 2020) ("[T]here is no rule or precedent giving a party the right to demand depositions or discovery in a certain order."); *see also Kehoe Component Sales, Inc. v. Best Lighting Prod., Inc*., No. 2:08-CV-752, 2010 WL 596501, at *4 (S.D. Ohio Feb. 16, 2010) ("Pace's approach appears to be that it will verify its responses when Best Lighting reciprocates. That is not how discovery works. It is clear under the text and spirit of the discovery rules that the existence of a discovery dispute as to one matter is not a ground to delay or withhold the taking of other discovery." *Jayne H. Lee, Inc. v. Flagstaff Industries Corp.,* 173 F.R.D. 651, 657 (D.Md.1997). In other words, each party must independently comply with its discovery obligations. The way to address an opposing party's noncompliance is to meet and confer and then file a motion if no resolution can be reached, and not to hold discovery hostage as a method of obtaining discovery from the other side."); *Love v. Med. Coll. of Wis.*, 2018 WL 11413975 (E.D. Wis. Feb. 13, 2018) ("In general, "[a] party may ... depose any person ... without leave of court" so long as he "give[s] reasonable written notice to every other party ... stat[ing] the time and place of the deposition and, if known, the deponent's name and address." <u>Fed. R. Civ. P. 30(a)(1), (b)(1)</u>. Plaintiff does not argue that Pagel needed court leave to conduct any of the depositions at issue nor that he failed to provide adequate notice of them. Further, even assuming Froedtert has been dilatory in producing documents, Pagel need not delay his own discovery, including properly noticed depositions. Fed. R. Civ. P. 26(d)(3) . (providing that "methods of discovery may be used in any sequence" and "discovery by one party does not require any other party to delay its discovery"). If you are aware of contrary authority please send it along for consideration.

As to discovery of Plaintiffs, THP gave us a 30-day extension and we are working on those responses. Also, for further written discovery we would appreciate if that discovery could be non-overlapping.

Thank you,
Tony



**Tony Orlandi**
Member
P: (615) 800-6225
M: (781) 266-8023
223 Rosa L Parks Ave., Ste 300
Nashville, TN 37203

**From:** Vogel, Gina S. <GVogel@Lewisthomason.com>
**Sent:** Monday, September 23, 2024 1:11 PM
**To:** Tony Orlandi <tony@hsglawgroup.com>
**Cc:** Tricia Herzfeld <tricia@hsglawgroup.com>; Abby Rubenfeld <arubenfeld@rubenfeldlaw.com>; Meghan Murphy <Meghan.Murphy@ag.tn.gov>; Jordan K. Crews <Jordan.Crews@ag.tn.gov>
**Subject:** RE: Clayborne Matter: County Depositions

**[EXTERNAL EMAIL]** Do not click links or attachments unless you recognize the sender and know the content is safe.

Hey Tony,

I plan on presenting the witnesses voluntarily so there should not be any need for subpoenas there.

I disagree that there is a need to subpoena the phone records of the 8 listed witnesses. As indicated in the County's responses to Interrogatories, only Inv. Sherill and Chief Watkins are indicated to have knowledge of communications with Judge Perry. I don't recall anything about Crabtree's deposition that would be inconsistent with that or would require other witnesses being subject to subpoena. I would therefore propose that subpoenas for only their records be issued, and for only the date of the events at issue – February 17, 2023.

The proposed timeline for the County depositions seems a little soon. I should be sending over written discovery for your client this week. I believe THP has some outstanding to you as well. I would imagine the plaintiff's responses and deposition should be completed prior to any additional County personnel.

Since we are discussing the scheduling of depositions, I believe Meagan and Jordan should be included here. I would propose we look for deposition dates for the Plaintiff sometime in late November/early December, but welcome input from others.
Gina

**Gina Vogel** Attorney at Law
**Lewis Thomason, P.C.**
900 S. Gay St., Suite 300 | P.O. Box 2425 | Knoxville, TN 37901
Tel: 865-541-5278 | Fax: 865-523-6529
Web Page | My Bio

---

**From:** Tony Orlandi <tony@hsglawgroup.com>
**Sent:** Monday, September 23, 2024 11:45 AM
**To:** Vogel, Gina S. <GVogel@Lewisthomason.com>
**Cc:** Tricia Herzfeld <tricia@hsglawgroup.com>; Abby Rubenfeld <arubenfeld@rubenfeldlaw.com>
**Subject:** RE: Clayborne Matter: County Depositions

Hi Gina:

Just following up here.

1. Can you confirm whether we need to subpoena these witnesses for deposition (in addition to

sending them a subpoena for cell phone records) or if they plan to appear voluntarily for deposition?
2. Any luck with November dates for depositions?

