# EXHIBIT 3

```
 1            IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF TENNESSEE
 2                       AT WINCHESTER

 3
    BIANCA CLAYBORNE,              )
 4  individually and as parent     )
    and next friend of minors J.C. )
 5  D.W., L.W., A.C., and P.C.     )
                                   )
 6     Plaintiff,                  )
                                   ) Case No. 4:24-cv-00012
 7  VS.                            ) Judge Clifton L. Corker
                                   )
 8  RUBEN BASALDUA, et al,         )
                                   )
 9     Defendants.                 )
    _____X
10

11

12

13

14  _____

15

16         VIDEOTAPED DEPOSITION OF SHEILA YOUNGLOVE

17               TAKEN ON DECEMBER 11, 2024

18

19  _____

20

21

22
    Prepared by:
23  Carole K. Briggs, LCR #345
    Briggs & Associates
24  222 Second Avenue, North, Suite 340M
    Nashville, Tennessee  37201
25  Carole@Briggscourtreporting.com
```

1   Ms. Clayborne and her children; is that right?
2       A.   That's correct, but that is also what happens
3   in a lot of cases because the court isn't always open
4   when we need to take children into custody on an
5   emergency basis.
6       Q.   So let's back up about that. On the date
7   that Ms. Clayborne and her children had this incident,
8   it was a Friday; is that right?
9       A.   I think it was.
10      Q.   And was the court closed for any reason?
11      A.   I don't recall if they were.
12      Q.   It was during normal business hours?
13      A.   Right.  I don't recall there being any reason
14  they would have been closed at that moment.
15      Q.   So if the court is open and it's a normal
16  business day, the typical procedure would be petition,
17  hearing, order, correct?
18      A.   Yes, ma'am, unless you have an emergency
19  basis.
20      Q.   And so in this case, there was not the
21  typical order of things.  It didn't go petition,
22  hearing, order; is that right?
23      A.   Correct.
24      Q.   In fact, there wasn't a petition filed
25  initially?

```
 1      A.   Okay.
 2      Q.   Is that right?
 3      A.   I don't think it was filed at the exact same
 4  time.
 5      Q.   And there wasn't actually a hearing?
 6      A.   No.
 7      Q.   But then, all of a sudden, there's an order?
 8      A.   There is an ex parte order.
 9      Q.   And have you ever done anything in that order
10  --
11      A.   Yes.
12      Q.   -- before?
13      A.   Yes.
14      Q.   When?
15      A.   It frequently happens.  You get ex parte
16  orders on cases.
17      Q.   And you don't file a petition for those ex
18  parte orders?
19      A.   You do.
20      Q.   Do you file it first?
21      A.   You file it simultaneously.
22      Q.   With the proposed order?
23      A.   Yes.
24      Q.   In this case, did you file the petition and
25  the proposed order simultaneously?
```

 1  investigation or discovery.  And you were certifying
 2  that when you signed this document?
 3       A.   I did.
 4       Q.   Let's go back to the first page of this
 5  order.  That would be 8527.  And the caption -- there's
 6  blank spaces for the respondents because you didn't know
 7  their name; is that right?
 8       A.   Correct.
 9       Q.   And it says that they were removed into DCS
10  custody February 17th, 2023 at approximately 3:00 p.m.?
11       A.   Correct.
12       Q.   So to your knowledge, when you submitted this
13  ex parte protective custody order to the judge, the
14  children had already been removed?
15       A.   I believe they had.
16       Q.   Because it says removed.  It doesn't say plan
17  to be removed.  It says removed?
18       A.   Right.
19       Q.   But to your knowledge, there was not a
20  written order from the judge prior to the children being
21  removed?
22       A.   No, ma'am.
23       Q.   The section where you put the children's name
24  here is also blank; is that right?
25       A.   Correct.

1                       CERTIFICATE

2

3

4

5            I, CAROLE K. BRIGGS, Licensed Court Reporter

6       within and for the State of Tennessee, do hereby certify

7       that the above deposition was reported by me and that

8       the foregoing pages of the transcript is a true and

9       accurate record to the best of my knowledge, skills, and

10      ability.

11              I further certify that I am not a relative,

12      counsel or attorney of either party nor employed by any

13      of the parties in this case or otherwise interested in

14      the event of this action.

15              IN WITNESS WHEREOF, I have hereunto affixed my

16      official hand on this 2nd day of January 2025.

17

18

19

20

21      *[signature: Carole K. Briggs]*

22      _____

23      CAROLE K. BRIGGS

24      Shorthand Reporter

25      Tennessee License No. 345