UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| BIANCA CLAYBORNE, individually and as parent and next friend of minors J.C., D.W., L.W., A.C., and P.C., | ) ) ) ) ) |
| Plaintiff, | ) Case No.: 4:24-cv-00012 ) Judge Clifton L. Corker ) |
| v. | ) ) ) JURY DEMANDED |
| RUBEN BASALDUA, et al. | ) ) |
| Defendants. | ) |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO COUNTY DEFENDANTS' MOTION TO AMEND OR MODIFY CASE MANAGEMENT ORDER**

Under Rule 16, the County Defendants must show why, despite an exercise of reasonable diligence, they could not meet the existing April 7 expert disclosure deadline. They have not made that showing. Plaintiffs respectfully urge the Court to deny the Motion.

## BACKGROUND

On February 17, 2023, Coffee County Sheriff's Department ("County") employees Alan Crabtree, James Sherrill, Alex Bell, Frank Watkins, and Stephen Sharketti participated in detaining, questioning, or separating Ms. Clayborne or her family at the Coffee County Jail. On February 7, 2024, Plaintiffs filed this case. They sued the County, Officer Crabtree, and "John Doe" County officers.[1] On March 14, 2024, attorneys at the law firm of Lewis Thomason appeared for the County and Crabtree (the "Original County Defendants"). (D.E. 16 & 17.)[2] Those counsel (the "County's counsel") have participated in every aspect of this case since that time, including defending Sherrill, Watkins, Sharketti, and Bell (the "New County Defendants") at their depositions (before they were added) and representing those four officers after they were added.[3]

On December 3, 2024, Plaintiffs told the County's counsel that Plaintiffs intended to add the New County Defendants. On January 3, 2025, at their request, Plaintiffs sent the County's counsel a copy of Plaintiffs' proposed First Amended Complaint. On January 27, 2025, Plaintiffs and the Original County Defendants (and others) jointly moved the Court to reset the schedule

---

[1] As described in Plaintiffs' Amended Complaint: Coffee County had files reflecting all the officers involved, including (1) surveillance footage, (2) a recording of calls among Watkins, Sherrill, the Coffee County District Attorney, and Judge Greg Perry (in which Sherrill stated the County would get sued for intervening) and (3) phone records reflecting all officers involved. However, the County (a) failed to preserve the surveillance footage, and (b) in response to Plaintiffs' January 2024 public records request (which Watkins himself handled), denied the existence of the other documents. Plaintiffs accordingly did not know the names of the participating officers other than Crabtree. If the County (acting through Watkins) had complied with its legal duties, Plaintiffs would have identified all the officers in the original Complaint.
[2] Another attorney from the same firm appeared on January 6, 2025. (D.E. 62.)
[3] *See* D.E. 97-100 (waivers for Sherrill, Watkins, Sharketti, and Bell executed by counsel).

1

(D.E. 78.). Plaintiffs would make their disclosures by **March 7**, Defendants had **30 days** to disclose their experts (April 7), Plaintiffs had **21 days** for rebuttal experts (April 28), and the parties had six weeks thereafter (through June 12) to complete expert discovery – with dispositive motions due June 27. The Court granted that motion "because the parties require additional time to complete expert discovery, and because the requested extensions would not materially delay the progression of this case[.]" (D.E. 89) (emphasis added). On February 26, 2025, over the Original County Defendants' objection, Plaintiffs filed a First Amended Complaint. (D.E. 92.) Plaintiffs disclosed their experts on March 7, 2025. County Defendants made no disclosures on April 7.

