UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

BIANCA CLAYBORNE, individually )
and as parent and next friend of minors )
J.C., D.W., L.W., A.C., and P.C., )
            ) Case No.: 4:24-cv-00012
 **Plaintiff,** )
            ) Judge Clifton L. Corker
v. )
            ) JURY DEMANDED
RUBEN BASALDUA, et al., )
            )
 **Defendants.** )

## MEMORANDUM IN SUPPORT OF MOTION TO EXTEND REMAINING EXPERT DEADLINES AS TO COUNTY DEFENDANTS ONLY

Plaintiffs respectfully move the Court to reset Plaintiffs' deadline to serve a rebuttal to the County Defendant's expert report to **November 14, 2025** and to reset the deadline for the County Defendants and Plaintiffs to complete expert discovery to **December 12, 2025**.

On February 13, 2025, the Court granted the parties' joint request to reset certain case management deadlines as follows:

| Modified Scheduling Dates | |
|---|---|
| Plaintiffs' Expert Disclosures | **March 7, 2025** |
| Defendants' Expert Disclosures | **April 7, 2025** |
| Rebuttal on Expert Disclosures | **April 28, 2025** |
| Expert Discovery Cutoff | **June 12, 2025** |
| Dispositive Motions Due and Daubert Challenge Deadline | **June 27, 2025** |

[1]

At the time, County officer Alan Crabtree and the County itself were Defendants. On February 26, 2025, Plaintiffs formally added four additional current or former County officers (James Sherrill,

---

[1] Dkt. 89 at p. 2.

Alex Bell, Frank Watkins, and Stephen Sharketti) as Defendants. Collectively, these are the "County Defendants."

On March 26, 2025, three DCS Defendants (Kathleen Velez, Dale Lynn, and Erica Wright-Gilliam) filed a Motion to Amend the Case Management Order – including the remaining expert deadlines. (Dkt. 112.) On April 7, 2025, the day that the County Defendants' expert disclosures were due, the County Defendants filed a motion seeking to extend their deadline to serve an expert report. (Dkt. 113.) They argued that until they could respond to the operative pleading (whether by answer or a Rule 12 motion), "[n]o expert can reasonably render an opinion or provide a report . . . ." (*Id.* at 2.) On May 1, 2025, the Court issued an Order granting these motions and resetting the remaining case management deadlines. (Dkt. 134.) In relevant part, the Court ordered Defendants to serve expert reports by October 1, 2025, Plaintiffs to serve rebuttal reports by October 15, 2025, and the parties to complete expert discovery by November 21, 2025.

On October 1, 2025, the County Defendants served an expert report. The expert offers opinions concerning each of the County Defendants.

Plaintiffs' rebuttal report deadline is today, October 15 – 14 days from the County Defendants' disclosure. However, Plaintiffs require additional time to serve a rebuttal to the County Defendants' expert. Plaintiffs conferred with counsel for the County Defendants about an extension. County Defendants' counsel expressed that the County Defendants would not concede that any forthcoming report necessarily was a "rebuttal" report. However, after multiple discussions with County Defendants' counsel, Plaintiffs' counsel understood that the County Defendants would not oppose the requested extension of the rebuttal deadline provided that Plaintiffs represented that Plaintiffs had not retained a rebuttal expert until after receiving the County Defendants' October 1 expert disclosure, and that the County Defendants would be reserving their rights to challenge the propriety of any disclosure made by Plaintiffs on the

extended deadline. Plaintiffs' counsel made those representations and believed, based on previous discussions, that this would suffice to secure the County Defendants' consent. Nevertheless, on October 14 (the day before the deadline), the County Defendants stated that they would still oppose the requested extension. Plaintiffs accordingly were forced to move today for an (opposed) extension.

Per Rule 16, Plaintiffs must show good cause to reset the deadline. Good cause exists if the moving party could not meet the existing deadline despite reasonable diligence, and an important consideration is whether the opposing party will suffer prejudice by virtue of the amendment.[2] Here, these factors are met.

As an initial matter, Plaintiffs have needed sufficient time (more than 14 days) to retain an expert and obtain rebuttal opinions. The County Defendants' expert report offers separate opinions concerning each of the County Defendants. On top of that, Plaintiffs' counsel need additional time due to intervening commitments in other matters – including a deposition and associated travel on October 1-2, a deposition and associated travel on October 5-6, a hearing and associated travel on October 9-10, a deposition and associated travel on October 14-15, and a mediation and associated travel October 15-16. Under the circumstances, despite an exercise of diligence, Plaintiffs could not reasonably have retained and prepared a rebuttal exposure within the original deadline. Plaintiffs also have significant future commitments in other matters that justify an extension to November 14 to serve rebuttal reports, including depositions and associated travel from October 21-23, a deposition on October 28, and a potential deposition and associated travel from Nov. 3-4.

---

[2] *Hosp. Auth, of Metro. Gov't of Nashville v. Momenta Pharms.*, *Inc.*, 2019 WL 13496984, at *4 (M.D. Tenn. June 7, 2019).

