| | |
|---|---|
| BIANCA CLAYBORNE, individually and as parent and next friend of minors J.C., D.W., L.W., A.C., and P.C., | ) ) ) |
| | ) **Case No.: 4:24-cv-00012** |
| Plaintiff, | ) |
| | ) **District Judge Clifton L. Corker** |
| v. | ) **Magistrate Judge Michael J. Dumitru** |
| | ) |
| RUBEN BASALDUA, et al., | ) **JURY DEMANDED** |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S OMNIBUS MOTION IN LIMINE (MIL NOS. 1–14)

Plaintiffs respectfully file this *Omnibus* Motion in *Limine* move the Court to exclude certain evidence, testimony, and argument at trial. The 14 underlying exclusion requests are set forth below. Each is supported by a separate Memorandum of Law.

## COMMON LEGAL STANDARDS

Motions in *limine* are intended "'to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions.'"[1] Many of the motions concern, in whole or in part, the standards under Rules 401, 402, 403, and 802. To avoid repetition, Plaintiffs set out those common standards here and incorporate them by reference into the underlying briefs.

"Under [FRE] 402, irrelevant evidence is inadmissible, and relevant evidence is admissible unless the Constitution, a federal statute, or the federal rules provide otherwise."[2] Under Fed. R.

---

[1] *Bell v. Sam's E., Inc.*, 2018 WL 719042, at *2 (E.D. Tenn. Feb. 5, 2018) (citing *Luce*, 469 U.S. 38, 40 n.2 (1984) (quoting *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990))).

[2] *ACT, Inc.*, 2020 WL 12572929 at *4 (citing *U.S. v. Chavez*, 951 F.3d 349, 361 n.1 (6th Cir. 2020)); *see also U.S. v. McPhearson*, 303 F. App'x 310, 318 (6th Cir. 2008) (explaining that "Federal Rule of Evidence 402 permits the introduction only of relevant evidence.").

Evid. 401, evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."[3] "The purpose of the relevance inquiry is to 'ensure that there is a fit between the testimony and the issue to be resolved by the trial.'"[4] The introducing party has the burden to prove relevance.[5]

Alternatively, a party cannot introduce evidence just because it is relevant.[6] Under Fed. R. Evid. 403, evidence is inadmissible if its probative value is substantially outweighed by certain factors including danger of unfair prejudice, risk of jury confusion, and misleading the jury.[7] "Unfair prejudice means an undue tendency to suggest a decision on an improper basis."[8]

Also, under Fed. R. Evid. 802, hearsay is inadmissible unless the rules or a federal statute provide otherwise.

### MOTIONS *IN LIMINE*

Plaintiffs accordingly request that the Court grant the following Motions *in Limine* Nos. 1 through 14:

 1. MIL No. 1 - To Exclude Speculation About A Particular Medical Record

---

[3] F.R.E. 401.

[4] *See also ACT, Inc. v. Worldwide Interactive Network*, 2020 WL 12572929, at *4 (E.D. Tenn. Mar. 30, 2020) (quoting *Greenwell v. Boatwright*, 184 F.3d 492, 496 (6th Cir. 1999)).

[5] *Dowling v. United States*, 493 U.S. 342, 351 n.3 (1990).

[6] *Garren v. CVS RX Servs., Inc.*, 2021 WL 781677, at *12 (E.D. Tenn. Mar. 1, 2021) (explaining that "[p]laintiff is incorrect in asserting that he has a right to introduce any evidence as long as it is relevant. A party's right to introduce relevant evidence is limited by the Federal Rules of Evidence and other applicable law.").

[7] Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."); *see also Huddleston v. United States*, 485 U.S. 681, 687 (1988).

[8] *U.S. v. Rey*, 923 F.2d 1217, 1222 (6th Cir. 1991); *see also U.S. v. Farmer*, 2024 WL 3458748, at *5 (6th Cir. 2024) (citing *U.S. v. Schrock*, 855 F.2d 327, 335 (6th Cir. 1988)). "Evidence is 'unfairly prejudicial' when it "invites the jury to decide the case on an improper basis, unrelated to the probative value of the evidence.").

Plaintiffs respectfully move the Court to exclude any evidence or argument about the reasons for Bianca Clayborne's Risperidone prescription.

2. <u>MIL No. 2 – To Exclude References to Plaintiffs' Counsel and Civil Rights Organizations</u>

Plaintiffs respectfully seek to exclude references to (1) Plaintiffs' Counsel or their work, and (2) references to outside civil rights organizations, including any efforts to get civil rights groups involved.

