# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### AT WINCHESTER

|  |  |  |
|---|---|---|
| BIANCA CLAYBORNE, individually and as parent and next friend of minors J.C., D.W., L.W., A.C., and P.C., | ) ) ) ) | |
| | ) | Case No.: 4:24-cv-00012 |
| Plaintiff, | ) ) | |
| v. | ) ) ) | District Judge Clifton L. Corker Magistrate Judge Michael J. Dumitru |
| RUBEN BASALDUA, et al., | ) ) | JURY DEMANDED |
| Defendants. | ) ) | |

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE #4 – TO EXCLUDE REFERENCES TO PRESS COVERAGE OF THE CASE

Plaintiffs respectfully move to exclude press coverage of this case or that Ms. Clayborne encouraged media coverage, which is irrelevant, prejudicial, and inadmissible hearsay.

## BACKGROUND

The February 17, 2023 incident at issue in this case has garnered significant media attention. This includes news articles in the wake of the incident,[1] local news segments,[2] and coverage of the lawsuit itself.[3]

## LEGAL STANDARDS

Media coverage is generally irrelevant and inadmissible because coverage is just summaries of publicly available facts and opinions that stem from speculation.[4] Also, hearsay is "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."[5] A

---

[1] Camp, Emma, "Police Found a Blunt in Their Car. So They Seized Their Kids." *Reason.com* (Mar. 16, 2023), *available at* *https://reason.com/2023/03/16/police-found-a-blunt-in-their-car-so-they-seized-their-kids/*;

[2] https://www.youtube.com/watch?v=2euhlZKcrFE (WKRN News 2); https://www.youtube.com/watch?v=uj_sr0Htapc (WXIA 11Alive (Atlanta)); https://www.youtube.com/watch?v=50NhkbjEXFE (Newschannel 5).

[3] Wadhwani, Anita, "Mother of five kids taken by DCS after traffic stop files lawsuit," *TennesseeLookout.com* (Feb. 8, 2024), *available at* *https://tennesseelookout.com/2024/02/08/mother-of-five-kids-taken-by-dcs-after-traffic-stop-files-lawsuit/*; Willburn, Julia, "Judge Rules Mom Can Pursue Claims Against DCS Employees After Children Removed," *Tennessee Bar Association Law Blog* (Aug. 20, 2024), *available at* *https://www.tba.org/?pg=LawBlog&blAction=showEntry&blogEntry=111768*; Wadhwani, Anita, "Lawsuit: Tennessee DCS took kids after traffic stop without a valid court order." (Feb. 13, 2025), *available at* *https://tennesseelookout.com/2025/02/13/tennessee-department-of-childrens-services-took-kids-after-traffic-stop-with-a-valid-court-order*; West, Emily, "Going to be a damn lawsuit: Coffee County deputy warns judge ahead of taking kids." (Feb. 17, 2025), available at https://www.newschannel5.com/news/theres-going-to-be-a-damn-lawsuit-coffee-county-deputy-warns-judge-ahead-of-taking-kids.

[4] *See* Fed. R. Evid. 402; *see also Walden v. City of Providence*, 2008 WL 191285, at *2 (D.R.I. Jan. 23, 2008) (holding that press coverage is irrelevant when it does not provide insight to the fundamental issue in the case, thereby granting the motion in limine to exclude press coverage).

[5] Fed. R. Evid. 801(c)(1–2).

1

hearsay statement is inadmissible, unless it fits into an exception.[6] Press coverage is inadmissible

hearsay when the information transmitted in the coverage is made by a person without knowledge.[7]

<u>**APPLICATION**</u>

Media coverage of the incident and subsequent legal proceedings – including this lawsuit

itself – are inadmissible. The fact that the media covered this case is not probative of any issues in

dispute. Nor does it matter whether Clayborne encouraged media coverage of the case. Media

coverage does not make any disputed issue more or less likely, including whether Defendants

deprived Clayborne and her children of their rights or that Clayborne and her children were injured

by any such violations. Similarly, the fact that there has been media coverage or whether Clayborne

sought media coverage is not determinative of any issues in dispute. This is not a case about media

coverage. The claims turn on what happened on February 17, 2023 and whether (and to what

extent) the Plaintiffs were injured by what occurred that day. Moreover, media coverage otherwise

involves speculation, interpretation, and potentially unreliable information about what transpired.

The focus must be on the actual facts – not how people interpreted the events or broadcast their

impressions of what actually happened. And even if media coverage had some potential relevance,

any limited probative value would be substantially outweighed by the danger of unfair prejudice

from its admission. The jury would be invited to make decisions based on media attention and

media reports (*i.e.*, based on the coverage itself or a suggestion that Clayborne encouraged it)

---

[6] Fed. R. Evid. 802.

[7] *U.S. v. Layne*, 1994 WL 142813, at *6 (6th Cir. 1994) (explaining that "Rule 803(6), Fed. R. Evid., requires only that a business record be made from information transmitted by a person with knowledge…"); *see also United States v. Farrad*, 895 F.3d 859, 879 (6th Cir. 2018) (citing approvingly to *United States v. Browne*, 834 F.3d 403, 410 (3rd Cir. 2016) (reasoning that records are not admissible under 803(6) hearsay exception when the records are unlikely to be reliable and accurate "Facebook does not purport to verify or rely on the substantive contents of the communications in the course of its business.")).

2

rather than the underlying facts presented through witnesses with personal knowledge and contemporaneous records.

Finally, media coverage here contains inadmissible hearsay, and Defendants cannot show that the coverage falls into any recognized hearsay exceptions. Media coverage and statements reported in them are typically excluded as "rank hearsay."[8] Here, the reports are rife with statements not derived from individuals with knowledge, but instead derived from reporter's speculation, statements by third parties, or scattered video excerpts. These forms of hearsay should not be admitted.

