# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## AT WINCHESTER

| | | |
|---|---|---|
| BIANCA CLAYBORNE, individually and as parent and next friend of minors J.C., D.W., L.W., A.C., and P.C., | ) ) ) ) | |
| Plaintiff, | ) ) | **Case No.: 4:24-cv-00012** |
| v. | ) ) ) | **District Judge Clifton L. Corker** **Magistrate Judge Michael J. Dumitru** |
| RUBEN BASALDUA, et al., | ) ) | **JURY DEMANDED** |
| Defendants. | ) ) | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE #7 –
TO EXCLUDE REFERENCES TO CRIMINAL HISTORY OF DEONTE WILLIAMS**

Plaintiffs move to exclude all evidence and testimony relating to the status of Deonte Williams as a "felon," his past dropped criminal charges, and his criminal history report on the date of the incident at issue here.

## BACKGROUND

On the date of the incident, the THP Defendants requested a background check on Williams, which returned a criminal history report. That report included a reference to the armed robbery conviction, along with references to other old criminal charges against Williams that were not prosecuted or that were dropped. After receiving that report, the THP Defendants (and later individuals at DCS with whom the THP Defendants spoke), began referring to Williams as a "felon." The THP Defendants also began falsely stating that Williams had been convicted of kidnapping, which was (and is) not true and which the report did not reflect.

## FRE 404 STANDARDS

Federal Rule of Evidence 404 prohibits that admission of any "evidence of any crime, wrong, or act … to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."[1] "Generally, evidence of 'a person's character or a trait of character' or evidence of 'other crimes, wrongs, or acts' is not admissible to show 'action in conformity therewith."[2] "[E]vidence of past criminal activity is inadmissible to show criminal propensity."[3] In assessing whether evidence is admissible under Rule 404(b), this court has previously employed a three-part test:

---

[1] Fed. R. Evid. 404(b).
[2] *Jordan v. Krystal Co.*, 2010 WL 4025866 at *4 (E D. Tenn. Oct. 12, 2010).
[3] *Donathan v. Orthopaedic & Sports Med. Clinic, PLLC*, 2009 WL 3584263 at *9 (E. D. Tenn. Oct. 26, 2009) (citing *United States v. Ismail*, 756 F.2d 1253, 1258 (6th Cir. 1985)).

(1) "[T]he Court must decide whether there is sufficient evidence that the other act in question actually occurred."[4]

(2) The Court must decide whether the evidence of the other act is probative of a material issue other than character." Under this second element, "the proponent of the evidence must identify a specific purpose for which the evidence is offered…" [5]

(3) "Third, if the evidence is probative of a material issue other than character, the Court must decide whether the probative value is substantially outweighed by its potential prejudicial effect."[6] In essence, the third element applies the standard of FRE 403.[7]

## ARGUMENT

### I.     The Criminal History Report is Inadmissible Hearsay

The criminal history sheet itself is hearsay. Accordingly, it is inadmissible to the extent that Defendants seek to offer it for the truth of the matter asserted.[8]

### II.     The Criminal History Report, The Dropped Charges, and His Status as a "Felon" Are All Inadmissible.

Even if the criminal history sheet itself could be offered for its truth, its admission is otherwise barred under Rule 404 and Rule 403. Federal Rule of Evidence 404 prohibits the admission of any "evidence of any crime, wrong, or act … to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."[9]

First, of the acts at issue, the only one for which there is any evidence that it actually occurred, is the armed robbery for which Williams was convicted in 2001. The other criminal

---

[4] *U.S. v. Brock*, 2007 WL 1464598 at *1 (E.D. Tenn. May 15, 2007) (citing *United States v. Jenkins*, 345 F.3d 928, 937 (6th Cir. 2003).

[5] *Hofstetter*, 2019 WL 6884981 at *3 (citing *United States v. Merriwether*, 78 F.3d 1070, 1076 (6th Cir. 1996)).

[6] *Brock*, 2007 WL 1464598 at *1

[7] *See United States v. Hardy*, 643 F.3d 143, 150 (6th Cir. 2011).

[8] *See* FRE 802 (bar against hearsay).

[9] Fed. R. Evid. 404(b).

charges were all dropped and there is no evidence that the acts charged actually occurred.[10] Accordingly, all the dropped charges fail the first element of the Rule 404(b) test and must be excluded.[11]

Second, the introduction of dropped charges otherwise serve no valid purpose. The only purpose for which they could be offered is to show that Mr. Williams has a propensity for bad acts – which FRE 404 prohibits.[12]

Third, even if there were some probative value to the dropped charges, any probative value is substantially outweighed by the danger of unfair prejudice under FRE 403. There is zero evidence that the charges were valid, zero evidence of the facts and circumstances concerning them, and a serious risk that disclosing those dropped offenses will inflame the jury against Plaintiffs. That is especially the case as to the THP Defendants' false assertion that Williams had been convicted of kidnapping. That assertion was untrue and, in the context of a case involving the removal of the children from their parents, would both mislead the jury and create a danger of unfair prejudice.

