## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## AT WINCHESTER

| | |
|---|---|
| BIANCA CLAYBORNE, individually and as parent and next friend of minors J.C., D.W., L.W., A.C., and P.C., | ) ) ) |
| | ) **Case No.: 4:24-cv-00012** |
| Plaintiff, | ) |
| | ) **District Judge Clifton L. Corker** |
| v. | ) **Magistrate Judge Michael J. Dumitru** |
| | ) |
| RUBEN BASALDUA, et al., | ) **JURY DEMANDED** |
| | ) |
| Defendants. | ) |

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE #11 – TO EXCLUDE VARIOUS FORMS OF HEARSAY

Plaintiffs respectfully move to exclude from trial all hearsay, except where a party specifically shows that an exception applies. In a typical case, the Court might not need to enter an order excluding all hearsay on the front end, in favor of taking these issues up on a statement-by-statement basis. Here, however, the case involves an extraordinary volume of inadmissible hearsay. This includes, among other things, the substance of hundreds of phone calls and texts between and among DCS workers and County officials during the February 17, 2023 incident, along with statements inside the car between Clayborne and a DCS worker. With the exception of a recording of two calls involving County Defendants Frank Watkins and James Sherrill, none of the calls were recorded, no one took contemporaneous notes about what happened on the calls or what occurred in the car, no one can remember exactly was said on these calls or in the car, and with few exceptions no one could recall **anything** about these communications. On top of this, certain Defendants – including Dale Lynn and the County Defendants – have indicated that they intend to rely on inadmissible hearsay to try to establish their defenses.[1]

Accordingly, to streamline the presentation of evidence at trial, Plaintiffs request that the Court issue an order barring the introduction of hearsay except where the proponent specifically shows that a hearsay exception applies.

## **LEGAL STANDARD**

Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.[2]

---

[1] *See, e.g.*, Dkt. 248, Pltfs. Resp. to Dale Lynn's Statement of Undisputed Material Facts, at Response to SUMF Nos. 14-17, 21-22, 25, and 26 (inadmissible hearsay); *see also* Dkt. 265, Pltfs. Resp. to County Defendants' Statement of Undisputed Material Facts, at Response to SUMF Nos. 3, 16-20, 23, 24, 31, 40, 54 (inadmissible hearsay in whole or in part).
[2] Fed. R. Civ. P. 801(c).

1

The general purpose of the rule against hearsay is to guard against evidence subject to four classes of risk peculiar to this kind of evidence: (1) insincerity; (2) faulty perception; (3) faulty memory; and (4) faulty narration, each of which decreases the reliability of the inference from the statement made to the conclusion for which it is offered.[3] Consideration animating the prohibition on hearsay include the solemnity of speaking under oath (rather than without the oath), the lack of ability to test the declarant's demeanor, the likelihood that someone making a statement of court might make a false or inaccurate statement, and the inability to cross-examine the absent declarant.[4] Accordingly, a hearsay statement is inadmissible, unless it fits into an exception.[5] The proponent of a hearsay statement bears the burden of proving that the statement fits squarely within a hearsay exception or exclusion.[6] When a witness asserts that they cannot remember exactly what they said and only make "guesses of what she likely said during these conversations," the testimony is inadmissible hearsay.[7] If a witness says that another party made an admission against interest in an email, but could not remember its exact wording and gave vague testimony about it, the evidence is inadmissible.[8]

### ARGUMENT

This case involves an extraordinary amount of hearsay. On February 17, 2023, there were emails, texts, and phone calls within and across DCS and the County officials.[9] In their summary judgment papers, Lynn and the County Defendants have made clear that they intend to rely on

---

[3] *Deere & Co. v. FIMCO, Inc.*, 260 F. Supp. 3d 830, 840 (W.D. Ky. 2017) (*citing Schering Corp v. Pzifer, Inc.*, 189 F.3d 218, 232 (2d Cir. 1999).

[4] *See McCormick on Evidence*, "The reasons for the rule against hearsay; exceptions to the rule," MCMK-EVID § 245.

