BIANCA CLAYBORNE, individually and )
As parent and next friend of minors, J.C., )
D.W., L.W., A.C., and P.C. )      4:24-CV-00012-DCLC-MJD
)
         Plaintiffs, )
   v. )
)
RUBEN BASALDUA, et al. )
)
         Defendants )

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Dismiss under Fed.R.Civ.P. 12(b)(6) for failure to state a claim filed by Defendant Dale Lynn [Doc. 137]. Plaintiffs have filed a Response in Opposition [Doc. 158], to which Defendant Lynn has replied [Doc. 160]. For the reasons set forth below, the motion is **GRANTED IN PART** on Lynn's request for absolute immunity and **DENIED IN PART** on all other grounds.

## I.      BACKGROUND

Plaintiffs' claims arise from a February 17, 2023 traffic stop that ultimately led to the removal of Clayborne's children by the Tennessee Department of Children Services ("DCS"). As relevant here, Plaintiffs allege that Defendant Dale Lynn, a DCS supervisor, was not physically present at the scene but nonetheless directed and ratified other actions taken by DCS personnel and law enforcement. [Doc. 92, ¶¶ 679, 731]. Specifically, Plaintiffs allege that Lynn (1) authorized the investigation and removal of the children without a valid court order, (2) contacted law enforcement to assist in seizing the children, (3) acknowledged that no court order had been obtained at the time of removal, (4) made false or incomplete representations to a judge to secure

1

post hoc authorization, and (5) arranged for a written order to be prepared after the removal had already occurred. [Doc. 92, ¶ ¶ 303-305, 329, 405, 695, 743(d), (f)].

Lynn contends he was not physically present at the jail, did not interact directly with Plaintiffs, and that the relevant removal decisions were made by the juvenile court and law enforcement officers – not him.  Accordingly, he has filed his Motion to Dismiss [Doc. 137]. Defendant Lynn raises three issues in his Motion to Dismiss: (1) Whether Plaintiffs plausibly allege Lynn's personal involvement, authorization, approval, or knowing acquiescence in the alleged constitutional violations—including Fourth Amendment seizures, state false imprisonment, a compelled urine test, and First Amendment retaliation—where Lynn was not physically present at the jail and some allegations are pled upon information and belief; (2) Whether Plaintiffs' procedural and substantive due process claims are barred by absolute immunity or qualified immunity, given that Lynn allegedly contacted a judge to seek removal of the children and facilitated removal pursuant to a purported verbal order without pre-removal process or exigent circumstances; and (3) Whether Plaintiffs' references to "DCS Defendants" constitute impermissible group pleading warranting dismissal as to Lynn.

## II.    LEGAL STANDARD

Fed.R.Civ.P. 12(b)(6) permits dismissal of a complaint that fails "to state a claim upon which relief can be granted."  Fed.R.Civ.P. 12(b)(6).  To determine whether the Complaint states a claim upon which relief may be granted, the Court reviews for whether it alleges sufficient facts "to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A viable claim is stated under 42 U.S.C. § 1983 if the Complaint plausibly alleges (1) a deprivation of a constitutional or other

2

federal right, and (2) that the deprivation was caused by a "state actor." *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

At this stage in the proceedings, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 181 (2024) (quoting *Iqbal*, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." *Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan*, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted).

## III.     ANALYSIS

### A.     Adequacy of the Pleading and grouping liability

Defendant Lynn argues that the FAC relies on improper group pleading and allegations made on just information and belief.  He claims he is improperly grouped in the "DCS Defendants."  Although some allegations are pled upon information and belief, Plaintiffs explain that those matters concern off-scene communications and supervisory decisions uniquely within Defendants' knowledge.  The FAC also identifies specific conduct allegedly taken by Lynn— including calls to law enforcement and the judge, facilitation of removal under a purported verbal order, and instructions to prepare a written order afterward.

These allegations plausibly connect Lynn to the events giving rise to the challenged seizures and removals, even though he was not physically present at the scene.  Similarly, Plaintiffs' references to the "DCS Defendants" do not constitute improper group pleading where the complaint separately identifies Lynn's specific actions and explains how those actions relate to the asserted claims.  Accordingly, dismissal on pleading sufficiency or group-pleading grounds is not warranted.

## B. Fourth Amendment/False Imprisonment Claims

Lynn has moved to dismiss Counts III, IV.A, and B., and V. He argues that he could not be liable for Plaintiffs claims in these counts because he was not personally present during the events at led to the allegations. While it may be true that he was not personally present, Plaintiffs allege that Lynn enlisted law enforcement to seize Clayborne's minor children, that he approved or ratified their continued detention, that he facilitated the removal of the children before DCS even had a valid court order and that he authorized or approved the attempt to compel Clayborne to undergo a urine screening.

