| | | |
|---|---|---|
| BIANCA CLAYBORNE, individually and As parent and next friend of minors, J.C., D.W., L.W., A.C., and P.C. | ) ) ) | 4:24-CV-00012-DCLC-MJD |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| RUBEN BASALDUA, et al. | ) | |
| | ) | |
| Defendants | ) | |

**ORDER**

Before the Court is the Motion to Dismiss [Doc. 125] filed by Defendants Coffee County, Tennessee, Officer Alan Crabtree, Chief Deputy Frank Watkins, and Investigators Stephen Sharketti, James Sherrill and Alex Bell ("Coffee County Defendants"). Plaintiffs have responded in opposition [Doc. 145], to which the Coffee County Defendants have replied [Doc. 156]. For the reasons below, the motion [Doc. 125] is **DENIED**.

## I. BACKGROUND

On February 17, 2023, Deonte Williams and Bianca Clayborne were traveling on I-24 through Coffee County, Tennessee along with Clayborne's five children, when Tennessee Highway Patrol Trooper Ruben Basaldua initiated a traffic stop. Williams and Clayborne exited the interstate and pulled into a gas station parking lot [Doc. 92, ¶¶ 78-80]. Additional THP troopers Donnie Clark, Douglas Foster and James Thompson arrived soon after [Doc. 92, ¶ 87].

During the stop, troopers searched the vehicle and discovered about five grams of marijuana in the car and a firearm in Clayborne's purse [Doc. 92, ¶ 99, 103]. Troopers then directed Clayborne to proceed to the Coffee County Jail so that the Tennessee Department of Children's Services ("DCS") could investigate. [Doc. 92, ¶¶ 137-38, 180, 199].

1

Upon arrival at the jail, DCS personnel began assessing whether the children should be removed from Clayborne's custody [Doc. 92, ¶¶ 228-235, 261-91]. Plaintiffs allege that Coffee County officers helped DCS detain Clayborne and her children at the jail. [Doc. 92, ¶¶ 292-312].

Plaintiffs First Amended Complaint alleges two phases of the detention. First, Plaintiffs allege that Coffee County officers detained Clayborne and her children from about 1:11 p.m. until 1:36 p.m. without having consulted a judge [Doc. 92, ¶ 308-10, 346]. Second, Plaintiffs allege that at about 1:36 p.m. a Coffee County officer spoke by telephone with General Sessions Judge Greg Perry, who stated that DCS could "go ahead and let DCS have them." [Doc. 92, ¶ 350]. According to Plaintiffs, officers then separated the children from Clayborne in the jail lobby. [Doc. 92, ¶ 372, 375-378, 384-87].

Based on these allegations, Plaintiffs assert claims under 42 U.S.C. § 1983 for violations of the Fourth Amendment and substantive due process, as well as related state-law claims. The Coffee County Defendants seek dismissal under Fed.R.Civ.P. 12(b)(6) on three grounds: (1) the claims are time-barred by the statute of limitations; (2) the officers are entitled to qualified immunity because their actions were objectively reasonable given the judge's verbal authorization; and (3) the officers are entitled to quasi-judicial immunity because they acted pursuant to a judge's directive.

## II.     LEGAL STANDARD

Fed.R.Civ.P. 12(b)(6) permits dismissal of a complaint that fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). To determine whether the Complaint states a claim upon which relief may be granted, the Court reviews for whether it alleges sufficient facts "to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir.

Case 4:24-cv-00012-DCLC-MJD    Document 302    Filed 03/26/26    Page 2 of 10
PageID #: 4882

2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A viable claim is stated under 42 U.S.C. § 1983 if the Complaint plausibly alleges (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

At this stage in the proceedings, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 181 (2024) (quoting *Iqbal*, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." *Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan*, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). Dismissal on statute-of-limitations grounds or immunity grounds is appropriate only when the complaint itself establishes the defense as a matter of law. *See Crawford v. Tilley*, 15 F.4th 752, 764 (6th Cir. 2021)(dismissal on qualified immunity grounds is appropriate at the Rule 12(b)(6) stage where "plaintiff's complaint … failed to establish a plausible claim." (citing *Ashcroft v. al-Kidd*, 563 U.S. 731, 744 (2011)); *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012)(dismissal under Rule 12(b)(6) appropriate where the allegations of the complaint show that relief is barred by the statute of limitations).

## III.    ANALYSIS

### A.    Statute of Limitations

Section 1983 does not contain its own statute of limitations period but borrows the forum state's statute of limitations for personal injury claims. *Heard v. Strange*, 127 F.4th 630, 633 (6th Cir. 2025).   In Tennessee, the limitations period is one year.  Tenn. Code. Ann. § 28-3-104(a).  The FAC alleges the events at issue occurred on February 17, 2023.  Plaintiffs filed their original complaint on February 8, 2024.   But the Coffee Defendants argue that the claims against

3

Defendants Watkins, Sharketti, Sherrill and Bell are untimely because those individuals were not added to the case until February 2025, far after the limitations period expired.

