# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## AT WINCHESTER

| | |
|---|---|
| BIANCA CLAYBORNE, individually and as parent and next friend of minors J.C., D.W., L.W., A.C., and P.C., | ) ) ) |
| | ) **Case No.: 4:24-cv-00012** |
| Plaintiff, | ) |
| | ) **District Judge Clifton L. Corker** |
| v. | ) **Magistrate Judge Michael J. Dumitru** |
| | ) |
| RUBEN BASALDUA, et al., | ) **JURY DEMANDED** |
| | ) |
| Defendants. | ) |

## MOTION TO SET HANDELMAN DEPOSITION FOR EVIDENCE

Plaintiffs' expert Jessica Handelman was available for the original trial date of May 5, but due to an invasive medical procedure is unavailable on the reset trial date of May 19. Plaintiffs respectfully move for leave to set Ms. Handelman for a deposition for evidence by April 23. Plaintiffs asked for Defendants' position on the motion. The County Defendants have not responded with their position. All other Defendants object to setting her deposition at all.

## BACKGROUND

On March 7, 2025, Plaintiffs timely disclosed Jessica Handelman as an expert. As to the non-Settling Defendants, she offers opinions about (1) liability as it relates to Dale Lynn; and (2) general causation and foreseeability opinions.[1] All Defendants deposed Ms. Handelman on June 12, 2025.

On August 27, 2024, the Court issued a Scheduling Order. (Dkt. 56.) In relevant part, in ¶ 5(h), the Court required that all depositions for evidence be completed 30 days before the pretrial conference. On May 1, 2025, the Court reset the trial to May 5, 2026, and reset the pretrial conference to April 21, 2026. (Dkt. 134.) The Order stated that, "[u]nless expressly modified herein, all provisions of the Court's prior Scheduling Order shall remain in effect." (*Id.* at 1.) On March 3, 2026, Defendant Dale Lynn moved to modify the case schedule (Dkt. 274.) On March 5, the Court granted that Order, reset the trial to May 19, and reset the pretrial conference to May 5. (Dkt. 275.) By resetting the pretrial conference to May 5, the Court effectively reset the deadline to take depositions for evidence to April 6.

Plaintiffs' expert, Jessica Handelman, was available on the original May 5 trial date. However, she is unavailable for the reset trial beginning on May 19 because she has an invasive

---

[1] *See* Dkt. 236.

1

surgery that week, followed by significant recovery time. Ms. Handelman's earliest availability to testify is not until April 7 in Colorado (where she is located).

Plaintiffs contacted Defendants to inform them of Ms. Handelman's unavailability for trial and to seek to schedule her trial deposition by agreement after April 6 because she could not be available until April 7 at the earliest. Plaintiffs indicated that for anyone who could not attend in person, Plaintiffs would make a Zoom option available. Plaintiffs asked Defendants whether any dates in April would not work for her trial deposition. Various Defendants objected to setting her deposition and none provided their availability.[2]

## **ARGUMENT**

Rule 32(a)(4) sets out the circumstances under which a court may find that a witness is "unavailable" so that a deposition can be used at trial. In relevant part, this includes where a witness "cannot attend or testify because of age, illness, infirmity, or imprisonment" (Fed. R. Civ. P. 32(a)(4)(C)) or where the Court finds, "on motion and notice, that exceptional circumstances make it desirable – in the interest of justice and with due regard to the importance of live testimony in open court – to permit the deposition to be used." (Fed. R. Civ. P. 32(a)(4)(E).) Also, under Rule 16(b)(4), a court's scheduling order may be modified by a showing of good cause. The primary measure of good cause is the moving party's diligence in attempting to meet the case management order's requirements.[3] In addition, a determination of the potential prejudice to the nonmovant is required when a district court decides whether or not to amend a scheduling order."[4]

---

[2] As of the time of filing this Motion, Plaintiffs had not received a response from the County Defendants.

[3] *See Sawyer v. DRTC Turkey Creek, LLC*, 2021 WL 6497040, at *1 (citing *Inge v. Rick Fin. Corp.*, 281 F. 613, 625 (6th Cir. 2002)).

[4] *Sawyer*, 2021 WL 6497040, at *1 (citing *Leary v. Daeschner*, 349 F.3d 888, 907 (6th Cir. 2003)).

2

Here, Ms. Handelman is unavailable for trial due to an invasive surgery. This meets the criteria for unavailability under Rule 32(a)(4)(C) as to "illness" or "infirmity." Also, it would serve the interest of justice for Plaintiffs to be able to present Handelman's direct testimony to the jury. Otherwise, Plaintiffs would be deprived of her as a testifying expert. All Defendants already deposed Ms. Handelman, so they had a full and fair opportunity to (and in fact did) cross-examine her concerning her opinions.

