## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## AT WINCHESTER

| | | |
|---|---|---|
| BIANCA CLAYBORNE, individually and as parent and next friend of minors J.C., D.W., L.W., A.C., and P.C., | ) ) ) | |
| | ) | Case No.: 4:24-cv-00012 |
| Plaintiff, | ) | |
| | ) | District Judge Clifton L. Corker |
| v. | ) | Magistrate Judge Michael J. Dumitru |
| | ) | |
| RUBEN BASALDUA, et al., | ) | JURY DEMANDED |
| | ) | |
| Defendants. | ) | |

## RESPONSE IN OPPOSITION TO BASALDUA'S MOTION *IN LIMINE* CONCERNING ALLEGED RETALIATION AGAINST WILLIAMS

Basaldua was the officer in charge of the scene.[1] About two hours into the traffic stop, he and the other Troopers concluded that it was in the family's best interest for Bianca Clayborne and her five small children to stay together. Accordingly, Basaldua approved a plan to issue a misdemeanor citation to Clayborne in lieu of arrest, so that she and her children would be free to go and would not have to meet with DCS at the jail. However, just before implementing the plan, Basaldua lost his composure. Williams was in the back seat of Basaldua's vehicle complaining about the legality of the Troopers' conduct. Basaldua told Williams: "You want to be quiet? Because I could take her to jail and get the kids . . . You need to be quiet, okay? Because you want to her to go jail too, if you keep your mouth up, okay"? A few minutes after Basaldua threatened to re-involve DCS for an improper purpose, Clark told Basaldua that Clayborne would have to meet with DCS after all.[2] Basaldua did not question this change in the plan and approved it.[3] The Troopers then escorted Clayborne to meet with DCS at the jail. DCS removed the children.

Both before and after threatening to remove the children for an improper purpose, Basaldua's bodycam audio was off. During the stop, he and other Troopers also often turned off their volume (or the entire video feed) while talking to each other. Many of their discussions are missing or incomplete. They all claim not to recall anything said to each other during those gaps.

---

[1] *See* Dkt. 231, THP Resp. to Fact #7 ("Undisputed"); *see also* Foster Dep. at 37:23-38:3 ("Q: So is he [Basaldua] the one in charge of the scene? A: Yes. Q: And he is the one who ultimately makes decisions on what happens at that scene with those individuals? A: Yes.").

[2] In their motion, THP Defendants characterize Basaldua's statements as an "alleged" threat. However, Basaldua admitted at deposition that what he said was a threat and that it was improper. THP Defendants also assert that these threats are irrelevant because they were directed against Williams. However, the threat he made was to take actions against Clayborne and the children.

[3] Basaldua Bodycam (Basaldua: "[H]ave her this sign this [referring to property receipt], and then she can leave, or is she going to follow us to the jail"? Clark: She'll have to follow us down there because-- Basaldua: Okay. Clark:--DCS. Basaldua: Okay. . . . Clark: I'll have her follow me. Basaldua: Okay.")

1

The threats that Basaldua made are relevant and admissible. First, they are relevant to causation because they show that (a) Basaldua understood that if the Troopers brought Clayborne to meet with DCS at the jail, it was foreseeable that DCS would remove the children; and (b) as the officer in charge of the scene, he approved a change in plans by which the Troopers enabled that to happen. Second, Basaldua's motivation is relevant to (a) the substantive due process claim because it tends to show that his actions were motivated by an improper purpose rather than a necessary and compelling governmental purpose; (b) whether punitive damages should be awarded because it shows that Basaldua's actions were, at a minimum, done in reckless disregard for the family's constitutional right to family integrity and the family's Fourth Amendment right to be free to leave once the citation was issued; and (c) it would undermine any attempt by Basaldua to prove that qualified immunity applies. Third, the jury could reasonably conclude that, during the gaps in audio that the Troopers intentionally created, the Troopers had additional unrecorded discussions about their motivation for requiring Clayborne to meet with DCS that were consistent with Basaldua's statement.

Basaldua contends that, for purposes of FRE 403, admitting this evidence would confuse the jury into believing that Basaldua physically removed the children or interacted directly with DCS. However, Plaintiffs will not be asserting that Basaldua physically removed the children or that he interacted directly with DCS, and those two points can made through direct questioning.

For these reasons, Plaintiffs respectfully request that the Court deny Basaldua's motion.