Thank you,
Tony



**Tony Orlandi**
Member
P: (615) 800-6225
M: (781) 266-8023
223 Rosa L Parks Ave., Ste 300
Nashville, TN 37203

---

**From:** Tony Orlandi
**Sent:** Monday, September 16, 2024 12:20 PM
**To:** Vogel, Gina S. <GVogel@Lewisthomason.com>
**Cc:** Tricia Herzfeld <tricia@hsglawgroup.com>; Abby Rubenfeld <arubenfeld@rubenfeldlaw.com>
**Subject:** RE: Clayborne Matter: County Depositions

Thanks Gina.

In terms of these County witnesses, it sounds like we will need to issue subpoena to the individuals for their cell phone records of any calls with the judge. In connection with that, do we need to subpoena them for attendance or will you present voluntarily? We can work out appropriate dates. Given your October schedule, can you let us know some dates the weeks of November 11 or 18 that work for you? I am sure we can find some mutually agreeable dates to get these done.

Thanks,
Tony



**Tony Orlandi**
Member
P: (615) 800-6225
M: (781) 266-8023
223 Rosa L Parks Ave., Ste 300
Nashville, TN 37203

**From:** Vogel, Gina S. <GVogel@Lewisthomason.com>
**Sent:** Monday, September 16, 2024 12:04 PM
**To:** Tony Orlandi <tony@hsglawgroup.com>
**Cc:** Tricia Herzfeld <tricia@hsglawgroup.com>; Abby Rubenfeld <arubenfeld@rubenfeldlaw.com>
**Subject:** RE: Clayborne Matter: County Depositions

> **[EXTERNAL EMAIL]** Do not click links or attachments unless you recognize the sender and know the content is safe.

Hey Tony,
As you know, we made Alan Crabtree available for deposition due to his upcoming deployment. While I understand your desire to keep discovery going, I would submit that things should now proceed in order of the pleadings/general course of litigation, including the deposition of your clients. Additionally, my October is full due to my kiddos fall break, a trial, and a bear of a Sixth Circuit appellee brief that will consume my life for appx 3 weeks. I simply cannot set aside enough time for witness preparation and depositions during the time you suggested. I'm happy to get some November dates over to you.
The County does not issue cell phones to employees and is therefore not in possession of cell phone records.
Gina

**Gina Vogel** Attorney at Law
**Lewis Thomason, P.C.**
900 S. Gay St., Suite 300 | P.O. Box 2425 | Knoxville, TN 37901
Tel: 865-541-5278 | Fax: 865-523-6529
Web Page | My Bio

**From:** Tony Orlandi <tony@hsglawgroup.com>
**Sent:** Friday, September 13, 2024 2:39 PM
**To:** Vogel, Gina S. <GVogel@Lewisthomason.com>
**Cc:** Tricia Herzfeld <tricia@hsglawgroup.com>; Abby Rubenfeld <arubenfeld@rubenfeldlaw.com>
**Subject:** Clayborne Matter: County Depositions

Gina:

It was good to see you this week. Since the County's production is complete, Plaintiffs would like to set the County fact witnesses for deposition soon to get those all done so that we can access our positions relating to County liability. We count eight witnesses:

1. Sgt. Investigator James Sherill
2. Inv. Stephen Sharketti
3. Inv. Alex Bell
4. Cpt. Billy Butler
5. Lt. Tammy Warren
6. Sgt. Tristan Collins
7. Chief Frank Watkins
8. Jenny Sherill

For efficiency and to cut down on travel, we think it makes sense to do the depositions on consecutive days (perhaps in two separate two-day blocks if necessary), doing two or three per day. Can we set these the week of October 14 (preferably between Oct 15-18) and/or the week October 21? If you can let us know which days work best, we can get these set.

Also, Deputy Crabtree testified that another County official was on the phone with the Judge. We were not previously aware of that. Could the County please produce cell phone records reflecting any calls to or from the court, clerk, judge, etc.? I believe those would be encompassed by RFP 1 and RFP 3.

Happy to discuss directly at your convenience if that would help.

Thank you,
Tony



**Tony Orlandi**
Member
P: (615) 800-6225
M: (781) 266-8023
223 Rosa L Parks Ave., Ste 300
Nashville, TN 37203

IMPORTANT: This communication from the law firm of Herzfeld Suetholz Gastel Leniski and Wall PLLC is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and contains information that may be confidential and privileged. Be advised that if you are not the intended recipient(s), any dissemination, distribution or copying of this communication is prohibited. Please notify the undersigned immediately by telephone or return e-mail.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

IMPORTANT: This communication from the law firm of Herzfeld Suetholz Gastel Leniski and Wall PLLC is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and contains information that may be confidential and privileged. Be advised that if you are not the intended recipient(s), any dissemination, distribution or copying of this communication is prohibited. Please notify the undersigned immediately by telephone or return e-mail.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

IMPORTANT: This communication from the law firm of Herzfeld Suetholz Gastel Leniski and Wall PLLC is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and contains information that may be confidential and privileged. Be advised that if you are not the intended recipient(s), any dissemination, distribution or copying of this communication is prohibited. Please notify the

undersigned immediately by telephone or return e-mail.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.