## APPLICABLE LEGAL STANDARDS AND RULES

Per Rule 16(b)(4), a party seeking to modify a scheduling order must show "good cause:"

> A court choosing to modify the schedule upon a showing of good cause, may do so only if it cannot reasonably be met despite the diligence of the party seeking the extension. Another important consideration . . . is whether the opposing party will suffer prejudice by virtue of the amendment.[4]

"[T]he moving party's diligence in attempting to meet the requirements of the scheduling order is the primary measure of Rule 16(b)'s 'good cause' standard."[5] In determining prejudice, all litigants are prejudiced by unwarranted delays in the resolution of civil actions,[6] and "justice delayed is justice denied" because "it is a practical reality that the longer litigation lasts, the more expensive it will be."[7] Final, per LR. 38.2, motions to move a trial date must have an affidavit.[8]

---

[4] *Momenta Pharms., Inc.*, 2019 WL 13496984, at *4 (cleaned up); *Lifeway Christian Res. of the S. Baptist Convention*, 2022 WL 96523, at *2 (M.D. Tenn. Jan. 10, 2022) ("Courts determine good cause by measuring the movant's diligence in attempting to meet the case management order's requirements. The [moving party] must show that despite his diligence he could not meet the original deadline."); *E.E.O.C. v. U-Haul Int'l, Inc.*, 286 F.R.D. 322, 325 (W.D. Tenn. 2012).
[5] 281 F.3d at 625.
[6] *Clark v. Luker*, 2007 WL 1295996, at *2 (W.D. Mich. Apr. 30, 2007).
[7] *Medien Pat. Verwaltung AG v. Warner Bros. Ent. Inc.*, 2014 WL 1169575, at *2 (S.D.N.Y. Mar. 21, 2014).
[8] *See Jernigan v. Gainey Transp. Servs, Inc.*, 2010 WL 4105450, at *4 (E.D. Tenn. Oct. 18, 2010).

2

# ARGUMENT

It is unclear why the County Defendants did not simply join the March 26 Motion filed by Lynn, Velez, and Wright-Gilliam. Instead, the County Defendants waited until the April 7 deadline itself to seek an extension.[9] Doing this piecemeal is inefficient. It also unnecessarily drives up the cost of litigation for Plaintiffs. The Motion is also confusing: it seeks only to reset the County Defendants' expert deadline, but nothing else. Moving the expert deadline to October 3 (24 days before trial) is inconsistent with the other deadlines and would severely prejudice Plaintiffs.[10] At any rate, the Motion fails to show good cause to move any deadlines or the trial date.

The Motion does not show why the Original County Defendants could not comply with the April 7 deadline. On January 27, 2025, the Original County Defendants affirmatively ***moved the Court to set the April 7 deadline***. The Motion does not identify ***any*** steps taken by them to comply with that agreed deadline. To the contrary, they had 12 months to prepare their experts.[11] They have no basis to seek any additional time – let alone 6 months. As to the New County Defendants, the Motion does not show good cause either. The fact that they were formally added to the case on February 26, 2025 is a distinction without a difference. They are similarly situated to the Original County Defendants in every respect: the claims against them are the same; the facts, legal issues, and defenses are the same; and they have the same lawyers, who represented the New County Defendants at their depositions and who have participated in all discovery in the case. The Motion

---

[9] They waited until the eleventh hour to raise the issue. At 1:42 pm CT on Friday, April 4, 2025, all County Defendants asked for Plaintiffs' position on extending the deadline. At 9:42 am on April 7 (four business hours later), they filed the instant motion.

[10] *See Almaraz v. City of Mesa*, 2011 WL 1661535, at *1 (D. Ariz. May 3, 2011) (denying motion to reset expert deadline, where proposed new deadline would "upset the dispositive motion deadline" and "in turn affect the firm trial date," which would "not only prejudice defendants, who had already complied with their own . . . expert disclosure deadline, but would also significantly affect the overall Rule 16 schedule and therefore the timely processing of this case").

[11] Discovery opened on April 10, 2024 upon the initial Rule 26(f) conference. (D.E. 42 at 1).)

3

identifies no additional discovery the New County Defendants need that has not already been developed. Nor does it indicate that the County's experts would have said anything differently in light of their addition.[12] In sum, the Motion fails to show good cause for any extension.