Plaintiffs seek only a modest adjustment to the existing deadlines that will not prejudice the County Defendants or impact the case management deadlines for other Defendants in any way. The County Defendants do not oppose a 21-day extension to December 12 to complete expert discovery. Accordingly, if Plaintiffs serve a rebuttal report by November 14 as requested, the parties will have ample time to depose each other's experts, and the County will not suffer any prejudice.

For these reasons, Plaintiffs respectfully urge the Court to reset Plaintiffs' deadline to serve rebuttal to the County's expert to **November 14, 2025** and to reset the deadline to complete expert discovery as to the County Defendants to **December 12, 2025**. All other deadlines would remain unaffected as to the County Defendants and all other Defendants.

Dated: October 15, 2025

Respectfully submitted,

*/s/ Tricia R. Herzfeld*
Tricia R. Herzfeld (#26014)
Anthony A. Orlandi (#33988)
Benjamin A. Gastel (#28699)
Jeff Preptit (#38451)
**HERZFELD SUETHOLZ GASTEL LENISKI AND WALL, PLLC**
1920 Adelicia St., Suite 300
Nashville, TN 37212
Telephone: (615) 800-6225
tricia@hsglawgroup.com
tony@hsglawgroup.com
ben@hsglawgroup.com
jeff@hsglawgroup.com

Abby R. Rubenfeld
**Rubenfeld Law Office, PC**
810 Dominican Drive, Ste. 215
Nashville, TN 37228
Telephone: (615) 386-9077
arubenfeld@rubenfeldlaw.com

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on this 15th day of October 2025 by the Court's CM/ECF system which electronically served a copy to all counsel of record:

| | |
|---|---|
| Jeffrey R Thompson<br>Gina Sarli Vogel<br>Grant A. Carringer<br>**Lewis Thomason, P.C.**<br>900 South Gay St., Ste. 300<br>P.O. Box 2425<br>Knoxville, TN 37901<br>865-546-4646<br>jrthompson@lewisthomason.com<br>gvogel@lewisthomason.com<br>GCarringer@LewisThomason.com<br><br>***Attorneys for Coffee County Tennessee and Officer Crabtree*** | Daniel J. Ripper<br>Chloe Kennedy<br>Isabella Bombassi<br>**Luther Anderson PLLP**<br>P.O. Box 151<br>Chattanooga, Tennessee 37402<br>(423) 756-5034<br>dan@lutheranderson.com<br>cek@lutheranderson.com<br>bib@lutheranderson.com<br><br>***Attorney for Katlyn Pelham*** |
| Meghan Murphy<br>Peako Jenkins<br>**Office of the Tennessee Attorney General**<br>P.O. Box 20207<br>Nashville, Tennessee 37202<br>Phone (615) 253-3890<br>meghan.murphy@ag.tn.gov<br>Peako.Jenkins@ag.tn.gov<br><br>W. Adam Izell<br>**Law Office of W. Adam Izell, PLLC**<br>P.O. Box 4386<br>Chattanooga, TN 37405<br>Telephone: (423) 888-3022<br>adam@chattlawyer.com<br><br>***Attorneys for Ruben Basaldua, Donnie Clark, Douglas Foster, and James Thompson*** | Kristin Ellis Berexa<br>Grace Patton<br>**Farrar\|Bates\|Berexa**<br>12 Cadillac Drive, Ste. 480<br>Brentwood, TN 37207<br>Telephone: (615) 254-3060<br>kberexa@fbb.law<br>gpatton@fbb.law<br><br>***Attorneys for Montana Medina*** |
| Arthur F. Knight III<br>**Law Office of Arthur F. Knight III**<br>3248 Tazewell Pike, Suite 103<br>Knoxville, TN 37918<br>P: (865) 252-0430<br>arthur@arthurfknightlaw.com | Thomas Hickey, Jr.<br>Rafael E. Camacho<br>Nicholas C. Stevens<br>**SPICER RUDSTROM PLLC**<br>537 Market St., Ste. 203<br>Chattanooga, TN 37402 |

| | |
|---|---|
| *Attorney for Erica Wright-Gilliam* | P: 423-541-9809<br>thickey@spicerfirm.com<br>rcamacho@spicerfirm.com<br>nstevens@spicerfirm.com<br><br>***Attorney for Kathleen Velez*** |
| E. Ashley Carter<br>Jeffrey B. CadleJessica S. Davis<br>**Office of Tennessee Attorney General**<br>P.O. Box 20207<br>Nashville, Tennessee 37202<br>P. 615-741-7932<br>Ashley.Carter@ag.tn.gov<br>Jeffrey.cadle@ag.tn.gov<br>Jessica.Davis@ag.tn.gov<br><br>***Attorney for Dale Lynn*** | |

                                              */s/ Tricia R. Herzfeld*
                                              Tricia R. Herzfeld