3. <u>MIL No. 3 – To Exclude Basaldua Interior Dashcam</u>

Plaintiffs respectfully move the Court to exclude the Defendants from introducing any information from the Basaldua interior camera.[9]

4. <u>MIL No. 4 – To Exclude References to Press Coverage of the Case</u>

Plaintiffs respectfully move to exclude press coverage of this case or that Ms. Clayborne encouraged media coverage.

5. <u>MIL No. 5 – To Exclude Any Reference to Abortion</u>

Plaintiffs respectfully request that the Court exclude reference to Bianca Clayborne having an abortion.

6. <u>MIL No. 6 – To Exclude Evidence of Deonte Williams' Conviction</u>

Plaintiffs move to exclude all evidence and testimony relating to Williams' stale criminal conviction.

7. <u>MIL No. 7 – To Exclude References to Criminal History of Deonte Williams</u>

Plaintiffs move to exclude all evidence and testimony relating to Mr. Williams' status as a "felon," his past dropped criminal charges, and his criminal history report on the date of the

---

[9] This requested relief would not preclude Plaintiffs from introducing into evidence any statements against interest made by Defendant Basaldua or any other Trooper Defendants on this video.

incident.

    8.  <u>MIL No. 8 – To Exclude References to Prior and Subsequent "Bad Acts"</u>

Plaintiffs move to exclude all evidence of prior or subsequent "bad acts" by Bianca Clayborne and Deonte Williams. This includes any references to Clayborne or Williams purportedly seeking to evade arrest or delay the traffic stop.

    9.  <u>MIL No. 9 – To Exclude References to the Money, Firearm, and Green Leafy Substance Recovered from the Car and Any Suggestion that Clayborne or Williams Were Driving Under the Influence.</u>

Plaintiffs move to exclude all reference to items recovered from the car, including money, a firearm, and a green leafy substance, along with references to these items in any context including but not limited to property receipts. Plaintiffs also specifically seek to exclude Defendants from making any reference to marijuana, weed, or "drugs." As to the arrest of Williams, Defendants should be restricted to only stating that Williams was arrested for a misdemeanor. As to Clayborne, Defendants should be restricted only to stating that Clayborne was cited for a misdemeanor. Defendants should also be precluded from suggesting that Clayborne or Williams were driving under the influence. Plaintiffs' request to exclude this evidence would apply to any documents that reference any of these items and issues, such as the tow slip, property receipt, and misdemeanor charge and citation.

    10. <u>MIL No. 10 – To Exclude Irrelevant Comments and Information</u>

Plaintiffs respectfully move the Court to exclude certain information that is irrelevant and otherwise substantially more prejudicial than probative. Specifically, Plaintiffs to seek exclude the following:

A.  References to "Skinhead Troopers," Tennessee Being a "Piece of Sh*t State," and Bianca Clayborne Being a Racist

B. References to a Tint Violation or Slow Poke Violation. Instead, in referencing the initial stop, the parties can simply say that the car was pulled over for a traffic offense, the Troopers issued a warning, and that offense was not charged.

C. References to Williams' Trucking Company

D. References to the "Weed Man" and Anything Else the Children Supposedly Said to DCS Workers After Being Removed

E. References to Subsequent Drug Tests in the Juvenile Court Case

F. Threatening Statements Allegedly Made to DCS Workers After the Children Were Removed.

11. MIL No. 11 – To Exclude Various Forms of Hearsay

Plaintiffs respectfully request that the Court issue an order barring the introduction of the following categories of hearsay, except where a party specifically shows that any of the statements fall within a recognized hearsay exception or are not offered for their truth:

(1) The content of all unrecorded phone calls that day.

(2) The content of all other unrecorded oral communications.

(3) The content of all texts.

12. MIL No. 12 – To Exclude References to (1) a Verbal Order of Child Removal Being Valid and (2) the Call Between Lynn and Perry as a Legal Proceeding or Court Proceeding

Plaintiffs respectfully move to exclude from trial all references to (1) a verbal order to remove a child in Tennessee being "valid" or words to similar effect; and (2) any attempt to characterize the unsworn, undocketed phone call between Dale Lynn and Judge Perry as a "legal proceeding," "court proceeding," or words to similar effect.

13. MIL No. 13 – To Exclude References to There Being a Verbal Order Before the 1:36 P.M. Telephone Call

Plaintiffs respectfully move the Court to preclude the County Defendants from asserting

that anyone at DCS told the County that DCS had a verbal order before the 1:36 p.m. phone call.