<u>**CONCLUSION**</u>

Plaintiffs respectfully request the Court exclude any references to or argument about press coverage related to the subject matter of this case.

---

[8] *See, e.g., Johnson v. Metro Gov't of Nashville & Davidson Cnty.*, 2010 WL 3342211, at \*12 (M.D. Tenn. Aug. 24, 2010) (news articles in which defendant's agent made a statement are "classic, inadmissible hearsay"); *Nooner v. Norris*, 593 F.3d 592, 603 (8th Cir. 2010) ("Newspaper articles are rank hearsay.") (internal quotation omitted); *Green v. Scott*, 637 F. App'x 749, 751-52 (4th Cir. 2016) (excluding newspaper article as hearsay); *Miles v. Ramsay*, 31 F. Supp. 2d 869, 876 (D. Colo. 1998) ("Courts have uniformly acknowledged that newspaper articles are inadmissible hearsay when the article was not written or acknowledged by the defendant, yet is produced as proof of facts stated in the article"); *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997) (article inadmissible); *Moon v. Advanced Med. Optics, Inc.*, 2010 WL 11509121, at \*2 (N.D. Ga. Dec. 29, 2010) (excluding "newspaper articles and media statements, as well as any headlines and photographs contained in those documents"); *Roberts v. City of Shreveport*, 397 F.3d 287, 295 (5th Cir. 2005) (characterizing news articles as "classic, inadmissible hearsay").

3

Dated: March 20, 2026

Respectfully submitted,

*/s/ Anthony A. Orlandi*
Tricia R. Herzfeld (#26014)
Anthony A. Orlandi (#33988)
Benjamin A. Gastel (#28699)
Jeff Preptit (#38451)
**HERZFELD SUETHOLZ GASTEL LENISKI AND WALL, PLLC**
1920 Adelicia St., Suite 300
Nashville, TN 37212
Telephone: (615) 800-6225
tricia@hsglawgroup.com
tony@hsglawgroup.com
ben@hsglawgroup.com
jeff@hsglawgroup.com

Abby R. Rubenfeld (#6645)
**Rubenfeld Law Office, PC**
810 Dominican Drive, Ste. 215
Nashville, TN 37228
Telephone: (615) 386-9077
arubenfeld@rubenfeldlaw.com

*Attorneys for Plaintiffs*

4

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a copy of the foregoing document was served on this 20th day of March 2026 by the Court's CM/ECF system which electronically served a copy to all counsel of record:

| | |
|---|---|
| Jeffrey R Thompson<br>Gina Sarli Vogel<br>Grant A. Carringer<br>**Lewis Thomason, P.C.**<br>900 South Gay St., Ste. 300<br>P.O. Box 2425<br>Knoxville, TN 37901<br>865-546-4646<br>jrthompson@lewisthomason.com<br>gvogel@lewisthomason.com<br>GCarringer@LewisThomason.com<br><br>***Attorneys for Coffee County Tennessee and Officer Crabtree*** | Daniel J. Ripper<br>Chloe Kennedy<br>Isabella Bombassi<br>**Luther Anderson PLLP**<br>P.O. Box 151<br>Chattanooga, Tennessee 37402<br>(423) 756-5034<br>dan@lutheranderson.com<br>cek@lutheranderson.com<br>bib@lutheranderson.com<br><br>***Attorney for Katlyn Pelham*** |
| Meghan Murphy<br>Peako Jenkins<br>Dawn Jordan<br>**Office of the Tennessee Attorney General**<br>P.O. Box 20207<br>Nashville, Tennessee 37202<br>Phone (615) 253-3890<br>meghan.murphy@ag.tn.gov<br>Peako.Jenkins@ag.tn.gov<br>Dawn.jordan@ag.tn.gov<br><br>W. Adam Izell<br>**Law Office of W. Adam Izell, PLLC**<br>P.O. Box 4386<br>Chattanooga, TN 37405<br>Telephone: (423) 888-3022<br>adam@chattlawyer.com<br><br>***Attorneys for Ruben Basaldua, Donnie Clark, Douglas Foster, and James Thompson*** | Kristin Ellis Berexa<br>Grace Patton<br>**Farrar\|Bates\|Berexa**<br>12 Cadillac Drive, Ste. 480<br>Brentwood, TN 37207<br>Telephone: (615) 254-3060<br>kberexa@fbb.law<br>gpatton@fbb.law<br><br>***Attorneys for Montana Medina*** |
| Arthur F. Knight III<br>**Law Office of Arthur F. Knight III**<br>3248 Tazewell Pike, Suite 103<br>Knoxville, TN 37918<br>P: (865) 252-0430 | Thomas Hickey, Jr.<br>Rafael E. Camacho<br>Nicholas C. Stevens<br>**SPICER RUDSTROM PLLC**<br>537 Market St., Ste. 203 |

5

| | |
|---|---|
| arthur@arthurfknightlaw.com<br><br>**Attorney for Erica Wright-Gilliam** | Chattanooga, TN 37402<br>P: 423-541-9809<br>thickey@spicerfirm.com<br>rcamacho@spicerfirm.com<br>nstevens@spicerfirm.com<br><br>**Attorney for Kathleen Velez** |
| E. Ashley Carter<br>Jeffrey B. Cadle<br>Jessica Davis<br>**Office of Tennessee Attorney General**<br>P.O. Box 20207<br>Nashville, Tennessee 37202<br>P. 615-741-7932<br>Ashley.Carter@ag.tn.gov<br>Jeffrey.cadle@ag.tn.gov<br>Jessica.davis@ag.tn.gov<br><br>**Attorney for Dale Lynn** | |

*/s/ Anthony A. Orlandi*
Anthony A. Orlandi

6