---

[10] *Brock*, 2007 WL 1464598 at *1.

[11] As to the armed robbery conviction, it is inadmissible for the reasons stated in the accompanying Memorandum in Support of Motion in *Limine* No. 6.

[12] *See Jarret v. McMinn County*, 2014 WL 11532195 at *1 (E.D. Tenn. March 5, 2014) (Stating "[t]he Court GRANTS Defendants' second motion in limine because whatever relevance Scott's prosecution in a completely separate matter may have, it would be substantially outweighed by unfair prejudice caused by jurors learning about the unrelated allegations of misconduct.")

# CONCLUSION

For these reasons, Plaintiffs respectfully request the Court the Court exclude all references to Williams' status as a "felon," his past dropped criminal charges, and his criminal history report on the date of the incident.

Dated: March 20, 2026

Respectfully submitted,
*/s/ Anthony A. Orlandi*
Tricia R. Herzfeld (#26014)
Anthony A. Orlandi (#33988)
Benjamin A. Gastel (#28699)
Jeff Preptit (#38451)
**HERZFELD SUETHOLZ GASTEL LENISKI AND WALL, PLLC**
1920 Adelicia St., Suite 300
Nashville, TN 37212
Telephone: (615) 800-6225
tricia@hsglawgroup.com
tony@hsglawgroup.com
ben@hsglawgroup.com
jeff@hsglawgroup.com

Abby R. Rubenfeld (#6645)
**Rubenfeld Law Office, PC**
810 Dominican Drive, Ste. 215
Nashville, TN 37228
Telephone: (615) 386-9077
arubenfeld@rubenfeldlaw.com

***Attorneys for Plaintiffs***

I hereby certify that a copy of the foregoing document was served on this 20th day of March 2026 by the Court's CM/ECF system which electronically served a copy to all counsel of record:

| | |
|---|---|
| Jeffrey R Thompson<br>Gina Sarli Vogel<br>Grant A. Carringer<br>**Lewis Thomason, P.C.**<br>900 South Gay St., Ste. 300<br>P.O. Box 2425<br>Knoxville, TN 37901<br>865-546-4646<br>jrthompson@lewisthomason.com<br>gvogel@lewisthomason.com<br>GCarringer@LewisThomason.com<br><br>***Attorneys for Coffee County Tennessee and Officer Crabtree*** | Daniel J. Ripper<br>Chloe Kennedy<br>Isabella Bombassi<br>**Luther Anderson PLLP**<br>P.O. Box 151<br>Chattanooga, Tennessee 37402<br>(423) 756-5034<br>dan@lutheranderson.com<br>cek@lutheranderson.com<br>bib@lutheranderson.com<br><br>***Attorney for Katlyn Pelham*** |
| Meghan Murphy<br>Peako Jenkins<br>Dawn Jordan<br>**Office of the Tennessee Attorney General**<br>P.O. Box 20207<br>Nashville, Tennessee 37202<br>Phone (615) 253-3890<br>meghan.murphy@ag.tn.gov<br>Peako.Jenkins@ag.tn.gov<br>Dawn.jordan@ag.tn.gov<br><br>W. Adam Izell<br>**Law Office of W. Adam Izell, PLLC**<br>P.O. Box 4386<br>Chattanooga, TN 37405<br>Telephone: (423) 888-3022<br>adam@chattlawyer.com<br><br>***Attorneys for Ruben Basaldua, Donnie Clark, Douglas Foster, and James Thompson*** | Kristin Ellis Berexa<br>Grace Patton<br>**Farrar\|Bates\|Berexa**<br>12 Cadillac Drive, Ste. 480<br>Brentwood, TN 37207<br>Telephone: (615) 254-3060<br>kberexa@fbb.law<br>gpatton@fbb.law<br><br>***Attorneys for Montana Medina*** |
| Arthur F. Knight III<br>**Law Office of Arthur F. Knight III**<br>3248 Tazewell Pike, Suite 103<br>Knoxville, TN 37918 | Thomas Hickey, Jr.<br>Rafael E. Camacho<br>Nicholas C. Stevens<br>**SPICER RUDSTROM PLLC** |

| | |
|---|---|
| P: (865) 252-0430<br>arthur@arthurfknightlaw.com<br><br>***Attorney for Erica Wright-Gilliam*** | 537 Market St., Ste. 203<br>Chattanooga, TN 37402<br>P: 423-541-9809<br>thickey@spicerfirm.com<br>rcamacho@spicerfirm.com<br>nstevens@spicerfirm.com<br><br>***Attorney for Kathleen Velez*** |
| E. Ashley Carter<br>Jeffrey B. Cadle<br>Jessica Davis<br>**Office of Tennessee Attorney General**<br>P.O. Box 20207<br>Nashville, Tennessee 37202<br>P. 615-741-7932<br>Ashley.Carter@ag.tn.gov<br>Jeffrey.cadle@ag.tn.gov<br>Jessica.davis@ag.tn.gov<br><br>***Attorney for Dale Lynn*** | |

*/s/ Anthony A. Orlandi*
Anthony A. Orlandi