[5] Fed. R. Evid. 802.

[6] *U.S. v. Kendrick*, 853 F.2d 492, 496 n.3 (6th Cir. 1988).

[7] *See Act-1*, 2015 WL 13091651, at *2.

[8] *See Butler v. McMahan*, 2009 WL 1765297, at *8 (E.D. Tenn. June 18, 2009).

[9] *See, e.g.*, Dkt. 250-3, Timeline.

2

inadmissible hearsay to support their defenses. Except to the extent that a hearsay statement falls within a recognized exception (such as Sherrill describing a statement against interest by Lynn on their 1:11 p.m. phone call), none of this evidence should be admissible. With the exception of a single call involving Defendants Watkins and Sherrill and a judge, none of the oral communications were recorded or documented. Witnesses could not recall even having the vast majority of communications, could not recall when they occurred or what was said, and (even where they claimed to remember something) spoke in generalities without knowing exactly what was said and when.[10] Also, in some instances (particularly as to Lynn), Defendants have offered hearsay statements *in their own interest*.

Reliance on all these types of evidence runs headlong into the very reasons why hearsay is presumptively inadmissible, including (1) insincerity; (2) faulty perception; (3) faulty memory; and (4) faulty narration.

Accordingly, Plaintiffs specifically request a ruling that the following categories of hearsay communications are inadmissible, except where a party specifically shows that any of the statements fall within a recognized hearsay exception or are not offered for their truth:

---

[10] For example, DCS worker Katlyn Taylor could not recall any details about 6 calls totaling 45 minutes with a supervisor during the incident – or that the calls had even occurred (Taylor Dep. at 325-326). DCS worker Erica Wright-Gilliam did not remember having her two calls with Lynn (Wright-Gilliam Dep. at 188-189), could not recall specific details about a call with Taylor (*id.* at 190-191), and could not recall specific details about her calls with a supervisor other than them being on the phone almost continuously. DCS worker Kathleen Velez could not recall specific details about a call with Wright-Gilliam other than speculation (Velez Dep. at 72-73) or a conversation she overheard with Crabtree after he arrived at the scene (*id.* at 74-75). County Investigator James Sherrill could not recall details about his second call with Lynn. And as explained in Plaintiffs' response to Lynn's Rule 56 motion, Lynn (a) claimed to have no memory of almost all calls he had that day (including calls with DCS workers at the scene and with Sherrill), (b) claimed only to remember about 30 seconds of general detail from a 17-minute call with his own supervisor Lusk but could not recall specifics and (c) claimed to recall just a few self-serving details about his four-minute call with Judge Perry, for which he could not recall specifics because (in Lynn's words) he was "only peripherally involved in this case two years ago."

3

(1) The content of all unrecorded phone calls that day. That would include, *inter alia*, the purported content of all calls involving Lynn, including the calls between Lynn and Lusk, Lynn and Wright-Gilliam, Lynn and Judge Perry, Lynn and Sherrill, and Lynn and others.

(2) The content of all other unrecorded oral communications, including any communications with Clayborne after Taylor entered her car, communications among the County officers at the scene, and communications between Sherrill and Watkins.

(3) The content of all texts.

## **CONCLUSION**

For these reasons, Plaintiffs respectfully request that the Court issue an order barring the introduction of the following categories of hearsay, except where a party specifically shows that any of the statements fall within a recognized hearsay exception or are not offered for their truth:

(1) The content of all unrecorded phone calls that day.

(2) The content of all other unrecorded oral communications.

(3) The content of all texts.

Issuing an order to this effect will streamline the presentation of evidence and ensure a fair trial.