Section 1983 liability cannot be based solely on the right to direct or control the employees or on the theory of respondeat superior. *See Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016). But a defendant may be liable where he "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Thus, personal presence is not required where a defendant is alleged to have authorized, directed, approved, or knowingly acquiesced in unconstitutional conduct. *Id.*

Accepting these allegations as true, Plaintiffs plausibly state claims for supervisory liability under § 1983 and for state false imprisonment based on coordinated action resulting in Clayborne's alleged unlawful restraint. At this stage, the facts surrounding Lynn's involvement are best "fleshed out during discovery and are not appropriate to resolve at the motion-to-dismiss posture." *Guertin v. State*, 912 F.3d 907, 927 (6th Cir. 2019). The motion to dismiss Counts III, IV.A, IV.B, and V is therefore **DENIED**.

## C. First Amendment Retaliation Claim – Count IX

To prevail on a First Amendment retaliation claim, Plaintiffs "must show that (1) [they]

4

engaged in constitutionally protected speech or conduct; (2) an adverse action was taken against [them] that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the adverse action was motivated at least in part by [their] protected conduct." *Noble v. Cincinnati & Hamilton Cnty. Pub. Library*, 112 F.4th 373, 380 (6th Cir. 2024) (quoting *Bennett v. Metro Gov't of Nashville & Davidson Cnty.*, 977 F.3d 530, 537 (6th Cir. 2020)).

In their FAC, [Doc. 92, ¶¶ 783-93], Plaintiffs allege Clayborne exercised her right not to speak with DCS personnel and to object to the removal of her children. They further allege that, in response, Defendants—including Lynn—caused the family to be seized and the children removed.

Plaintiff alleged that the DCS Defendants lacked probable cause and had no reasonable basis to believe that exigent circumstances justified removing the children from her custody. Instead, Plaintiff claims the Defendants acted in retaliation for her exercise of her constitutional rights, including her First Amendment rights and that the DCS Defendants acted intentionally, maliciously, or with callous disregard for Clayborne's and her children's constitutional rights.

These allegations plausibly plead protected conduct, adverse action, and retaliatory motive. Lynn's lack of physical presence does not preclude liability where Plaintiffs allege his supervisory actions triggered the challenged conduct. The motion to dismiss Count IX is **DENIED**.

**D.      Procedural and Substantive Due Process (Counts VII and VI)**

**1.  Absolute and Qualified Immunity**

Lynn contends that he is entitled to either absolute prosecutorial immunity or qualified immunity from the due process claims as his only conduct relevant to these claims was his phone call with Judge Perry.

Absolute immunity applies to social workers acting in their capacity as legal advocates when initiating court proceedings. *Holloway v. Brush*, 220 F.3d 767, 775 (6th Cir. 2000). And while the FAC alleges that Lynn acted ultra vires by calling Judge Perry to obtain a removal order without providing sworn testimony or filing a petition as Tennessee law requires, the Sixth Circuit has acknowledged that a social worker who wrongfully seeks an ex parte order of removal from a judge is acting pursuant to their role as legal advocates and is entitled to absolute immunity. *Hancock v. Miller*, 852 F. App'x 914, 923 n.6 (6th Cir. 2021). Thus, Lynn's specific action in calling Judge Perry to obtain the removal order is entitled to absolute immunity; however, the FAC raises additional allegations against Lynn that are not subject to such immunity.

The FAC alleges that Lynn authorized, approved, directed, and ratified the actions of the DCS workers in physically removing the children from Clayborne despite knowing that DCS did not have a valid order of removal from the Court. [Doc. 92, ¶¶ 387-90, 679]. Social workers are not entitled to absolute immunity in the execution of a removal order when "that order would not have been issued but for known falsities that the social worker provided to the court to secure the order." *Brent v. Wayne Cnty. Dep't of Hum. Servs.*, 901 F.3d 656, 685 (6th Cir. 2018). Plaintiffs have alleged that Lynn supplied information to Judge Perry that was false or materially incomplete to procure his verbal order. [Doc. 92, ¶¶ 329, 391]. Thus, Lynn is not entitled to absolute immunity for his actions in authorizing the DCS employees who executed the removal order.