## 1.      Minor Plaintiffs

Five Plaintiffs are minor children.  Under Tennessee law, the statute of limitations period for claims belonging to minors is tolled until they reach the age of eighteen.  Tenn. Code Ann. § 28-1-106(a).  The parties dispute whether the tolling applies when minors are represented by a next friend.  The County Defendants contend that tolling should not apply once a competent parent has filed suit on the minor's behalf, arguing the rationale for tolling no longer exists in that circumstance.  The First Amended Complaint names the minors as plaintiffs proceeding through a next friend and expressly asserts their claims and pleads tolling as a basis for their complaint being timely.  [Doc. 92, ¶¶ 610-629].

At the motion-to-dismiss stage, the Court's inquiry is limited to whether the pleaded tolling theory is facially plausible. The allegations in the FAC satisfy that standard. Even if the County's legal theory were correct, that would require factual development.  Accordingly, dismissal based on timeliness is unwarranted on the pleadings as to the minor Plaintiffs. The motion is **DENIED WITHOUT PREJUDICE** with respect to the minors' claims, leaving the tolling issue for resolution on a more developed record.

## 2.      Clayborne's Claims

The Coffee County Defendants argue that Plaintiff Clayborne's claims against the later-added officers are time-barred because the amended complaint does not relate back under Federal Rule of Civil Procedure 15(c).  The Sixth Circuit has held that substituting a named defendant for a previously unidentified "John Doe" defendant is not a "mistake" for purposes of Rule 15(c). *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996).

4

But Plaintiffs rely on an independent basis for tolling to apply at this stage. Plaintiffs allege that the County concealed the identities of the officers involved in the incident. Under Tennessee law, fraudulent concealment may toll the statute of limitations when a defendant conceals material information necessary for a plaintiff to identify the responsible party.

The First Amended Complaint ("FAC") alleges several specific acts that Plaintiffs contend prevented them from timely identifying the named Defendants. These include allegations that (a) surveillance footage and call recordings relevant to the incident existed, (b) certain video evidence was overwritten, and (c) a January 23, 2024 public records response from the County misrepresented the existence of responsive records. Plaintiffs allege that these acts constitute affirmative concealment that hindered their ability to discover Defendants involvement and therefore tolled the applicable limitations period under the doctrine of fraudulent concealment.

At the motion-to-dismiss stage, the Court must accept the well-pleaded factual allegations in the FAC as true and draw reasonable inferences in Plaintiffs' favor. Under that standard, allegations that evidence existed, was overwritten, and was later misrepresented in response to a public records request plausibly describe affirmative conduct that could conceal the identity of a responsible party.

In reply, the County argues that Plaintiffs failed to exercise reasonable diligence and that the alleged conduct does not amount to affirmative concealment. Those arguments raise factual disputes over diligence and the nature of the alleged concealment. Such disputes cannot be resolved on the pleadings.

At the pleading stage, these allegations must be accepted as true. The Sixth Circuit has repeatedly held that dismissal based on a statute of limitations is appropriate only where the complaint affirmatively shows that the claim is time-barred. *See Cataldo v. U.S. Steel Corp.*, 676

F.3d 542, 547 (6th Cir. 2012). Accepting the FAC's allegations as true, Plaintiffs have plausibly pleaded fraudulent concealment sufficient to permit the case to proceed as it has.

Accordingly, the motion to dismiss on statute-of-limitations grounds as to Coffee County Defendants is **DENIED WITHOUT PREJUDICE** based on the doctrine of fraudulent concealment. In light of this ruling, the Court need not reach Plaintiffs' alternative theory of equitable tolling now, other than to note that it has been pleaded in the alternative.

**B.      Quasi-judicial Immunity**

The Coffee County Defendants next argue that they are entitled to quasi-judicial immunity because they acted under instructions from Judge Perry. "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). Officials executing a facially valid court order may be entitled to quasi-judicial immunity. *Id.* But the doctrine applies only where an official acts pursuant to a valid court order and within the scope of that order. *Cooper v. Parrish*, 203 F.3d 937, 948 (6th Cir. 2000)("an official is entitled to absolute quasi-judicial immunity when that official acts pursuant to a valid court order….").

Plaintiffs dispute that any valid court order existed. The First Amended Complaint ("FAC") alleges that, under Tennessee law, the removal of children from a parent's custody requires a written order from a juvenile court. Plaintiffs also allege that no such written order was issued here. According to the FAC, the County's own timeline reflects that the relevant communication with the juvenile court occurred by telephone and that the parties proceeded on the understanding that a "verbal order [was] good enough." [Doc. 92, ¶ 360]. Plaintiffs allege that such a verbal statement is not a facially valid court order under Tennessee law.

6

At the motion-to-dismiss stage, the Court must accept the well-pleaded allegations of the FAC as true and draw reasonable inferences in Plaintiffs' favor. Accepting those allegations, the pleadings plausibly assert that no written order existed and that the officers acted without a facially valid court directive.  Plaintiffs also allege that Defendants exceeded the scope of any authorization that may have been communicated during the call. Plaintiffs allege that the directive was limited to allowing the Department of Children's Services ("DCS") to take custody of the children, yet County officers themselves allegedly removed and separated the children. Even assuming the judge's statement constitutes a judicial directive, the scope and meaning of that directive—and whether the officers' subsequent conduct fell within it—cannot be resolved on the pleadings. The alleged statement is informal, conveyed telephonically, and subject to competing interpretations. The record is not sufficiently developed to determine whether the officers were executing a judicial order or acting independently.