There is good cause under Rule 16 to modify the scheduling order to give Plaintiffs leave to depose Ms. Handelman on April 23. Plaintiffs and Ms. Handelman had long scheduled for her to be available on the May 5, 2026 trial date – which the Court had set in its August 2025 Order. Through no fault of Ms. Handelman or Plaintiffs, Ms. Handelman is unavailable on the reset trial date. Also, given the short notice, the earliest date that she could appear for a deposition for evidence before trial was April 7 – just one day after the April 6 deadline reset by the Court. To accommodate Defendants, Plaintiffs can offer multiple dates in April for Ms. Handelman to testify in April. Permitting her to testify in that time frame – rather than by April 6 – will not unduly prejudice any party.

**<u>CONCLUSION</u>**

For these reasons, Plaintiffs respectfully request that the Court permit Plaintiffs to depose Ms. Handelman in April.

3

Dated: March 31, 2026

Respectfully submitted,

*/s/ Anthony A. Orlandi*
Tricia R. Herzfeld (#26014)
Anthony A. Orlandi (#33988)
Benjamin A. Gastel (#28699)
Jeff Preptit (#38451)
**HERZFELD SUETHOLZ GASTEL LENISKI
AND WALL, PLLC**
1920 Adelicia St., Suite 300
Nashville, TN 37212
Telephone: (615) 800-6225
tricia@hsglawgroup.com
tony@hsglawgroup.com
ben@hsglawgroup.com
jeff@hsglawgroup.com

Abby R. Rubenfeld
**Rubenfeld Law Office, PC**
810 Dominican Drive, Ste. 215
Nashville, TN 37228
Telephone: (615) 386-9077
arubenfeld@rubenfeldlaw.com

*Attorneys for Plaintiffs*

4

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served on this 31st day of March 2026 by the Court's CM/ECF system which electronically served a copy to all counsel of record:

| | |
|---|---|
| Jeffrey R Thompson<br>Gina Sarli Vogel<br>Grant A. Carringer<br>**Lewis Thomason, P.C.**<br>900 South Gay St., Ste. 300<br>P.O. Box 2425<br>Knoxville, TN 37901<br>865-546-4646<br>jrthompson@lewisthomason.com<br>gvogel@lewisthomason.com<br>GCarringer@LewisThomason.com<br><br>***Attorneys for Coffee County Tennessee and Officer Crabtree*** | Daniel J. Ripper<br>Chloe Kennedy<br>Isabella Bombassi<br>**Luther Anderson PLLP**<br>P.O. Box 151<br>Chattanooga, Tennessee 37402<br>(423) 756-5034<br>dan@lutheranderson.com<br>cek@lutheranderson.com<br>bib@lutheranderson.com<br><br>***Attorney for Katlyn Pelham*** |
| Meghan Murphy<br>Peako Jenkins<br>Dawn Jordan<br>**Office of the Tennessee Attorney General**<br>P.O. Box 20207<br>Nashville, Tennessee 37202<br>Phone (615) 253-3890<br>meghan.murphy@ag.tn.gov<br>Peako.Jenkins@ag.tn.gov<br>Dawn.jordan@ag.tn.gov<br><br>W. Adam Izell<br>**Law Office of W. Adam Izell, PLLC**<br>P.O. Box 4386<br>Chattanooga, TN 37405<br>Telephone: (423) 888-3022<br>adam@chattlawyer.com<br><br>***Attorneys for Ruben Basaldua, Donnie Clark, Douglas Foster, and James Thompson*** | Kristin Ellis Berexa<br>Grace Patton<br>**Farrar\|Bates\|Berexa**<br>12 Cadillac Drive, Ste. 480<br>Brentwood, TN 37207<br>Telephone: (615) 254-3060<br>kberexa@fbb.law<br>gpatton@fbb.law<br><br>***Attorneys for Montana Medina*** |
| Arthur F. Knight III<br>**Law Office of Arthur F. Knight III**<br>3248 Tazewell Pike, Suite 103<br>Knoxville, TN 37918<br>P: (865) 252-0430 | Thomas Hickey, Jr.<br>Rafael E. Camacho<br>Nicholas C. Stevens<br>**SPICER RUDSTROM PLLC**<br>537 Market St., Ste. 203 |

5

| | |
|---|---|
| arthur@arthurfknightlaw.com<br><br>**Attorney for Erica Wright-Gilliam** | Chattanooga, TN 37402<br>P: 423-541-9809<br>thickey@spicerfirm.com<br>rcamacho@spicerfirm.com<br>nstevens@spicerfirm.com<br><br>**Attorney for Kathleen Velez** |
| E. Ashley Carter<br>Jeffrey B. Cadle<br>Jessica Davis<br>**Office of Tennessee Attorney General**<br>P.O. Box 20207<br>Nashville, Tennessee 37202<br>P. 615-741-7932<br>Ashley.Carter@ag.tn.gov<br>Jeffrey.cadle@ag.tn.gov<br>Jessica.davis@ag.tn.gov<br><br>**Attorney for Dale Lynn** | |

*/s/ Anthony A. Orlandi*
Anthony A. Orlandi

6