2

Dated: April 2, 2026

Respectfully submitted,

*/s/ Anthony A. Orlandi*
Tricia R. Herzfeld (#26014)
Anthony A. Orlandi (#33988)
Benjamin A. Gastel (#28699)
Jeff Preptit (#38451)
**HERZFELD SUETHOLZ GASTEL LENISKI
AND WALL, PLLC**
1920 Adelicia St., Suite 300
Nashville, TN 37212
Telephone: (615) 800-6225
tricia@hsglawgroup.com
tony@hsglawgroup.com
ben@hsglawgroup.com
jeff@hsglawgroup.com

Abby R. Rubenfeld
**Rubenfeld Law Office, PC**
810 Dominican Drive, Ste. 215
Nashville, TN 37228
Telephone: (615) 386-9077
arubenfeld@rubenfeldlaw.com

*Attorneys for Plaintiffs*

3

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a copy of the foregoing document was served on this 2nd day of April 2026 by the Court's CM/ECF system which electronically served a copy to all counsel of record:

| | |
|---|---|
| Jeffrey R Thompson<br>Gina Sarli Vogel<br>Grant A. Carringer<br>**Lewis Thomason, P.C.**<br>900 South Gay St., Ste. 300<br>P.O. Box 2425<br>Knoxville, TN 37901<br>865-546-4646<br>jrthompson@lewisthomason.com<br>gvogel@lewisthomason.com<br>GCarringer@LewisThomason.com<br><br>***Attorneys for Coffee County Tennessee and Officer Crabtree*** | Daniel J. Ripper<br>Chloe Kennedy<br>Isabella Bombassi<br>**Luther Anderson PLLP**<br>P.O. Box 151<br>Chattanooga, Tennessee 37402<br>(423) 756-5034<br>dan@lutheranderson.com<br>cek@lutheranderson.com<br>bib@lutheranderson.com<br><br>***Attorney for Katlyn Pelham*** |
| Meghan Murphy<br>Peako Jenkins<br>Dawn Jordan<br>**Office of the Tennessee Attorney General**<br>P.O. Box 20207<br>Nashville, Tennessee 37202<br>Phone (615) 253-3890<br>meghan.murphy@ag.tn.gov<br>Peako.Jenkins@ag.tn.gov<br>Dawn.jordan@ag.tn.gov<br><br>W. Adam Izell<br>**Law Office of W. Adam Izell, PLLC**<br>P.O. Box 4386<br>Chattanooga, TN 37405<br>Telephone: (423) 888-3022<br>adam@chattlawyer.com<br><br>***Attorneys for Ruben Basaldua, Donnie Clark, Douglas Foster, and James Thompson*** | Kristin Ellis Berexa<br>Grace Patton<br>**Farrar\|Bates\|Berexa**<br>12 Cadillac Drive, Ste. 480<br>Brentwood, TN 37207<br>Telephone: (615) 254-3060<br>kberexa@fbb.law<br>gpatton@fbb.law<br><br>***Attorneys for Montana Medina*** |
| Arthur F. Knight III<br>**Law Office of Arthur F. Knight III**<br>3248 Tazewell Pike, Suite 103<br>Knoxville, TN 37918<br>P: (865) 252-0430 | Thomas Hickey, Jr.<br>Rafael E. Camacho<br>Nicholas C. Stevens<br>**SPICER RUDSTROM PLLC**<br>537 Market St., Ste. 203 |

4

| | |
|---|---|
| arthur@arthurfknightlaw.com<br><br>**Attorney for Erica Wright-Gilliam** | Chattanooga, TN 37402<br>P: 423-541-9809<br>thickey@spicerfirm.com<br>rcamacho@spicerfirm.com<br>nstevens@spicerfirm.com<br><br>**Attorney for Kathleen Velez** |
| E. Ashley Carter<br>Jeffrey B. Cadle<br>Jessica Davis<br>**Office of Tennessee Attorney General**<br>P.O. Box 20207<br>Nashville, Tennessee 37202<br>P. 615-741-7932<br>Ashley.Carter@ag.tn.gov<br>Jeffrey.cadle@ag.tn.gov<br>Jessica.davis@ag.tn.gov<br><br>**Attorney for Dale Lynn** | |

*/s/ Anthony A. Orlandi*
Anthony A. Orlandi

5