This is similar to *Murray v. City of Carlsbad*, 2010 WL 2605818 (S.D. Cal. June 28, 2010). There, after multiple City officers allegedly searched and arrested the plaintiff unlawfully, the plaintiff initially sued the City and the only officer whom the plaintiff had identified at the time. The plaintiff deposed three of the other officers and then moved to add them as defendants. The court allowed this, finding no prejudice to the three new officers being added because they had already been deposed, they had same counsel, the plaintiffs did not allege new theories of liability against them, and the claims were the same.[13] The same is true here.[14]

The only justification stated in the Motion is an implication (without specifics) that the New County Defendants could be dismissed from the case. (D.E. 113 at 2.) Given that the Original County Defendants answered the same claims (D.E. 18), the only conceivable difference might be a statute of limitations defense. But that cannot work for the five minor plaintiffs: they have minor tolling under T.C.A. § 28-3-106, which tolls their claims until they reach the age of majority.[15] Accordingly, their claims will proceed regardless.

---

[12] Plaintiffs offered to give County Defendants to April 28 to disclose their experts and 15 days of additional fact discovery, but they said no.
[13] *Id.* at 2.
[14] *See also Postell v. Philadelphia Prison Sys.*, 2017 WL 1171141, at *4 (E.D. Pa. Sept. 21, 2017) (finding no prejudice to adding additional officer defendant, where claims, evidence, and attorneys who had "access to all the evidence" were the same).
[15] *Walker v. Fayette Cnty. Sch.*, 2021 WL 3824840, at *5, 7 (W.D. Tenn. Aug. 26, 2021) (minor tolling); *Evans v. Hommrich*, 2019 WL 13393916, at *7 n.7 (E.D. Tenn. Oct. 31, 2019) (noting minor plaintiffs' claims would be tolled); *Abels ex rel Hunt v. Genie Indus. Inc.*, 202 S.W.3d 99, 100-103, 106 (Tenn. 2006) ("[O]ur Court of Appeals held that a minor's cause of action against a defendant, who was added two years after the original complaint was filed, was not barred by the statute of limitations, even though the minor's legal guardian timely filed the original complaint") (citing *Brooks v. Gunn*, 667 S.W.2d 599, 501 (Tenn. Ct. App. 1984)); *Gavlin v. Adventist*

Ultimately, the County Defendants seek a strategic advantage. Expert discovery was supposed to be reciprocal, overlapping, and carefully coordinated –with the County Defendants making their disclosures in 30 days and the remaining deadlines (rebuttals, expert depositions, Rule 56, etc.) tracking from there. Plaintiffs timely disclosed their experts on March 7. However, in response, the County Defendants waited until their own disclosure deadline to ask for 6 months (rather than 30 days) to reciprocate. They should not allowed to grant themselves an extension.[16] Nor is it fair: it effectively makes so that the County Defendants will obtain unilateral discovery of Plaintiffs' experts and an inordinate amount of time to make their own disclosures.

Finally, to the extent the County Defendants are implicitly joining the Motion filed at D.E. 112, Plaintiffs incorporate their Response to that Motion here (D.E. 116). The County Defendants' Motion fails for the same reasons. The Original County Defendants consented to every deadline in this case (including the trial date per D.E. 42), and the Motion does not show why the addition of the similarly situated New County Defendants should disturb that schedule.

## **CONCLUSION**

The County Defendants have moved to reset the expert deadline, but have not shown good cause. Their Motion does not show steps they took to comply with the existing deadline. Nor does it otherwise set out any persuasive justification for non-compliance with the April 7 expert deadline. Plaintiffs respectfully urge the court to deny the Motion.

---

*Bolingbroke Hosp.*, 196 N.E. 3d 1141, 1147-49 (Ill. Ct. App. 2022) (citing *Abels* and *Gunn*).
[16] *Curtiss v. Charter Commcn's, LLC*, 2023 WL 4421633, at *1 (S.D. Ohio Mar. 27, 2023) ("The filing of a motion seeking an extension is not a self-executing filing. One does not obtain an extension merely by asking for one at the eleventh hour."); *see also Compere v. Nusret Miami, LLC*, 2020 WL 2844888, at *2 (S.D. Fla. May 7, 2020) ("A motion for extension is not self-executing; no motion is, unless expressly for by the applicable rule. . . . Yet, by filing these motions on or near the last day, and then sitting idle pending the court's disposition of the motion, parties essentially grant their own motion. The Court will not condone this.").