14. <u>MIL No. 14: To Exclude References to Any Settlements</u>

Plaintiffs respectfully move the Court to preclude the non-settling Defendants from referencing anything concerning settlements between Plaintiffs and settling Defendants, including the fact of the settlements, settlement negotiations, or their amounts.

Dated: March 20, 2026

Respectfully submitted,

*/s/ Anthony A. Orlandi*
Tricia R. Herzfeld (#26014)
Anthony A. Orlandi (#33988)
Benjamin A. Gastel (#28699)
Jeff Preptit (#38451)
**HERZFELD SUETHOLZ GASTEL LENISKI AND WALL, PLLC**
1920 Adelicia St., Suite 300
Nashville, TN 37212
Telephone: (615) 800-6225
tricia@hsglawgroup.com
tony@hsglawgroup.com
ben@hsglawgroup.com
jeff@hsglawgroup.com

Abby R. Rubenfeld (#6645)
**Rubenfeld Law Office, PC**
810 Dominican Drive, Ste. 215
Nashville, TN 37228
Telephone: (615) 386-9077
arubenfeld@rubenfeldlaw.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served on this 20th day of March 2026 by the Court's CM/ECF system which electronically served a copy to all counsel of record:

| | |
|---|---|
| Jeffrey R Thompson<br>Gina Sarli Vogel<br>Grant A. Carringer<br>**Lewis Thomason, P.C.**<br>900 South Gay St., Ste. 300<br>P.O. Box 2425<br>Knoxville, TN 37901<br>865-546-4646<br>jrthompson@lewisthomason.com<br>gvogel@lewisthomason.com<br>GCarringer@LewisThomason.com<br><br>***Attorneys for Coffee County Tennessee and Officer Crabtree*** | Daniel J. Ripper<br>Chloe Kennedy<br>Isabella Bombassi<br>**Luther Anderson PLLP**<br>P.O. Box 151<br>Chattanooga, Tennessee 37402<br>(423) 756-5034<br>dan@lutheranderson.com<br>cek@lutheranderson.com<br>bib@lutheranderson.com<br><br>***Attorney for Katlyn Pelham*** |
| Meghan Murphy<br>Peako Jenkins<br>Dawn Jordan<br>**Office of the Tennessee Attorney General**<br>P.O. Box 20207<br>Nashville, Tennessee 37202<br>Phone (615) 253-3890<br>meghan.murphy@ag.tn.gov<br>Peako.Jenkins@ag.tn.gov<br>Dawn.jordan@ag.tn.gov<br><br>W. Adam Izell<br>**Law Office of W. Adam Izell, PLLC**<br>P.O. Box 4386<br>Chattanooga, TN 37405<br>Telephone: (423) 888-3022<br>adam@chattlawyer.com<br><br>***Attorneys for Ruben Basaldua, Donnie Clark, Douglas Foster, and James Thompson*** | Kristin Ellis Berexa<br>Grace Patton<br>**Farrar\|Bates\|Berexa**<br>12 Cadillac Drive, Ste. 480<br>Brentwood, TN 37207<br>Telephone: (615) 254-3060<br>kberexa@fbb.law<br>gpatton@fbb.law<br><br>***Attorneys for Montana Medina*** |
| Arthur F. Knight III<br>**Law Office of Arthur F. Knight III**<br>3248 Tazewell Pike, Suite 103<br>Knoxville, TN 37918<br>P: (865) 252-0430 | Thomas Hickey, Jr.<br>Rafael E. Camacho<br>Nicholas C. Stevens<br>**SPICER RUDSTROM PLLC**<br>537 Market St., Ste. 203 |

| | |
|---|---|
| arthur@arthurfknightlaw.com<br><br>***Attorney for Erica Wright-Gilliam*** | Chattanooga, TN 37402<br>P: 423-541-9809<br>thickey@spicerfirm.com<br>rcamacho@spicerfirm.com<br>nstevens@spicerfirm.com<br><br>***Attorney for Kathleen Velez*** |
| E. Ashley Carter<br>Jeffrey B. Cadle<br>Jessica Davis<br>**Office of Tennessee Attorney General**<br>P.O. Box 20207<br>Nashville, Tennessee 37202<br>P. 615-741-7932<br>Ashley.Carter@ag.tn.gov<br>Jeffrey.cadle@ag.tn.gov<br>Jessica.davis@ag.tn.gov<br><br>***Attorney for Dale Lynn*** | |

*/s/ Anthony A. Orlandi*
Anthony A. Orlandi