4

Dated: March 20, 2026                    Respectfully submitted,

                                         */s/ Anthony A. Orlandi*
                                         Tricia R. Herzfeld (#26014)
                                         Anthony A. Orlandi (#33988)
                                         Benjamin A. Gastel (#28699)
                                         Jeff Preptit (#38451)
                                         **HERZFELD SUETHOLZ GASTEL LENISKI AND WALL, PLLC**
                                         1920 Adelicia St., Suite 300
                                         Nashville, TN 37212
                                         Telephone: (615) 800-6225
                                         tricia@hsglawgroup.com
                                         tony@hsglawgroup.com
                                         ben@hsglawgroup.com
                                         jeff@hsglawgroup.com

                                         Abby R. Rubenfeld (#6645)
                                         **Rubenfeld Law Office, PC**
                                         810 Dominican Drive, Ste. 215
                                         Nashville, TN 37228
                                         Telephone: (615) 386-9077
                                         arubenfeld@rubenfeldlaw.com

                                         *Attorneys for Plaintiffs*

5

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on this 20th day of March 2026 by the Court's CM/ECF system which electronically served a copy to all counsel of record:

| | |
|---|---|
| Jeffrey R Thompson<br>Gina Sarli Vogel<br>Grant A. Carringer<br>**Lewis Thomason, P.C.**<br>900 South Gay St., Ste. 300<br>P.O. Box 2425<br>Knoxville, TN 37901<br>865-546-4646<br>jrthompson@lewisthomason.com<br>gvogel@lewisthomason.com<br>GCarringer@LewisThomason.com<br><br>***Attorneys for Coffee County Tennessee and Officer Crabtree*** | Daniel J. Ripper<br>Chloe Kennedy<br>Isabella Bombassi<br>**Luther Anderson PLLP**<br>P.O. Box 151<br>Chattanooga, Tennessee 37402<br>(423) 756-5034<br>dan@lutheranderson.com<br>cek@lutheranderson.com<br>bib@lutheranderson.com<br><br>***Attorney for Katlyn Pelham*** |
| Meghan Murphy<br>Peako Jenkins<br>Dawn Jordan<br>**Office of the Tennessee Attorney General**<br>P.O. Box 20207<br>Nashville, Tennessee 37202<br>Phone (615) 253-3890<br>meghan.murphy@ag.tn.gov<br>Peako.Jenkins@ag.tn.gov<br>Dawn.jordan@ag.tn.gov<br><br>W. Adam Izell<br>**Law Office of W. Adam Izell, PLLC**<br>P.O. Box 4386<br>Chattanooga, TN 37405<br>Telephone: (423) 888-3022<br>adam@chattlawyer.com<br><br>***Attorneys for Ruben Basaldua, Donnie Clark, Douglas Foster, and James Thompson*** | Kristin Ellis Berexa<br>Grace Patton<br>**Farrar\|Bates\|Berexa**<br>12 Cadillac Drive, Ste. 480<br>Brentwood, TN 37207<br>Telephone: (615) 254-3060<br>kberexa@fbb.law<br>gpatton@fbb.law<br><br>***Attorneys for Montana Medina*** |
| Arthur F. Knight III<br>**Law Office of Arthur F. Knight III**<br>3248 Tazewell Pike, Suite 103<br>Knoxville, TN 37918<br>P: (865) 252-0430 | Thomas Hickey, Jr.<br>Rafael E. Camacho<br>Nicholas C. Stevens<br>**SPICER RUDSTROM PLLC**<br>537 Market St., Ste. 203 |

| | |
|---|---|
| arthur@arthurfknightlaw.com<br><br>***Attorney for Erica Wright-Gilliam*** | Chattanooga, TN 37402<br>P: 423-541-9809<br>thickey@spicerfirm.com<br>rcamacho@spicerfirm.com<br>nstevens@spicerfirm.com<br><br>***Attorney for Kathleen Velez*** |
| E. Ashley Carter<br>Jeffrey B. Cadle<br>Jessica Davis<br>**Office of Tennessee Attorney General**<br>P.O. Box 20207<br>Nashville, Tennessee 37202<br>P. 615-741-7932<br>Ashley.Carter@ag.tn.gov<br>Jeffrey.cadle@ag.tn.gov<br>Jessica.davis@ag.tn.gov<br><br>***Attorney for Dale Lynn*** | |

*/s/ Anthony A. Orlandi*
Anthony A. Orlandi

7