Turning next to qualified immunity, this doctrine protects officials from the burdens of litigation where their conduct does not violate clearly established law. But dismissal at the Rule 12(b)(6) stage is generally disfavored where the qualified immunity analysis depends on the resolution of factual disputes. *Hart v. Hillsdale Cnty., Michigan*, 973 F.3d 627, 635 (6th Cir. 2020). At this stage, the Court must accept the well-pleaded allegations in the complaint as true and draw

6

reasonable inferences in Plaintiffs' favor. To overcome qualified immunity, Plaintiffs must plausibly allege (1) a violation of a constitutional right and (2) that the right was clearly established at the time of the conduct. *Moderwell v. Cuyahoga County*, 997 F.3d 653, 659–60 (6th Cir. 2021).

Plaintiffs allege that Lynn and the other DCS Defendants violated their due process rights by removing the children without a valid court order, parental consent, or pre-removal process. In the Sixth Circuit, it has been clearly established that, "in the context of child removal, due process requires, among other things, that 'parents be given notice prior to the removal of the child … stating the reasons for the removal … [and that] [t]he parents be given a full opportunity at the hearing to present witnesses and evidence on their behalf.'" *See Kovacic v. Cuyahoga Cnty. Dep't of Child. & Fam. Servs.*, 724 F.3d 687, 699-700 (6th Cir. 2013) (quoting *Doe v. Staples*, 706 F.3d 985, 990–91 (6th Cir. 1983)).

Whether Lynn is entitled to qualified immunity for his actions depends on disputed factual issues, including Lynn's specific involvement in removing the children. These issues cannot be resolved on a motion to dismiss. Therefore, Lynn's request for absolute immunity is **GRANTED IN PART** and **DENIED IN PART**, and his request for qualified immunity is **DENIED WITHOUT PREJUDICE**.

### 2. Procedural Due Process

To establish a procedural due process violation, a plaintiff must show (1) that she possessed a life, liberty, or property interest protected by The Fourteenth Amendment; (2) that he was deprived of that interest; (3) the State failed to provide constitutionally adequate process before depriving her of that right. *Wedgewood Ltd. P'ship I v. Twp. of Liberty, Ohio*, 610 F.3d 340, 349 (6th Cir. 2010). "[E]ven for temporary deprivations of custodial rights, parents are generally entitled to a hearing 'within a reasonable time.'" *Teets v. Cuyahoga County*, 460 F. App'x 498, 503

7

(6th Cir. 2012)(quoting *Eidson v. Tenn. Dep't of Child. Servs.*, 510 F.3d 631, 635 (6th Cir. 2007)); *Hancock v. Miller*, 852 F. App'x 914, 924 n. 4 (6th Cir. 2021) ("To be sure, a parent may prevail on a procedural due process claim for failure to provide a pre-deprivation hearing before interfering with their family integrity.").

Plaintiffs allege that the children were removed without a verified petition, sworn testimony, written order, or exigent circumstances, as required under Tennessee law governing pre-hearing child removals. [Doc. 92, ¶¶ 422, 430, 433, 479,(d)]; *see* Tenn. Code Ann. §§ 37-1-120 (requiring all petitions to be verified); 37-1-114(a) (requiring a hearing prior to taking a child into custody unless there is probable cause to believe among other things the child is dependent or neglected); 37-1-171 (when a court commits a child to DCS custody, "it shall do so by written order"). They further allege that Lynn facilitated removal based on a purported verbal order obtained through an unsworn, undisclosed call to the general sessions judge, and that the written order was prepared only after the children had already been removed.

Taken as true, these allegations plausibly state that the removal occurred without constitutionally adequate process. The motion to dismiss the procedural due process claim is therefore **DENIED.**

### 3. Substantive Due Process

The Due Process Clause protects against arbitrary government interference with the parent-child relationship. *Bambach v. Moegle*, 92 F.4th 615, 623 (6th Cir.), *cert. denied*, 145 S. Ct. 281, 220 L. Ed. 2d 88 (2024)("where state employees remove children from their parents' care without a valid court order and without either parental consent or pre-removal process, the state workers violate either the Fourth or Fourteenth Amendment—or both."). As noted, Plaintiffs allege that Lynn deliberately facilitated the removal of the children without legal justification and through

misleading communications with the court. Such allegations plausibly describe conduct directed at interfering with family integrity.

At this stage, Plaintiffs have stated a plausible substantive due process claim. The motion to dismiss is **DENIED**.

## IV. CONCLUSION

For the reasons stated above, Defendant Dale Lynn's Motion to Dismiss [Doc. 137] is **DENIED**. Lynn's request for absolute immunity for his act of calling Judge Perry to obtain an ex parte order of removal is **GRANTED**, though he is not entitled to absolute immunity for all his alleged acts. Additionally, his request for qualified immunity is **DENIED WITHOUT PREJUDICE** and will be addressed at summary judgment.

**SO ORDERED:**

s/Clifton L. Corker
United States District Judge

9