Accordingly, the motion to dismiss based on quasi-judicial immunity is **DENIED WITHOUT PREJUDICE** as to the claims arising after the alleged telephone call. The issue may be revisited at summary judgment.

C.      **Qualified Immunity**

Qualified immunity protects officials from the burdens of litigation where their conduct does not violate clearly established law.  But dismissal at the Rule 12(b)(6) stage is generally disfavored where the qualified immunity analysis depends on the resolution of factual disputes. *Hart v. Hillsdale Cnty., Michigan*, 973 F.3d 627, 635 (6th Cir. 2020).  At this stage, the Court must accept the well-pleaded allegations in the complaint as true and draw reasonable inferences in Plaintiffs' favor.  To overcome qualified immunity, Plaintiffs must plausibly allege (1) a violation

7

of a constitutional right and (2) that the right was clearly established at the time of the conduct. *Moderwell v. Cuyahoga County*, 997 F.3d 653, 659–60 (6th Cir. 2021).

Plaintiffs allege that County officers seized the children without a facially valid court order. The FAC further alleges that the officers relied on a verbal directive rather than a written juvenile court order, and that such reliance was objectively unreasonable under the circumstances. The FAC also alleges that, prior to and during the relevant telephone call with the juvenile court, officers expressed contemporaneous concern about potential civil-rights liability arising from the contemplated seizure.

Accepting these allegations as true, Plaintiffs have plausibly alleged a seizure without lawful authority, sufficient to state a violation of the Fourth Amendment. *See United States v. Sykes*, 65 F.4th 867, 878 (6th Cir. 2023) ("Extended seizure without justification can give rise to a Fourth Amendment violation."). At this stage, Plaintiffs have also plausibly alleged that the unlawfulness of such conduct—removing children from a parent without a valid court order or exigent circumstances—was clearly established. Defendants' arguments to the contrary depend on their characterization of the judge's alleged verbal directive and the reasonableness of their reliance on it. Those issues cannot be resolved on the pleadings.

Accordingly, Defendants' motion to dismiss based on qualified immunity with respect to the alleged post-call seizure is **DENIED WITHOUT PREJUDICE**. The issue may be revisited on a more developed factual record at the summary judgment stage.

### D.     Pre-Call Conduct and Substantive Due Process Claims

Plaintiffs contend that Defendants' motion to dismiss does not meaningfully address claims arising from conduct that allegedly occurred before the 1:36 p.m. telephone call with the juvenile court, nor does it address Plaintiffs' substantive due process theory. [Doc. 145, pg. 2]. The County

8

responds that its motion was intended to apply globally to all claims asserted in the First Amended Complaint. [Doc. 156, pg. 5-6].

A review of the County's briefing indicates that its principal immunity arguments, both quasi-judicial and qualified, depend on the officers' alleged reliance on the judicial directive. Those arguments assume that the challenged conduct occurred under, or in reliance on, judicial authorization.

But Plaintiffs allege that certain seizure-related conduct occurred before the 1:36 p.m. call with the juvenile court. Accepting those allegations, any conduct predating that call could not have been undertaken relying on any judicial directive allegedly obtained during the call. The County's immunity arguments, as presented, do not account for this time differential.

The same deficiency applies to the Plaintiffs' substantive due process claim. The County's motion does not separately analyze that claim or identify another basis for dismissal other than its reliance on the claim that they acted on the judge's verbal order. As a result, the motion does not provide a developed argument for dismissing either (1) claims arising from the alleged pre-call seizure or (2) Plaintiffs' substantive due process theory.

Accordingly, the motion to dismiss is **DENIED** with respect to Plaintiffs' claims arising from the alleged pre-call seizure and their substantive due process theory. This ruling is without prejudice to the County raising more targeted arguments addressing those claims at a later stage, should it choose to do so.

### E. Meet and Confer Requirement

Plaintiffs request that the Court deny or strike the County's motion on the ground that the County violated the applicable meet-and-confer requirement and did not file the required certification confirming such consultation. The County acknowledges the absence of a certification

but asks the Court either to excuse the omission or to permit the filing of a certification and refiling of the motion if necessary.

The Court has discretion in addressing noncompliance with meet-and-confer requirements. In appropriate circumstances, courts may excuse technical noncompliance where further conferral would be futile or where the parties have already fully briefed the issues such that striking the motion would serve little practical purpose. The motion has been fully briefed, and the issues presented concern legal arguments that would not likely have been resolved through additional conferral. Under these circumstances, requiring refiling of the motion would add delay without meaningfully advancing resolution of this case dispute. Plaintiffs' request to strike the motion is **DENIED**.

        **SO ORDERED:**

s/Clifton L. Corker          
United States District Judge