DATED: April 14, 2025.                    Respectfully submitted,

                                                            */s/ Tricia R. Herzfeld*
Tricia R. Herzfeld (#26014)
Anthony A. Orlandi (#33988)
Benjamin A. Gastel (#28699)
Jeff Preptit (#38451)
**HERZFELD SUETHOLZ GASTEL LENISKI AND WALL, PLLC**
223 Rosa L. Parks Avenue, Suite 300
Nashville, TN 37203
Telephone: (615) 800-6225
tricia@hsglawgroup.com
tony@hsglawgroup.com
ben@hsglawgroup.com
jeff@hsglawgroup.com

Abby R. Rubenfeld
**Rubenfeld Law Office, PC**
810 Dominican Drive, Ste. 215
Nashville, TN 37228
Telephone: (615) 386-9077
arubenfeld@rubenfeldlaw.com

*Attorneys for Plaintiffs*

6

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served via electronic mail on this 14th day of April 2025 and by the Court's CM/ECF system which electronically served a copy to all counsel of record:

| | |
|---|---|
| Jeffrey R Thompson<br>Gina Sarli Vogel<br>Grant A. Carringer<br>**Lewis Thomason, P.C.**<br>900 South Gay St., Ste. 300<br>P.O. Box 2425<br>Knoxville, TN 37901<br>865-546-4646<br>jrthompson@lewisthomason.com<br>gvogel@lewisthomason.com<br>GCarringer@LewisThomason.com<br><br>***Attorneys for Coffee County Tennessee and Officer Crabtree*** | Daniel J. Ripper<br>Chloe Kennedy<br>Isabella Bombassi<br>**Luther Anderson PLLP**<br>P.O. Box 151<br>Chattanooga, Tennessee 37402<br>(423) 756-5034<br>dan@lutheranderson.com<br>cek@lutheranderson.com<br>bib@lutheranderson.com<br><br>***Attorney for Katlyn Pelham*** |
| Meghan Murphy<br>Peako Jenkins<br>**Office of the Tennessee Attorney General**<br>P.O. Box 20207<br>Nashville, Tennessee 37202<br>Phone (615) 253-3890<br>meghan.murphy@ag.tn.gov<br>Peako.Jenkins@ag.tn.gov<br><br>W. Adam Izell<br>**Law Office of W. Adam Izell, PLLC**<br>P.O. Box 4386<br>Chattanooga, TN 37405<br>Telephone: (423) 888-3022<br>adam@chattlawyer.com<br><br>***Attorneys for Ruben Basaldua, Donnie Clark, Douglas Foster, and James Thompson*** | Kristin Ellis Berexa<br>Grace Patton<br>**Farrar\|Bates\|Berexa**<br>12 Cadillac Drive, Ste. 480<br>Brentwood, TN 37207<br>Telephone: (615) 254-3060<br>kberexa@fbb.law<br>gpatton@fbb.law<br><br>***Attorneys for Montana Medina*** |
| Arthur F. Knight III<br>**Law Office of Arthur F. Knight III**<br>3248 Tazewell Pike, Suite 103<br>Knoxville, TN 37918<br>P: (865) 252-0430<br>arthur@arthurfknightlaw.com | Thomas Hickey, Jr.<br>Rafael E. Camacho<br>**SPICER RUDSTROM PLLC**<br>537 Market St., Ste. 203<br>Chattanooga, TN 37402<br>P: 423-541-9809 |

| | |
|---|---|
| *Attorney for Erica Wright-Gilliam* | thickey@spicerfirm.com<br>rcamacho@spicerfirm.com<br><br>*Attorney for Kathleen Velez* |
| E. Ashley Carter<br>Jeffrey B. Cadle<br>**Office of Tennessee Attorney General**<br>P.O. Box 20207<br>Nashville, Tennessee 37202<br>P. 615-741-7932<br>Ashley.Carter@ag.tn.gov<br>Jeffrey.cadle@ag.tn.gov<br><br>*Attorney for Dale Lynn* | |

                                                */s/ Tricia R. Herzfeld*
                                                Tricia R. Herzfeld